FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 27 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRADLEY BURCHFIELD**
**Plaintiff,**

**v.**

**ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al.**
**Defendants.**

**Case No. 4:26-cv-00827-LPR**

**Hon. Lee P. Rudofsky**

# PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL, OR ALTERNATIVELY FOR VERIFIED CONFLICT DISCLOSURE AND HEARING

Plaintiff Bradley Burchfield moves under the Court's inherent authority, the governing professional-conduct rules, and the authorities stated in the accompanying brief to disqualify Beixiao Robert Liu, to the extent the live docket confirms his current appearance and affiliation with Balance Law PLLC; and Bart W. Calhoun, Virgina Ashcraft and Brittany Dawn Webb, only if the live docket confirms their current appearances and affiliation with McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff. If the Court concludes that the present record does not yet justify that extraordinary remedy, Plaintiff requests verified disclosures, in camera review of any informed written consent, an opportunity for the affected clients to receive independent advice, a prompt evidentiary hearing, and a short stay of substantive deadlines while the issue is resolved.

Plaintiff does not contend that a litigant can manufacture a conflict merely by suing opposing counsel. The request turns on the particular overlap alleged here: the proposed defendants are the law firms themselves; the challenged conduct concerns a report used in the related Alibaba litigation; and litigation choices in the pending action may affect the firms' own exposure. The complaint's allegations are not presented as adjudicated facts.

## GROUNDS

1. This motion is expressly conditioned on commencement of the new Pulaski County action against Balance Law PLLC and McDaniel Wolff. See Exhibit A attached. A file marked copy can be filed upon request.

2. The counsel targeted by this motion are limited to Beixiao Robert Liu, to the extent the live docket confirms his current appearance and affiliation with Balance Law PLLC; and Bart W. Calhoun, Virgina Ashcraft and Brittany Dawn Webb, only if the live docket confirms their current appearances and affiliation with McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff. Every appearance and affiliation must be verified against the live docket on the filing date.

3. A copy of the SmartLinx report appears in the record removed from Pulaski County case 60CV-26-9730. The present evidence does not establish which person selected, transmitted, or uploaded that copy.

4. In an August 24, 2026, email Liu stated that counsel was willing to consider requested redactions and referred to 'the exhibit we filed. The email is not characterized as a refusal, and that phrase should not be stretched beyond its terms.

5. The supplied attorney report, last updated August 24, 2026, lists Harold Gong twice as lead counsel at a Sacramento address but supplies no firm affiliation, bar number, or admission information. A public docket page reviewed August 26 lists Gong for Alibaba.com US E-Commerce Corp. Those entries establish an appearance, not affiliation with either proposed firm defendant.

6. Virginia Ashcraft is identified with Legal Aid of Arkansas and is not targeted on the present record.

7. Arkansas Rule of Professional Conduct 1.7(a)(2) addresses a significant risk that representation will be materially limited by a lawyer's personal interest; Rule 1.7(b) requires the lawyer

reasonably to believe competent and diligent representation remains possible and requires each affected client to give informed consent confirmed in writing. Rule 1.10 concerns lawyers associated in a firm, and Rule 1.16 requires withdrawal when continued representation would violate the Rules or other law.

8. The advocate-witness rule is secondary, not presumed. Plaintiff seeks relief under Rule 3.7 only if a developed record shows that a particular lawyer's testimony is material, unavailable from another source, and potentially prejudicial to the lawyer's client. Plaintiff does not ask the Court to treat relevance alone as necessity.

## HAROLD GONG: THRESHOLD DISCLOSURE AND CONDITIONAL RELIEF

The present record establishes an appearance by Harold Gong but does not establish that he is associated in either proposed firm defendant. Co-counsel status alone does not make lawyers members of one firm under Rule 1.10. Plaintiff therefore requests a verified threshold record rather than unsupported automatic imputation.

Within seven days, Gong should be ordered to file or lodge a verified declaration stating:

- his full professional name, business address, employer or firm, and every jurisdiction and bar number in which he is admitted, with current good-standing status
- his basis for admission in the Eastern District of Arkansas, including whether he is enrolled under Local Rule 83.5(a)-(c) or appearing pro hac vice under Local Rule 83.5(d), with the pertinent docket entry
- each party he represents in this action and the scope of that representation
- any employment, agency, of-counsel, referral, joint-defense, fee-sharing, or other professional relationship with Balance Law PLLC, McDaniel Wolff, Liu, Calhoun, or Webb relevant to this action
- his nonprivileged role, if any, in obtaining, transmitting, selecting, filing, maintaining, or proposing redaction of the SmartLinx report; privileged material may be logged and offered in camera
- whether he or his employer represents either proposed firm defendant in the new state action or has a personal or financial interest that may materially limit advice to the client identified above
- whether each affected client received adequate conflict disclosure, had an opportunity for independent advice, and gave informed consent confirmed in writing; any writing may be lodged under seal for in camera review

After disclosure and a hearing, Plaintiff requests disqualification if the Court finds a nonconsentable or unwaived Rule 1.7 conflict, firm association supporting Rule 1.10 imputation, or

necessary-witness status under Rule 3.7. If the deficiency is admission or appearance authority rather than an ethical conflict, Plaintiff requests enforcement of the applicable admission rule, including termination or limitation of the appearance until cured. Until the threshold issue is decided, the Court may permit only protective or ministerial acts needed to prevent prejudice.

## REQUEST FOR RELIEF

Plaintiff asks the Court to enter an order:

1. Disqualifying Beixiao Robert Liu, to the extent the live docket confirms his current appearance and affiliation with Balance Law PLLC; and Bart W. Calhoun, Virginia Ashcraft, and Brittany Dawn Webb, only if the live docket confirms their current appearances and affiliation with McDaniel, Wolff, Ward, Calhoun, & Richardson, PLLC d/b/a McDaniel Wolff, but only after confirming the current appearances, affiliations, and conflict predicate on a competent record.
2. Or, alternatively, requiring verified conflict disclosures, lodging any written consents in camera, permitting independent client advice, and conducting a prompt hearing.
3. Staying substantive merits deadlines for the shortest reasonable period necessary to resolve the issue, while allowing emergency protective and ministerial filings.
4. Requiring all parties and counsel to preserve the report, native file, metadata, transmission records, redaction communications, engagement and conflict records, and other potentially relevant nonprivileged evidence.
5. Directing that the unredacted report and any identifying family information not be republished in a public filing absent prior leave and appropriate Rule 5.2 treatment.
6. Requiring Gong's verified disclosure and admission proof, followed by the conditional relief described above.
7. Granting such other narrowly tailored relief as the Court deems just.

## PROPOSED SUPPORTING MATERIALS

- Exhibit A — file-marked complaint commencing the new Pulaski County action against the two firms.

- Exhibit B — current docket/appearance materials establishing each targeted lawyer's present client and firm affiliation.

Respectfully submitted,

**BRADLEY BURCHFIELD, Pro Se**
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
479-223-0038
burchfieldbradley123@gmail.com
Date: 8/27/26
Signature: ______________

**CERTIFICATE OF SERVICE**

I certify that on 8/27/26 I served this filing and its public attachments on all counsel of record by [CM/ECF / eFlex / other authorized method]. Any in camera material was submitted only as ordered.

/s/ Bradley Burchfield