**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.* DEFENDANTS

**ORDER**

United States District Judge D.P. Marshall Jr. has referred this case to me to handle all pretrial matters. (Doc. No. 24.) The Court makes the following rulings on the pending motions.

1. Plaintiff Bradley Burchfield's Motion for Leave to Proceed Under Alter Ego/Piercing-Corporate-Veil Theory and to Require the Proper Alibaba.com Entity to Answer (Doc. No. 3) is DENIED. Plaintiff's theory of the case is a matter for dispositive motions and/or trial, and any properly served defendant must serve a responsive pleading in compliance with the Federal Rules of Civil Procedure.

2. Plaintiff's Expedited Motion to Temporarily Restrict Access and Require a Narrowly Redacted Substitute (Doc. No. 10) is DENIED. As Defendants point out, the information contained in Exhibit 2 to their Notice of Removal is publicly available information, and Defendants have already complied with the redaction requirements of Federal Rule of Civil Procedure 5.2(a). Plaintiff has not established good cause for requiring that the entire exhibit be filed under seal under Rule 5.2(d) or for requiring additional redactions under Rule 5.2(e)(1). Accordingly, the Clerk of Court shall unseal the already redacted Exhibit 2 to Doc. No. 1; consistent with Rule 5.2(e)(2), nonparty electronic access to the exhibit should be limited to court users as in *Bradley Burchfield v. Alibaba Group Holding Limited*, No. 4:26-cv-00826-DPM-JJV.

3. Plaintiff's Motion to Require Complete Rule 7.1(a)(2) Citizenship Disclosures and Clarified Rule 7.1(a)(1) Disclosures (Doc. No. 15) is DENIED. Defendants' Corporate Disclosure Statements (Doc. Nos. 8-9) identify any parent corporations and any publicly held corporations owning ten percent or more of their stock, which is all that Rule 7.1(a)(1) requires, and identify the citizenship of entities whose citizenship is attributed to them, which is all that Rule 7.1(a)(2) requires.

4. Plaintiff's Motion to Disqualify Counsel, or Alternatively, for Verified Conflict Disclosure and Hearing (Doc. No. 17) is DENIED. As I previously found in denying a virtually identical motion in the related case, this Motion is frivolous. *See Bradley Burchfield v. Alibaba.com Singapore E-Commerce Pte Limited, et al.*, No. 4:26-cv-00611-DPM-JJV (E.D. Ark. Sept. 1, 2026), at Doc. No. 73.

IT IS SO ORDERED this 30th day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE