FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

**APPLICATION FOR CLERKS ENTRY OF DEFAULT AGAINST ALIBABA GROUP HOLDING LIMITED AND ALTERNATIVE REQUEST FOR A SERVICE DETERMINATION**

Plaintiff Bradley Burchfield requests entry of default against Alibaba Group Holding Limited (AGHL) under Federal Rule of Civil Procedure 55(a) for failure to answer or otherwise defend within the applicable period after removal. The request is directed only to AGHL in this action. If the Clerk cannot determine entitlement from the record because service or the effect of AGHL's participation is disputed, Plaintiff requests referral of those issues to the Court before entry of default.

**The record supporting the application**

1. This action began as Pulaski County District Court Case No. PCSC-26-189 on June 1, 2026, transferred to circuit court as 60CV-26-9730, and was removed on August 13, 2026. AGHL joined the Notice of Removal. ECF No. 1 at 1-2. The complaint names AGHL and alleges non-delivery of a purchase through Alibaba.com and an unsuccessful dispute-resolution process. Id. at 41.

2. The state-court docket included in the removal record contains a June 12 entry recording summons and complaint service on defendant number 3, Alibaba Group Holding Limited, on June 8, 2026, by certified mail. ECF No. 1 at 11. Plaintiff relies on this entry as support for his position that AGHL's duty to respond arose before removal. The entry identifies a service event; it does not resolve the recipient's authority or any legal challenge to service.

3. Plaintiff also discloses the returned papers. ECF No. 1 at 19 contains a notation that the sender is not the agent, and pages 20, 30, and 40 contain returned-mail images and handwritten statements that the complaint was mailed back. The form naming AGHL lists Incorporating Services, Ltd. as an agent. Id. at 41. Plaintiff asks that these materials be considered together. He does not represent that the mailing recipient's authority for AGHL has already been adjudicated.

4. If the June 8 service and receipt of the initial pleading were legally effective, and no later operative service event or extension controls, the longest Rule 81(c)(2) period expired August 20, 2026, seven days after the August 13 removal. The twenty-one-day periods measured from June 8 would have ended June 29. Plaintiff requests a finding establishing the controlling dates before default is entered.

5. The federal docket reviewed through ECF No. 33 lists an answer at ECF No. 4 only for Alibaba.com US E-Commerce Corp. Its attachment expressly identifies that corporation as the answering defendant. The reviewed docket lists no answer or separate Rule 12 motion by AGHL and no extension of AGHL's response deadline. An answer for that separate corporation is not, on its face, AGHL's answer.

6. AGHL has participated: it joined removal at ECF No. 1 and filed its corporate disclosure at ECF No. 8. The removal notice reserves defenses. ECF No. 1 at 6, paragraph 18. Plaintiff therefore does not assert that AGHL never appeared. He contends those filings do not supply the missing responsive pleading and requests a determination whether they nevertheless constitute otherwise defending under Rule 55(a).

7. Counsel's September 8 filing for the U.S. corporation states that, to counsel's knowledge, no other defendant had been served. ECF No. 26 at 1 n.1. ECF No. 30, paragraph 1, states that properly served defendants must respond under the Federal Rules. Plaintiff asks the Court to

resolve the conflict between the June 8 service notation and the contrary service position, rather than assume either position controls.

8. The pending foreign-service request at ECF No. 31 is not a ruling that AGHL was unserved and is not an extension of AGHL's answer deadline. Plaintiff preserves his alternative request for further time to complete service if the Court finds the earlier attempt insufficient. This application does not treat service on counsel in a separate lawsuit as service on AGHL here.

**Requested relief**

a. Enter AGHL's default under Rule 55(a) if the record establishes effective service or waiver, expiration of its response period, and failure to plead or otherwise defend.

b. If those prerequisites require judicial resolution, refer the application to the Court. Request a focused AGHL response identifying its service position, any asserted responsive filing, and any extension, and permit Plaintiff to supplement the summons, mailing return, and evidence of recipient authority.

c. Decide these threshold issues promptly, consistently with Plaintiff's separate request for a ruling on the answer objection. Preserve the pending request for additional service time if further service is required.

No default judgment or dollar award is requested from the Clerk by this application. The accompanying proposed entry is submitted only for use if Rule 55(a)'s requirements are established.

Respectfully submitted,

Dated: 10/15/26, 2026

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se

Current mailing address: 5420 Kavanaugh Blvd #7927

City, state, ZIP: Little Rock, AR 72217

Telephone: 479-223-0038

Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this filing, including any accompanying exhibits or proposed order, by EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________________

Bradley Burchfield

Bradley Burchfield