FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

## BRIEF SUPPORTING RULE 55 RELIEF AGAINST ALIBABA GROUP HOLDING LIMITED

**Entry of default must precede default judgment**

Rule 55(a) permits entry when a party's failure to plead or otherwise defend is established by affidavit or otherwise. The state docket, federal docket, and supporting declaration supply the basis for the present application. Entry of default is distinct from judgment. Plaintiff requests Rule 55(a) relief first; any Rule 55(b)(2) motion must follow an actual entry and satisfaction of the remaining requirements.

AGHL's removal and disclosure filings must be considered. The 2007 Advisory Committee Note to Rule 55(a) recognizes that conduct showing an intent to defend may prevent default even when not tied to a particular procedural rule. Plaintiff's position is that AGHL's participation has not supplied an answer or a Rule 12 response, despite the passage of the asserted deadline. The Clerk or Court must decide whether that conduct nevertheless defeats the requested entry; mere absence of a document titled answer is not the only inquiry.

**The asserted deadline depends on legally sufficient service**

Rule 81(c)(2) requires a defendant that did not answer before removal to answer or present defenses within the longest of three periods: twenty-one days after receipt of the initial pleading, twenty-one days after service of the summons, or seven days after filing of removal. With legally effective June 8 service and receipt, the latest of those dates would be August 20, 2026. The

calculation follows Rule 6(a). No completed default is established merely by adding seven days to removal if service was ineffective.

Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-56 (1999), explains the significance of formal service or waiver and discusses the same service-or-otherwise language in Rule 81(c). Nationwide Engineering & Control Systems, Inc. v. Thomas, 837 F.2d 345, 347-48 (8th Cir. 1988), explains that removal itself does not waive personal-jurisdiction objections, while an already-effective state-law waiver can carry into federal court. The present application identifies no established waiver solely from removal.

The June 12 state entry specifically records service on AGHL on June 8. ECF No. 1 at 11. That is evidence supporting Plaintiff's request, but the returned papers at pages 19-20, 30, and 40 require examination of the recipient's authority and the governing service requirements. Actual notice, a corporation's relation to another defendant, or an attorney's appearance does not alone establish authority to receive original process for AGHL. Any claimed pre-removal service must be evaluated under the applicable service law; post-removal completion is governed by 28 U.S.C. Section 1448 and Rule 4.

The appropriate alternative is a focused ruling establishing whether AGHL was effectively served or waived service, when that occurred, and when its response was due. If the Clerk cannot resolve those legal or factual issues, Plaintiff requests referral to the Court and permission to supplement the actual summons, mailing return, and agency evidence. Plaintiff does not request that a disputed legal issue be resolved through an unsupported ministerial default entry.

**The remaining defendants and prior rulings have separate effects**

ECF No. 4 identifies Alibaba.com US E-Commerce Corp. as the answering party. AGHL is a distinct named defendant. The relief requested here does not depend on striking that

corporation's answer and does not seek default against Alibaba Group (U.S.) Inc., which is a different entity. Nor does it rely on an answer deadline from Case 00611 or 00826.

ECF No. 30 denied the separate alter-ego motion and stated that properly served defendants must respond. It did not enter AGHL's default or establish a particular AGHL service date. Plaintiff requests implementation of the response obligation after the service issue is resolved. The pending request for additional foreign-service time remains an alternative if further service is required; it is not an admission that the June 8 position is abandoned.

**A later judgment requires jurisdiction liability and damages findings**

Because AGHL appeared through counsel, any default-judgment request should proceed under Rule 55(b)(2), with written notice to its representative at least seven days before a hearing. The Court may require evidence of liability and damages. No sum-certain judgment by the Clerk under Rule 55(b)(1) is requested.

Marshall v. Baggett, 616 F.3d 849, 852-55 (8th Cir. 2010), requires a sufficient pleaded basis for liability even after default. The Court must determine its jurisdiction, whether Bradley Burchfield personally owns the asserted claim, and whether the operative pleading supports liability against AGHL. A parent's corporate relationship or a proposed alter-ego theory does not by itself establish liability. Damages must be proved, not presumed from the request for default.

Rule 54(c) limits a default judgment to the kind and amount of relief demanded in the operative pleading. The original small-claims form naming AGHL requests $5,000 plus listed costs. ECF No. 1 at 41. The $3 million settlement demand invoked in the removal notice is not itself an amended complaint or proof of damages. ECF No. 1 at 4-5. Before any monetary award, the Court must determine whether a later operative pleading validly changed the demand and what relief is supported by evidence.

Where the asserted liability depends on common or joint issues with defending parties, the Court should avoid inconsistent adjudications. See Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872); Fed. R. Civ. P. 54(b). Entry of default, if proper, need not produce an immediate separate final judgment. Plaintiff requests a staged determination and any necessary damages hearing, with final judgment deferred when the governing standards require it.

The Court should grant the Rule 55(a) application if its prerequisites are established. If they are not yet established, it should identify and decide the specific service, deadline, or defense issue preventing entry, while preserving Plaintiff's opportunity to supply the required evidence.

Respectfully submitted,
Dated: 10/15/26, 2026
Bradley Burchfield
Bradley Burchfield, Plaintiff pro se
Current mailing address: 5420 Kavanaugh Blvd #7927
City, state, ZIP: Little Rock, AR 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this filing, including any accompanying exhibits or proposed order, by EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________________

______________________________________________________________________

Bradley Burchfield
Bradley Burchfield