FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

**MOTION FOR A RULING ON THE PENDING ANSWER OBJECTION FOR CLARIFICATION OF THE ROLE OF HAROLD GONG AND FOR PRIORITY CONSIDERATION**

Plaintiff Bradley Burchfield, proceeding pro se, requests an express ruling on his July 17, 2026 objection and renewed default request appearing at ECF No. 1, pages 13-18. He also renews a limited request to clarify Harold Gong's professional identity, authority to sign the answer, and service address. Plaintiff asks the Court to resolve these preliminary issues before further substantive merits rulings in this action, subject to any jurisdictional matter that must be decided first.

**The objection awaiting an express ruling**

1. This action began in Pulaski County small claims court as PCSC-26-189 on June 1, 2026, was transferred to circuit court as 60CV-26-9730, and was removed on August 13, 2026. ECF No. 1 at 1-2. The removed record contains Plaintiff's Objection to Untimely and Unserved Answer of Alibaba.com US E-Commerce Corp., Renewed Request for Default Judgment, and Limited-Purpose Notice of Out-of-Court Refund/Settlement Emails. Id. at 13-18. The objection specifically challenges Alibaba.com US E-Commerce Corp.'s answer.

2. The objection alleges certified-mail service on June 8, 2026, a July 8 answer deadline, and filing on July 9 at 13:37:46. Id. at 13-14. ECF No. 4 independently shows the July 9 state-court filing stamp. The answer is dated July 7 and bears an /s/ Harold Gong signature and a certification that a copy was sent to Plaintiff. Plaintiff's sworn declaration states that he did not

receive a served copy and discovered it in the online court record. ECF No. 1 at 17. Plaintiff requests a finding resolving the filing and service issues; he does not treat nonreceipt alone as proof that the certification was false.

3. ECF No. 30, paragraph 1, denied the separate alter-ego motion at ECF No. 3 and stated that properly served defendants must respond under the Federal Rules. That order does not expressly address the July 17 objection, the July 9 filing date, or the requested default relief. Plaintiff asks for a specific ruling. If the Court considers those issues already resolved, he requests identification of the ruling and clarification of its scope. If separate docketing or renewal is required, this motion expressly renews the requests for a ruling, rejection of an unauthorized or unjustifiably late answer, and consideration of default under the applicable procedures.

4. The docket reviewed through ECF No. 33 lists ECF No. 4 as an answer by Alibaba.com US E-Commerce Corp. It does not list a separate answer by Alibaba Group Holding Limited, Alibaba.com Singapore E-Commerce Private Limited, or Zichang New Materials (Shandong) Co., Ltd., or a separately filed post-removal motion to dismiss or motion to remand. Plaintiff recognizes that ECF No. 4 asserts defenses and that a valid pre-removal answer need not be refiled merely because of removal. He requests clarification of which pleading or defense, if any, operates for each defendant and whether that defendant's response deadline has begun or expired. No default finding against an unserved defendant is requested.

**The limited renewed request concerning Harold Gong**

5. The July 17 objection already requested the answer signer's identity and authority. ECF No. 1 at 14-15. The answer gives Gong's name and 7801 Folsom Boulevard, Suite 202, Sacramento, California 95826, the same address identified in Plaintiff's service certificate for the

corporation through Incorporating Services, Ltd. ECF No. 4 at 1; ECF No. 1 at 18. The answer does not identify a law firm, bar number, admission jurisdiction, or corporate position.

6. Plaintiff acknowledges the August 10 declaration identifying the declarant as Kaixuan (Harold) Gong, Legal Counsel of Alibaba.com Singapore E-Commerce Private Limited. ECF No. 1-3 at 2-3, paragraph 1. That disclosure supplies a name and a role for the Singapore entity. It does not state the capacity in which Gong signed the U.S. corporation's answer, his licensing information, or whether he seeks to act as counsel in this federal case.

7. ECF No. 29 records court mail to Harold Gong returned undeliverable, filed September 24 and entered September 28. The returned item uses the same Sacramento address and bears a handwritten instruction to identify the business being served rather than the individual, with an inability-to-forward notation. This supports a practical request for a reliable address and clarification of Gong's role; it does not by itself establish evasion or invalidate service on a corporate registered agent.

8. Plaintiff acknowledges that ECF No. 30, paragraph 4, denied ECF No. 17, including its alternative disclosure request, as frivolous. This motion seeks a narrower prospective clarification tied to ECF No. 4 and the returned court mail. It does not renew the conflict-based disqualification theory. To the extent the earlier order would preclude this limited administrative relief, Plaintiff requests modification only to permit verification of signing authority, professional status, and a usable service address.

**Relief requested**

a. Rule expressly on the objection at ECF No. 1, pages 13-18, and the related default request. Determine the proper service date, filing deadline, legal effect of the July 9 answer, service

of that answer, and any basis for accepting it out of time. If default is warranted, identify or direct the appropriate Rule 55 procedure before any default judgment.

b. If the record is insufficient, require Alibaba.com US E-Commerce Corp., through counsel, to respond within fourteen days of the Court's order with the asserted filing and service dates, supporting nonprivileged records, any extension or leave relied on, and the explanation for the apparent one-day filing delay. Provide Plaintiff an opportunity to respond before the objection is decided.

c. Require the corporation, through its counsel, to provide a declaration from Gong identifying his full professional name; firm or employer when he signed and currently; each claimed licensing jurisdiction, including any foreign jurisdiction, bar or license number and current status; and any basis for appearing as counsel in this Court. If he is not admitted in a U.S. jurisdiction or does not claim a federal appearance, the declaration should say so. Identify whether he signed as an attorney, corporate officer, employee, agent, or another representative, the entity authorizing him, and the applicable basis for representing the U.S. corporation in the small-claims proceeding. No privileged legal advice is requested.

d. Require clarification of whether Gong and the declarant at ECF No. 1-3 are the same person, whom he represents here, why the registered-agent address was used for him individually, and a current business address at which court mail can reach the proper recipient. Direct correction of any inaccurate appearance or contact entry after verification.

e. Clarify separately for each named defendant the operative pleading, service or waiver status, applicable response deadline, any extension, and any paper claimed to constitute a response. Consider the existing service-related filings, including ECF Nos. 27-28 and 31-33, without presuming their legal sufficiency or treating filings in related cases as responses in this case.

f. Give these issues priority before further substantive merits rulings in this action. This is the original small-claims action in this sequence, commenced June 1, before related federal case 00611 was filed June 22. Plaintiff invokes that chronology as a case-management reason, not as a representation that a consolidation order formally designated 00827 the lead docket. If the Court will not defer other merits rulings, Plaintiff alternatively requests a definite schedule for deciding this objection and identification request.

Plaintiff asks for limited sequencing, not an indefinite suspension of the case. Necessary jurisdictional determinations, completion of service, emergency relief, and compliance with existing orders may continue. This filing alone changes no deadline. The accompanying brief explains the governing rules, and a proposed order is submitted for the Court's consideration.

Respectfully submitted,

Dated: 10/15/26, 2026

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
Current mailing address: 5420 Kavanaugh Blvd #7927
City, state, ZIP: Little Rock, AR 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this filing, including any accompanying exhibits or proposed order, by EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________________

Bradley Burchfield
Bradley Burchfield