FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. Case No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE
PRIVATE LIMITED, et al. DEFENDANTS

# BRIEF SUPPORTING THE REQUEST FOR A RULING AND CLARIFICATION OF THE ROLE OF HAROLD GONG

## The Court should identify and decide the preserved objection

The requested ruling concerns an identifiable filing already in the removed record: ECF No. 1, pages 13-18. Its factual basis and requested relief are specified again in the motion, as required by Federal Rule of Civil Procedure 7(b)(1). Rule 16(c)(2)(A), (K), and (P) permits management of issues and pending motions to promote efficient disposition. A separate ruling would establish whether the answer at ECF No. 4 is accepted and what remains of the default request.

ECF No. 30 denied other specified motions. Paragraph 1 addressed Plaintiff's alter-ego theory and the obligation of properly served defendants to respond; paragraph 4 denied the disqualification motion. Plaintiff acknowledges both rulings. He seeks an express decision on the distinct timeliness and service objection, or clarification if the Court intended an existing order to resolve it. Any modification of an interlocutory ruling is requested only to the extent necessary for the limited relief now presented. See Fed. R. Civ. P. 54(b).

## The answer issue requires a ruling under the applicable standards

Arkansas District Court Rule 6(b) requires filing an answer within thirty days after service and service of a copy under Arkansas Rule of Civil Procedure 5(b). The thirty-day period for answers was adopted in In re Arkansas Rules of Civil Procedure, 2011 Ark. 250, and remains in Rule 6(b). The objection alleges June 8 service and a July 8 deadline; ECF No. 4 bears a July 9 filing stamp. Those facts support a request for adjudication, but valid service, any authorized

extension, the governing filing rule, and the consequences of lateness must be determined rather than assumed.

The July 7 date and mailing certification on the answer do not by themselves establish when it was filed with the clerk. Conversely, Plaintiff's nonreceipt does not by itself establish that no copy was mailed. The Court should resolve the dispute using the service record and a factual explanation from the answering defendant. The objection's alternative request for an explanation and an appropriate motion for leave remains pertinent. ECF No. 1 at 15.

Federal Rule 81(c)(1)-(2) governs procedure after removal. Repleading is unnecessary unless ordered. For a defendant that did not answer before removal, Rule 81(c)(2) supplies the applicable response periods, subject to valid service and the other governing rules. Thus, absence of a newly filed federal answer does not itself establish default, and the federal docketing date of the state answer does not erase a preserved challenge to its original timeliness or authority.

Any present request for entry of default or default judgment must satisfy Rule 55, including the sequence of entry and judgment and the notice required for a party that has appeared. Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783-85 (8th Cir. 1998), distinguishes a marginal deadline failure from culpable disregard and considers meritorious defenses and concrete prejudice in reviewing relief from default. A one-day delay does not compel judgment. Plaintiff asks the Court to decide the objection and explain any acceptance of the answer, rather than leave its status unresolved.

**Identification and a usable address are distinct from disqualification**

Local Rule 5.5(c)(1) requires an attorney signing a federal filing to provide identifying and contact information, including an applicable Supreme Court identification number, and to keep the address current. Local Rule 83.5 governs enrollment and limited appearances. These rules

support clarification of who is appearing and how the Court can communicate with that person. They do not establish that the state-court answer was invalid merely because it lacked a federal signature block.

The answer was signed in a small-claims proceeding. The Court should determine the authority applicable to Gong's actual role at that time, including any applicable small-claims representation rules. A corporate title, a witness declaration, a foreign legal qualification, and admission as counsel in this Court are distinct matters. Gong's declaration identifies him as legal counsel for the Singapore corporation; the answer purports to speak for the U.S. corporation. ECF No. 1-3 at 2, paragraph 1; ECF No. 4 at 1-2. Clarifying that relationship would allow the Court to decide the signing-authority objection on evidence.

The renewed request is limited by the September 30 denial of ECF No. 17. It seeks no conflict discovery or automatic disqualification. The returned court mail at ECF No. 29 provides a concrete administrative reason to verify the proper recipient and address. If Gong is only a declarant or former corporate representative and was incorrectly listed as federal counsel, the record should be corrected after notice. If he claims a current appearance, the applicable admission basis should be identified. Privileged communications need not be disclosed to provide these basic facts.

**Priority should be limited to what resolves the uncertainty**

The June 1 commencement of this action supports Plaintiff's request to address its original objection promptly. ECF No. 1 at 1-2. Chronological priority does not itself establish a formal lead-case designation or prevent necessary rulings in related cases. Under Rule 16, the Court can sequence this case's unresolved pleading issues before further merits decisions, or set a prompt schedule if simultaneous consideration is more efficient. Existing deadlines remain effective absent an order changing them.

The docket reviewed through ECF No. 33 contains no separately docketed post-removal motion to dismiss or motion to remand. Local Rule 7.2(e) requires a motion to dismiss and its supporting brief to be separately presented. ECF No. 4 nevertheless asserts defenses, and absence of a dismissal or remand motion does not prevent consideration of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Nor does it prove that the other defendants were properly served. The requested defendant-by-defendant clarification would implement ECF No. 30's direction concerning properly served parties while preserving jurisdictional and service questions.

Plaintiff therefore requests a ruling or a definite decision schedule, the limited verified identification and contact information described in the motion, and priority consideration before further substantive merits rulings where practicable. This request does not extend the time for any objection under Rule 72(a) to a prior magistrate-judge order.

Respectfully submitted,
Dated: 10/15/26, 2026
Bradley Burchfield
Bradley Burchfield, Plaintiff pro se
Current mailing address: 5420 Kavanaugh Blvd #7927
City, state, ZIP: Little Rock, AR 72217
Telephone: 479-223-0038
Email: burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 10/15/26, 2026, I served a true and correct copy of this filing, including any accompanying exhibits or proposed order, by EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201

Additional recipients or authorized service method: ______________________________

________________________________________________________________________

Bradley Burchfield
Bradley Burchfield