**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00827-DPM-JJV |

**DEFENDANT ALIBABA.COM US E-COMMERCE CORP.'S RESPONSE TO PLAINTIFF'S MOTION FOR 240 DAYS TO COMPLETE FOREIGN SERVICE AND LIMITED DEFERRAL OF DISMISSAL RULINGS**

Without waiving any defenses, Defendant Alibaba.com US E-Commerce Corp. responds as follows to Plaintiff's Motion for 240 Days to Complete Foreign Service and Limited Deferral of Dismissal Rulings ("Plaintiff's Motion") (ECF No. 31) and Brief in Support ("Plaintiff's Brief") (ECF No. 32).[1]

***First***, Alibaba.com US E-Commerce Corp. does not oppose Plaintiff's request for additional time to serve the defendants that are located abroad. As for whether Plaintiff should receive 240 days, Alibaba.com US E-Commerce Corp. does not take a position at this time and defers to the Court's judgment regarding that case management issue.

***Second***, Plaintiff asks the Court to defer dismissal rulings until he has effected service of process on the defendants that are located abroad, but no motion to dismiss (or other dispositive

[1] To undersigned counsel's knowledge, service of process has been effected on only one defendant (Alibaba.com US E-Commerce Corp.) in this lawsuit.

motion has been filed in this lawsuit. Accordingly, Alibaba.com US E-Commerce Corp. takes no position, at this time, on Plaintiff's request that the Court defer dismissal rulings in this lawsuit.[2]

***Third***, Plaintiff seeks leave to file various papers attached to the Declaration of Bradley Burchfield ("Burchfield Declaration") (ECF No. 33). Those papers do not need to be filed at this time because they do not go to a ripe, disputed issue requiring a ruling by the Court, as discussed below. Nevertheless, Alibaba.com US E-Commerce Corp. takes no position regarding Plaintiff's request for leave to file the papers attached to the Burchfield Declaration.

***Finally***, Plaintiff's Motion, Plaintiff's Brief, and the Burchfield Declaration make numerous statements about various issues—including but not limited to: (a) what Plaintiff has already allegedly done regarding mailings to foreign defendants; (b) what he intends to do (*ad nauseam* and in excruciating detail) to effect service of process on the foreign defendants; and (c) how he interprets the Hague Convention and other legal requirements for serving defendants located in other countries. And the Burchfield Declaration submits exhibits related to some of those issues. It is unclear why Plaintiff has made those statements and submissions. Perhaps that is "AI slop" generated by a generative artificial intelligence model that lacks the guardrails that would be imposed by an attorney who would know better than to bombard the Court with such unnecessary details about issues that are not ripe for rulings. Maybe Plaintiff seeks advisory rulings from the Court regarding those issues, but that would be improper. The Court should decline to make any rulings about those issues until such time as a ripe, disputed issue is presented by Plaintiff or another party in a proper motion. In any event, Alibaba.com US E-Commerce Corp. should not be required to respond, at this time, on a point-by-point basis to the deluge of unripe issues

[2] Before this lawsuit was removed from state court, it was a small claims court case, and Alibaba.com US E-Commerce Corp. filed an answer during that phase of this lawsuit. At the appropriate time, Alibaba.com US E-Commerce Corp. expects to file a motion for judgment on the pleadings.

presented by Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration (or the exhibits attached to that declaration) that do not require rulings by the Court. The lack of point-by-point rebuttals should not be construed as any admission or concession by Alibaba.com US E-Commerce Corp. as to Plaintiff's statements (whether addressing a factual or legal issue) discussed in general terms in this paragraph.

In conclusion, for the foregoing reasons, the Court should decline to issue any advisory rulings regarding the various other issues and statements made in Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration.

Dated: October 15, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendant Alibaba.com US E-Commerce Corp.*

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*__________
Brittany D. Webb, Ark. Bar No. 2023139