FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 19 2026

TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff
v. Case No. 4:26-cv-00827-DPM-JJV
ALIBABA.COM SINGAPORE E-COMMERCE
PRIVATE LIMITED, et al., Defendants

# MOTION FOR CORRECTIVE SERVICE ON AGHL THROUGH COUNSEL AND IDENTIFICATION OF THE OPERATIVE COMPLAINT OR LEAVE TO AMEND

Plaintiff Bradley Burchfield requests prospective authorization to serve Alibaba Group Holding Limited through its appearing counsel, issuance of federal process, and identification of the complaint to be served. The original small-claims filing is reproduced as Exhibit A. If the Court requires repleading, Plaintiff alternatively requests leave to amend before completing service.

1. Plaintiff corrects his prior position concerning the June 8, 2026 mailing to Incorporating Services Ltd. in Sacramento. That recipient was not an authorized service agent for AGHL in this action. Plaintiff no longer relies on that mailing as sufficient service or as a basis for default against AGHL. Exhibit B reproduces the delivery record; delivery to that recipient does not establish service on AGHL.

2. ECF 40 denied the application for clerk's entry of default at ECF 34 for inadequate proof of service. Exhibit F reproduces the denial. Plaintiff now seeks a prospective cure. To the extent ECF 34's alternative request remains before the Court, Plaintiff asks that the service issue be addressed through this motion rather than a default based on the June 8 mailing.

3. The original filing in PCSC-26-189 identifies AGHL as Defendant 3. Exhibit A reproduces all three supplied pages, including the receipt. The case was transferred to 60CV-26-9730 and removed as 00827. Exhibits C and D identify AGHL as a removing defendant and identify its counsel. The docket also records Bart W. Calhoun's filing of AGHL's corporate disclosure at ECF 8.

4. The removed record contains a motion seeking leave to amend and transfer, ECF 1-1 at 1-3, reproduced as Exhibit E. The present motion does not assume that the three-page original filing is the sole operative pleading or that attaching it replaces a later accepted amendment. Plaintiff

asks the Court to identify the operative complaint, including any amendment accepted in the state proceedings, by docket entry and any necessary page references before further service.

5. Under 28 U.S.C. § 1448 and Rules 4(b), 4(f)(3), 4(h)(2), and 81(c), Plaintiff requests twenty-one days after the Court identifies the pleading and authorizes the method to accomplish this service:

A person at least eighteen years old who is not a party would personally deliver the federal summons directed to AGHL, the operative complaint with its attachments, and the authorizing order to Bart W. Calhoun at McDaniel Wolff PLLC, 1307 West 4th Street, Little Rock, Arkansas 72201. That person would also send identical PDF copies to bart@mcdanielwolff.com and robert.liu@balancelawfirm.com, with a copy to bwebb@mcdanielwolff.com. Plaintiff requests that counsel promptly forward the papers to AGHL through the communication channels used in this representation.

6. Plaintiff requests that the order specify when service is complete and require sworn proof identifying the papers delivered, recipient, dates, and transmission records. The request seeks authorization before service, not retroactive validation. AGHL's response period should be governed by the applicable Federal Rules and the order, without treating its removal as a substitute for valid service.

7. If counsel service is denied, Plaintiff requests the 240-day opportunity for foreign service conditionally requested for AGHL in ECF 31, with an initial status report within thirty days and a compliant transmission or specific obstacle report within sixty days. If Rule 4(m) applies, Plaintiff requests an extension upon the good-cause and, alternatively, excusable-neglect grounds stated in the brief and declaration. He asks that dismissal solely for deficient service be deferred during the period actually allowed.

8. Rule 81(c)(2) ordinarily makes repleading unnecessary. If the Court nevertheless finds a restated complaint necessary, Plaintiff requests leave under Rule 15(a)(2) to file a complete amended complaint within twenty-one days of the order and to complete the authorized counsel service within twenty-one days after that filing. The proposed scope is a federal caption, numbered allegations, clarification of existing claims against the existing defendants, and

correction of the erroneous agent designation. Plaintiff seeks no new party or new transaction through this motion.

9. Plaintiff submits his declaration and Exhibits A-G under Local Rule 7.2(c), and requests express evidentiary leave if the Court requires it. The original filing is an historical exhibit, not a new complaint or a limitation of the relief otherwise properly at issue. ECF 31's requests concerning other defendants are not withdrawn. This motion seeks no stay of merits rulings on grounds independent of service.

Plaintiff requests the foregoing corrective service order, identification of the operative pleading, and alternative leave to amend if the Court requires repleading.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com

Date: 10/19/26, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I served a true and correct copy of this filing, including any accompanying exhibits or proposed order, by EMF/ECF UPLOAD, on the following counsel. Additional service, if required, is identified below.

Bart W. Calhoun, Brittany D. Webb, and Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, Arkansas 72201
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, New York 10007
robert.liu@balancelawfirm.com

Electronic service is certified only for recipients shown as served on the Notice of Electronic Filing. Any additional service required under Rule 5 was made as follows:

Method and date: ____________________
Recipients: ____________________

Bradley Burchfield

## Case No. 4:26-cv-00827-DPM-JJV

## EXHIBIT APPENDIX

Supporting materials for the AGHL service motion and brief. The index distinguishes full copies from excerpts; source docket page numbers remain visible where present.


| Ex. | Document and scope | Pages |
|---|---|---|
| A | **Original small-claims filing — PCSC-26-189**<br>All three pages supplied by Plaintiff: two complaint pages and the attached transaction receipt. Historical copy; the motion requests identification of the operative pleading. | 2–4 |
| B | **Delivery record for the June 8, 2026 Sacramento mailing**<br>Complete one-page supplied record. Plaintiff no longer relies on this mailing as service on AGHL. | 5 |
| C | **Federal Notice of Removal — ECF 1**<br>Excerpt: ECF 1 pages 1, 6, and 7, including counsel's signature and certificate. Other pages and attachments are omitted. | 6–8 |
| D | **Notice of Removal filed in state court — 60CV-26-9730**<br>First three supplied pages: filing cover, notice, and certificate. The attached federal removal papers and their exhibits are omitted. | 9–11 |
| E | **Motion to amend and transfer — ECF 1-1 at 1–3**<br>Complete three-page motion body as reproduced in the removal record (physical source pages 153–155). Attached materials, including any proposed amendment, are omitted. | 12–14 |
| F | **Clerk's denial of request for entry of default — ECF 40**<br>Complete one-page denial dated October 16, 2026. | 15 |
| G | **Alibaba.com US E-Commerce Corp.'s response to service-extension request — ECF 39**<br>Complete four-page response, including signature and certificate. This response is not AGHL's consent. | 16–19 |


Page ranges above refer to this appendix. Source pages are reproduced from the supplied or retrieved PDFs, fitted within the page to allow an identification footer. Opposing filings are reproduced as records, not adopted as true in every respect.

# SMALL CLAIMS COMPLAINT

**Pulaski County District Court**
**3001 West Roosevelt Road**
**Little Rock, Arkansas 72204**
**Phone: 340-6830 Fax: 340-6899**

FILED
06/01/26 11:58:22
L. Wilkins
Pulaski County District Court
Pulaski County Arkansas

CASE # PCSC-26-189

PLAINTIFF Bradley Burchfield

ADDRESS 5420 Kavanaugh Blvd #7927 (HM) PHONE 479-223-0088 (WK)

CITY Little Rock STATE AR ZIP 72217

VS.

DEFENDANT - 1 Alibaba.com Singapore E-Commerce Private Limited

EMPLOYMENT

ADDRESS 51 Bras Basah Rd #01-21 HOME ADDRESS

CITY Lazada One, Singapore 189554 STATE CITY STATE

ZIP PHONE N/A ZIP PHONE

DEFENDANT - 2 Alibaba.com US E-Commerce Corp.

EMPLOYMENT

ADDRESS 525 Almanor Ave. Suite 400 HOME ADDRESS

CITY Sunnyvale STATE CA CITY STATE

ZIP 94085 PHONE 844-292-4741 ZIP PHONE

AGENT OF SERVICE FOR CORPORATION (DEFENDANT'S) A Incorporating Services, Ltd.

ADDRESS 7801 Folsom Blvd. Suite 202 CITY Sacramento STATE CA ZIP 95826

---

AMOUNT OF RELIEF CLAIMED $ 5,000.00 DATE CLAIM AROSE 6/1/2021

FACTS EXPLAINING THIS CLAIM I attempted to purchase a product from Alibaba.com and it was never delivered, see attached receipt. I tried to resolve it through their dispute resolution process and to date it has not been resolved.

Bradley Burchfield
SIGNATURE OF PLAINTIFF

**IMPORTANT: IF YOU FAIL TO FILE A WRITTEN ANSWER WITHIN 30 DAYS FROM THE DATE YOU RECEIVE THIS COMPLAINT, JUDGMENT WILL BE ENTERED AGAINST YOU FOR THE AMOUNT OF THE CLAIM FILED PLUS THE COURT COSTS.**

CLAIM AMOUNT $ 5000.00
FILING FEES $ 105.00
SERVICE FEES $ 75.52 SERVER CM
TOTAL $ 5140.52

# SMALL CLAIMS COMPLAINT

**Pulaski County District Court**
**3001 West Roosevelt Road**
**Little Rock, Arkansas 72204**
**Phone: 340-6830 Fax: 340-6899**

FILED
06/01/26 11:58:38
L. Wilkins
Pulaski County District Court
Pulaski County Arkansas

CASE # PCSC-26-189

PLAINTIFF Bradley Burchfield

ADDRESS 5420 Kavanaugh Blvd #7927 (HM) PHONE 479-223-0058 (WK)

CITY Little Rock STATE AR ZIP 72217

VS.

DEFENDANT - 1 Alibaba Group Holding Limited

EMPLOYMENT

ADDRESS 26/F Tower One, Times Square | Matheson St, Causeway Bay HOME ADDRESS

CITY Hong Kong, China STATE CITY STATE

ZIP PHONE 852-2215-5100 ZIP PHONE

DEFENDANT - 2 Zichang New Materials (SHANDONG) Co, LTD;

EMPLOYMENT

ADDRESS Room A2-907, Xinyuanxin Center HOME ADDRESS

CITY Huaxin Road, Jinan, Shandong, China STATE CITY STATE

ZIP PHONE N/A ZIP PHONE

AGENT OF SERVICE FOR CORPORATION (DEFENDANT'S) Incorporating Services Ltd.

ADDRESS 7801 Folsom Blvd Ste 202 CITY Sacramento STATE CA ZIP 95826

AMOUNT OF RELIEF CLAIMED $ 5,000.00 DATE CLAIM AROSE 6/1/2021

FACTS EXPLAINING THIS CLAIM I attempted to purchase a product from Alibaba.com and it was never delivered, see attached receipt. I tried to resolve it through their dispute resolution process and to date it has not been resolved.

Bradley Burchfield
SIGNATURE OF PLAINTIFF

**IMPORTANT: IF YOU FAIL TO FILE A WRITTEN ANSWER WITHIN 30 DAYS FROM THE DATE YOU RECEIVE THIS COMPLAINT, JUDGMENT WILL BE ENTERED AGAINST YOU FOR THE AMOUNT OF THE CLAIM FILED PLUS THE COURT COSTS.**

CLAIM AMOUNT $ 5000.00
FILING FEES $ 65.00
SERVICE FEES $ 75.52 SERVER CM
TOTAL $ 5140.52

# Receipt

Receipt number: #91906090501027582
Receipt date: 10:41 AM, May 29th, 2026 (PDT)

Marketplace Operator:
**Alibaba.com Singapore E-Commerce Private Limited**
51 Bras Basah Road, #01-21 Lazada One, Singapore 189554

Sold by:
**Zichang New Materials (shandong) Co., Ltd.**
Room A2-907, Xinyuanxin Center, Huaxin Road, Jinan, Shandong, CN

Buyer's company address:
**Burchfield Sales and Consulting LLC**
121 2nd st Apt A Hot Springs, AR 71913, Hot Springs, Arkansas, US

Ship to:
**Bradley Burchfield**
Bradley Burchfield +1 8706174081, Burchfield Sales and Consulting LLC, 6834 Cantrell Road Suite 210 little rock Arkansas 72207, 4 mile corner, Arkansas, 72207, United States of America

Order number: **#91906090501027582**

Order date: **8:55 PM, Jun 1st, 2021 (PDT)**

**Order details**

| Item description | Qty | Unit price (excl. tax) | Total amount (excl. tax) |
|---|---|---|---|
| factory N-Isopropylbenzylamine CAS 102-97-6 | 1.00 | USD 615.0000 | USD 615.00 |
| | Subtotal | | USD 615.00 |
| | Shipping fee | | USD 50.00 |
| | Logistics insurance fee | | USD 50.00 |
| | **Order total** | | **USD 715.00** |

| Payment information | |
|---|---|
| Order total | USD 715.00 |
| Payment processing fee | USD 21.38 |
| **Amount paid** | **USD 736.38** |
| Paid on June 01, 2021 (Credit/debit card) | USD 736.38 |

**Notice:**

- Alibaba.com reserves the right to determine and conclude payment processing fee in this receipt.
- This is a computer-generated document and no signature is required.
- You alone shall bear any adverse consequences arising from tampering with the content for purposes other than intended.
- This receipt is not a tax invoice. You may download a tax invoice after your order is completed.

ALERT: IMPACTS FROM THE WORLD SOCCER TOURNAMENT HELD IN MAJOR CITIES THROU...

# USPS Tracking®

FAQs ›

#3

Remove ✕

Tracking Number:

**70170660000051845044**

Copy Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the address at 11:47 am on June 8, 2026 in SACRAMENTO, CA 95826.

Get More Out of USPS Tracking:

USPS Tracking Plus®

Feedback

## Delivered

**Delivered, Left with Individual**

SACRAMENTO, CA 95826
June 8, 2026 11:47 AM

See All Tracking History

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Incorporating Services LTD
7801 Folsom Blvd. Ste. 202
Sacramento CA
95826

9590 9402 2815 7069 1560 71

2. Article Number (Transfer from service label)

7017 0660 0000 5184 5044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery 6826

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

A#3

FILED
06/12/26 14:20:32
PCSC-26-189 Complaint

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

RESTRICTED DELIVERY

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 13 2026
TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

BRADLEY BURCHFIELD,

Plaintiff,

v.

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED; ALIBABA.COM US E-COMMERCE CORP.; ALIBABA GROUP HOLDING LIMITED; and ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.,

Defendants.

No. 4:26cv827-LPR

[Removed from Circuit Court of Pulaski County, Arkansas]

## NOTICE OF REMOVAL

Defendants Alibaba.com US E-Commerce Corp. and Alibaba Group Holding Limited ("AGHL") (collectively, "the Removing Defendants"), by filing this Notice of Removal and related papers, hereby remove this *pro se* lawsuit from the Circuit Court of Pulaski County, Arkansas to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws). The Removing Defendants request that this lawsuit be assigned to Judge D.P. Marshall Jr. because it is closely related to another *pro se* lawsuit pending before Judge Marshall (*Burchfield v. Alibaba.com Singapore E-Commerce Pte. Limited, et al.*, No. 4:26-cv-00611-DPM-JJV) filed recently by the same plaintiff involving the same events alleged in this lawsuit. The grounds for this removal are set forth in more detail below.

## BACKGROUND AND PROCEDURAL HISTORY

1. On June 1, 2026, Plaintiff commenced this lawsuit by filing a Small Claims Complaint in Pulaski County District Court. After Plaintiff filed a motion seeking transfer, that lawsuit was

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

to this Court without obtaining that defendant's consent to removal. *See Hunter*, 102 F.4th at 867-68; *see also, e.g.*, *Shakouri*, 923 F.3d at 410; *Knight*, 749 F.3d at 1183-84.

15. None of the defendants are citizens of the State of Arkansas, so 28 U.S.C. § 1441(b)(2) does not preclude this removal.

16. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as **Exhibit 6**. It will be promptly filed in the Circuit Court of Pulaski County, Arkansas and promptly served on Plaintiff.

## CONCLUSION

17. For the foregoing reasons, the Removing Defendants remove the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

18. The Removing Defendants do not waive any defenses (including but not limited to lack of personal jurisdiction) and expressly reserve the right to raise all defenses in future proceedings.

19. If any question arises as to the propriety of this removal, the Removing Defendants request the opportunity to present written and oral argument in support of removal.

Dated: August 13, 2026

Respectfully submitted,

BALANCE LAW FIRM

By: B. Robert Liu

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I served a true and correct copy of the foregoing Notice of Removal (with exhibits) via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

Dated: August 13, 2026

B. Robert Liu
B. Robert Liu (NY Bar: 5697552)

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-Aug-17 12:06:57
60CV-26-9730
C06D03 : 62 Pages

# UNIFORM COVER PAGE

[To be used when required by Administrative Order No. 2 (g)*]

COURT: 3rd COURT OF Pulaski Circuit COUNTY

Docket/Case Number: 60 CV-26-9730

CASE NAME:

PLAINTIFF/
PETITIONER: Bradley Burchfield

DEFENDANT/
RESPONDENT: Alibaba.Com ETAL

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)): Notice of Filing Part 1

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**THIRD DIVISION**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 60CV-26-9730 |

**CERTAIN DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL**

Take notice that Defendants Alibaba.com US E-Commerce Corp. and Alibaba Group Holding Limited have filed a Notice of Removal in the United States District Court for the Eastern District of Arkansas, Central Division, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), the filing of the federal-court notice of removal in this Court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

Dated: August 13, 2026

Respectfully submitted,

MCDANIEL WOLFF, PLLC

By: ______________________
Bart W. [redacted]
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com
*Attorneys for Defendants Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp.*

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba Group (U.S.) Inc., Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and AUS Merchant Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, I filed the foregoing with the Clerk of the Court at the Pulaski County Courthouse. I further certify that, because Plaintiff is proceeding pro se and is not a registered eFlex participant, I served a true and correct copy of the foregoing via United States First-Class Mail, postage prepaid, addressed to Plaintiff as

follows:

Bradley Burchfield
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217

/s/ Bart Calhoun
Bart Calhoun

IN THE DISTRICT COURT OF LITTLE ROCK, ARKANSAS
CIVIL / SMALL CLAIMS DIVISION
PULASKI COUNTY

FILED
06/22/26 11:54:59
Carol L. Wilkins
Pulaski County District Court
Pulaski County Arkansas

BRADLEY BURCHFIELD,
Plaintiff,

v. Case No. PCSC-26-189

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED;
ALIBABA.COM US E-COMMERCE CORP.;
ALIBABA GROUP HOLDING LIMITED;
ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.;
and JOHN DOE ALIBABA.COM OWNER / OPERATOR / PARENT / AFFILIATE / ALTER-EGO ENTITIES 1-10,

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, REMOVE CASE FROM SMALL CLAIMS DIVISION, AND TRANSFER CASE TO CIRCUIT COURT**

**COMES NOW** Plaintiff, appearing pro se as to himself individually, and moves this Court for leave to amend the Complaint, remove this matter from the Small Claims Division, and transfer this case to the Circuit Court of Pulaski County, Arkansas, Civil Division, because Plaintiff's amended claims seek damages in the amount of **Seventy-Five Thousand Dollars and No Cents ($75,000.00)**, which exceeds the monetary jurisdiction of Arkansas small claims and district civil court. In support, Plaintiff states:

**1. Background**

1. Plaintiff filed or intended to file this action arising from an Alibaba.com transaction.
2. The transaction involved Alibaba.com Order No. **219060905010275 82**.
3. Plaintiff paid **$736.38** on or about **June 1, 2021**, for goods purchased through Alibaba.com.
4. The receipt identifies **Alibaba.com Singapore E-Commerce Private Limited** as the marketplace operator.
5. The receipt identifies **Zichang New Materials (shandong) Co., Ltd.** as the seller.
6. Plaintiff alleges that the purchased goods were never delivered.
7. Plaintiff further alleges that he spent approximately three years attempting to resolve the matter through Alibaba.com's internal resolution process without receiving the goods, a refund, or meaningful relief.
8. Plaintiff now seeks to amend the claim to assert damages and claims exceeding the jurisdictional limit of the Small Claims Division and District Court Civil Division.

**2. Additional Facts Regarding Threatening / Coercive Email Communication**

9. Plaintiff seeks leave to add allegations concerning an email communication associated with the seller, supplier, vendor, or related marketplace account, sent from sales@bloomtechz.com to Plaintiff on or about January 9, 2022, under the subject line "Details N-Isopropylbenzylamine."
10. The email promoted a "Fresh batch" of "Blue Pure N iso crystal," listed kilogram-level availability, and included pricing for 100g, 500g, and 1kg quantities.
11. The email advertised and priced chemical products including N-Isopropylbenzylamine, CAS 102-97-6; 4-Isopropylbenzylamine, CAS 4395-73-7; and 2-Amino-4-phenylbutane (2A4P), CAS 22374-89-6.
12. The email solicited direct contact through WhatsApp/WeChat, identified a sales manager, and used claims about "effect," crystal form, smell or no smell, customization, food grade, molecule formula, chemical structure, and pharmaceutical properties to market the products.
13. The email contained language Plaintiff reasonably understood as threatening, intimidating, and coercive, including the statements: "Each words and pictures here is real, dont talk about any fake here!" and "It must be a legal product, otherwise you have better keep silent."
14. Plaintiff alleges that this language was intended or reasonably calculated to discourage Plaintiff and other buyers from disputing the sale, reporting deceptive advertising, challenging the legitimacy of the product, or seeking credit, refund, or other relief.
15. Plaintiff further alleges that his later reply stated that the product had been advertised for rust-inhibitor use, that the product did not work as advertised, and that Plaintiff requested credit. Plaintiff does not admit any unlawful purpose and alleges that the product was marketed to him as a lawful commercial or rust-inhibitor product.
16. Plaintiff alleges that these facts are part of the same transaction history and course of conduct, support the amended claims for deceptive trade practices, fraud or misrepresentation, failure to provide meaningful dispute relief, and punitive damages if proven, and demonstrate the need for discovery into sellers, seller accounts, communications, payment flow, marketplace oversight, and alter-ego / affiliated entities.

3. Reason for Amendment and Transfer

17. Plaintiff seeks to amend the Complaint to assert claims for breach of contract, failure to deliver goods, deceptive trade practices, fraud or misrepresentation, unjust enrichment, money had and received, and alter-ego / piercing-corporate-veil liability.
18. Plaintiff seeks damages in the total amount of $75,000.00, including but not limited to actual out-of-pocket loss, consequential damages, business interruption damages, loss of use, lost opportunity damages, costs, punitive damages if proven, attorney's fees if allowed by statute, and any other relief supported by the evidence.
19. The additional email allegations further support amendment because Plaintiff seeks to plead the full scope of alleged marketplace, seller, vendor, and affiliated-party misconduct, including deceptive marketing, coercive or intimidating communications surrounding customer complaints, and failure to provide meaningful dispute relief.
20. The email allegations also support the need for Circuit Court discovery regarding the identities, roles, parent / affiliate relationships, alter-ego relationships, communications, seller-vetting practices, dispute-resolution records, payment records, and documents necessary to determine responsibility for Plaintiff's losses and damages.
21. Arkansas small claims court does not have jurisdiction over a $75,000.00 claim.
22. Arkansas district civil court also does not have jurisdiction over a $75,000.00 claim.

23. Arkansas Circuit Court is the proper court for Plaintiff's amended civil claims.
24. Plaintiff therefore requests leave to amend the Complaint and asks that this case be removed from the Small Claims Division and transferred to the Circuit Court of Pulaski County, Arkansas, Civil Division.
25. Plaintiff attaches or submits with this Motion a proposed First Amended Complaint and seeks to include the threatening / coercive email communication and related correspondence as exhibits or supporting evidence.
26. Plaintiff requests that the filing date of this action be preserved to the fullest extent permitted by Arkansas law because the underlying transaction occurred on or about June 1, 2021, and Plaintiff is acting promptly to place the case in the proper court.

**4. Relief Requested**

WHEREFORE, Plaintiff respectfully asks this Court to:

A. Grant Plaintiff leave to amend the Complaint;
B. Accept Plaintiff's First Amended Complaint asserting damages of **$75,000.00**;
C. Permit Plaintiff to include and file the threatening / coercive email communication and related correspondence as exhibits or supporting evidence in support of the First Amended Complaint;
D. Remove this matter from the Small Claims Division;
E. Transfer this case to the Circuit Court of Pulaski County, Arkansas, Civil Division;
F. Direct the clerk to transmit the pleadings, exhibits, docket sheet, and all filings to the Circuit Clerk;
G. Preserve Plaintiff's filing date to the fullest extent permitted by law;
H. Cancel any small-claims setting after transfer;
I. Alternatively, if this Court determines that it cannot transfer the case directly, dismiss this case without prejudice solely for lack of monetary jurisdiction and expressly state that the dismissal is not on the merits and does not adjudicate Plaintiff's claims; and
J. Grant all other just and proper relief.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield
Address:
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone:
479-223-0038
Email:
burchfieldbradley123@gmail.com

Date: 6/22/26

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BRADLEY BURCHFIELD** **PLAINTIFF**

**VS.** **CASE NO. 4:26-CV-00827-DPM-JJV**

**ALIBABA GROUP HOLDING LIMITED** **DEFENDANTS**

**CLERK'S DENIAL OF REQUEST FOR ENTRY OF DEFAULT**

The request for clerk's entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure (Dkt. No. [34]) is denied for the following reason(s):

☐ The time limit for filing a response, as set by the Federal Rules of Civil Procedure or as fixed by the Court, has not expired.

☒ The plaintiff(s) did not provide an affidavit or affirmation setting forth proof of service.

☐ The defendant(s) filed a responsive pleading within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court.

☐ The request did not include a statement that the defendant(s) are not in military service, as required by 50 U.S.C. App. § 521.

SIGNED this 16th day of October, 2026.

TAMMY H. DOWNS, CLERK

By: B. Hibbs
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00827-DPM-JJV |

**DEFENDANT ALIBABA.COM US E-COMMERCE CORP.'S RESPONSE TO PLAINTIFF'S MOTION FOR 240 DAYS TO COMPLETE FOREIGN SERVICE AND LIMITED DEFERRAL OF DISMISSAL RULINGS**

Without waiving any defenses, Defendant Alibaba.com US E-Commerce Corp. responds as follows to Plaintiff's Motion for 240 Days to Complete Foreign Service and Limited Deferral of Dismissal Rulings ("Plaintiff's Motion") (ECF No. 31) and Brief in Support ("Plaintiff's Brief") (ECF No. 32).[1]

***First***, Alibaba.com US E-Commerce Corp. does not oppose Plaintiff's request for additional time to serve the defendants that are located abroad. As for whether Plaintiff should receive 240 days, Alibaba.com US E-Commerce Corp. does not take a position at this time and defers to the Court's judgment regarding that case management issue.

***Second***, Plaintiff asks the Court to defer dismissal rulings until he has effected service of process on the defendants that are located abroad, but no motion to dismiss (or other dispositive

[1] To undersigned counsel's knowledge, service of process has been effected on only one defendant (Alibaba.com US E-Commerce Corp.) in this lawsuit.

motion has been filed in this lawsuit. Accordingly, Alibaba.com US E-Commerce Corp. takes no position, at this time, on Plaintiff's request that the Court defer dismissal rulings in this lawsuit.[2]

***Third***, Plaintiff seeks leave to file various papers attached to the Declaration of Bradley Burchfield ("Burchfield Declaration") (ECF No. 33). Those papers do not need to be filed at this time because they do not go to a ripe, disputed issue requiring a ruling by the Court, as discussed below. Nevertheless, Alibaba.com US E-Commerce Corp. takes no position regarding Plaintiff's request for leave to file the papers attached to the Burchfield Declaration.

***Finally***, Plaintiff's Motion, Plaintiff's Brief, and the Burchfield Declaration make numerous statements about various issues—including but not limited to: (a) what Plaintiff has already allegedly done regarding mailings to foreign defendants; (b) what he intends to do (*ad nauseam* and in excruciating detail) to effect service of process on the foreign defendants; and (c) how he interprets the Hague Convention and other legal requirements for serving defendants located in other countries. And the Burchfield Declaration submits exhibits related to some of those issues. It is unclear why Plaintiff has made those statements and submissions. Perhaps that is "AI slop" generated by a generative artificial intelligence model that lacks the guardrails that would be imposed by an attorney who would know better than to bombard the Court with such unnecessary details about issues that are not ripe for rulings. Maybe Plaintiff seeks advisory rulings from the Court regarding those issues, but that would be improper. The Court should decline to make any rulings about those issues until such time as a ripe, disputed issue is presented by Plaintiff or another party in a proper motion. In any event, Alibaba.com US E-Commerce Corp. should not be required to respond, at this time, on a point-by-point basis to the deluge of unripe issues

[2] Before this lawsuit was removed from state court, it was a small claims court case, and Alibaba.com US E-Commerce Corp. filed an answer during that phase of this lawsuit. At the appropriate time, Alibaba.com US E-Commerce Corp. expects to file a motion for judgment on the pleadings.

presented by Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration (or the exhibits attached to that declaration) that do not require rulings by the Court. The lack of point-by-point rebuttals should not be construed as any admission or concession by Alibaba.com US E-Commerce Corp. as to Plaintiff's statements (whether addressing a factual or legal issue) discussed in general terms in this paragraph.

In conclusion, for the foregoing reasons, the Court should decline to issue any advisory rulings regarding the various other issues and statements made in Plaintiff's Motion, Plaintiff's Brief, and/or the Burchfield Declaration.

Dated: October 15, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendant Alibaba.com US E-Commerce Corp.*

CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that, because Plaintiff is proceeding *pro se* and is not a registered CM/ECF participant, I served a true and correct copy of the foregoing via United States First-Class Mail, postage prepaid, addressed to Plaintiff as follows:

Bradley Burchfield
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217

/s/ *Brittany D. Webb*
Brittany D. Webb, Ark. Bar No. 2023139