FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 2 0 2026
TAMMY H. DOWNS, CLERK
By: ____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF
v. No. 4:26-cv-00827-DPM-JJV
ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

**PLAINTIFF'S MOTION TO CLARIFY SCOPE OF REMOVAL AND SUBJECT-MATTER JURISDICTION, WITH CONDITIONAL REQUEST FOR SEVERANCE AND REMAND**

1. Plaintiff requests an order clarifying whether all claims against all named defendants in 60CV-26-9730 remain within this removed action, including defendants who have not appeared or whose service remains unresolved.

2. ECF 1 invokes diversity jurisdiction under 28 U.S.C. § 1332. Paragraphs 4-9 allege citizenship for Plaintiff and all four named defendants. Paragraph 10 relies on Plaintiff's August 6, 2026 $3 million settlement demand. Plaintiff acknowledges those allegations and does not assert that the sellers were omitted from the removed action.

3. Plaintiff does not seek remand for an untimely procedural objection concerning consent to removal. The request is limited to clarification and any subject-matter jurisdiction issue the Court identifies from the existing record. Plaintiff does not contend that the initial small-claims filing alone defeats the amount-in-controversy allegations at removal.

4. Plaintiff understands that lack of representation, nonappearance, and incomplete service do not themselves defeat subject-matter jurisdiction or leave part of an otherwise removed action in state court. The requested clarification will guide further service and case-management efforts.

5. Plaintiff asks the Court to identify whether the claims concerning nonappearing foreign defendants are retained under original diversity jurisdiction or another jurisdictional basis. If the existing record resolves that question, Plaintiff requests a determination on that record;

otherwise, Plaintiff requests narrowly directed supplemental jurisdictional information rather than general merits discovery.

6. Only if the Court identifies a jurisdictional deficiency, Plaintiff requests the legally appropriate remand under 28 U.S.C. § 1447(c). If a discrete claim may lawfully be severed under Rule 21 and separately remanded, Plaintiff requests that relief only upon identification of the claim and an independent legal basis for remand. Plaintiff does not request severance merely to manufacture a jurisdictional deficiency.

7. If jurisdiction covers the entire action, Plaintiff alternatively requests confirmation that further service proceedings concerning the named nonappearing defendants belong in this Court, subject to the Court's orders. No ruling on the merits, default, or personal jurisdiction is requested by this motion.

WHEREFORE, Plaintiff requests clarification of the scope of removal and the jurisdictional basis for retained claims; a narrowly focused jurisdictional submission only if necessary; and severance or remand only to the extent the Court finds a lawful basis. Plaintiff requests no withdrawal of pending service motions, no dismissal of claims, and no alteration of existing deadlines through the mere filing of this motion.

Plaintiff requests that any amount-in-controversy determination identify the operative state pleading at removal and evaluate the August 6 demand in its complete context. Exactly $75,000 does not exceed the statutory threshold, but Plaintiff does not contend that a stated demand necessarily limits recoverable relief. Plaintiff requests consideration of the state amendment and transfer orders and the complete demand, if necessary to resolve jurisdiction. Plaintiff does not represent that the $3 million demand concerned another lawsuit or a global settlement, and does not seek to reduce the amount after removal to defeat jurisdiction.

The requested relief is limited to this action. Plaintiff does not request dismissal, withdrawal, amendment, or adjudication of claims or parties in No. 4:26-cv-00611-DPM-JJV. Plaintiff does not concede that overlapping transactions or alleged relationships are factually unrelated. If the Court considers severance, Plaintiff requests identification of the exact claims affected and an opportunity to address duplication, prejudice, service, and limitations consequences before entry of the order.

Respectfully submitted,
Date: 10/20/26, 2026 Signature: Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I electronically filed the foregoing motion and any accompanying papers actually submitted with the Clerk of the United States District Court for the Eastern District of Arkansas using the CM/ECF system. The system transmitted a Notice of Electronic Filing to the registered counsel of record listed as electronic recipients on that notice, thereby serving those recipients.

This certificate is limited to electronic service on the recipients identified in the Notice of Electronic Filing. It does not certify service of original process or electronic service on any unregistered party.

Signature: Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com