IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 20 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

BRADLEY BURCHFIELD PLAINTIFF
v. No. 4:26-cv-00827-DPM-JJV
ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**

**I. Scope of removal and the remaining question**

The notice removes the civil action, not merely the removing defendants' portion. Under 28 U.S.C. § 1446(d), the state court proceeds no further unless and until remand. Section 1447(a) permits the federal court to bring before it proper parties whether previously served or not. The requested clarification concerns where pending claims and further service belong; it does not presume a partial remand.

Alibaba.com Singapore was not identified as a removing defendant. ECF 1 paragraph 13 separately asserts that Singapore had not been properly served and cites Gong Declaration paragraphs 3-4, including a statement that Singapore would consent if service were deemed proper. Plaintiff distinguishes those assertions from Singapore itself filing the notice. Jurisdictional allegations by the removing defendants do not themselves establish an appearance, attorney-client relationship, or merits defense for another defendant. Any authorized consent by Singapore must be evaluated separately from Zichang's conduct. This distinction does not establish that its claims remained in state court; the Court must distinguish removal of the action from joinder or consent by individual defendants.

**II. Diversity must be assessed on the actual record**

Section 1332(a) governs the amount in controversy and qualifying citizenship; § 1332(c)(1) addresses corporate citizenship. The notice in this case asserts diversity, including citizenship

allegations for the foreign defendants. Plaintiff identifies no presently established Arkansas citizenship for a named defendant. The Court may resolve this request from the existing allegations and supporting materials without ordering duplicative discovery.

In 00827, ECF 1 paragraphs 4-10 identify citizenship and the $3 million settlement demand. The Court should consider that record and the operative pleading rather than treating the former small-claims limit as conclusive. This brief does not assert that a settlement demand is categorically irrelevant.

**III. Procedural waiver differs from subject-matter jurisdiction**

Section 1447(c) imposes a 30-day period for remand motions based on defects other than subject-matter jurisdiction. It separately requires remand if subject-matter jurisdiction is lacking before final judgment. Plaintiff does not relabel a missing-consent objection as jurisdictional. Nonappearance and lack of counsel are not substitutes for a jurisdictional defect.

**IV. Severance and remand require distinct grounds**

Rule 21 permits severance of a claim against a party; it does not itself supply authority to remand. The common transaction and overlapping allegations may favor retention together. Plaintiff requests no finding that the claims are unrelated merely because service or representation differs.

Section 1441(c) addresses actions containing a federal-question claim together with specified claims outside original or supplemental jurisdiction, or made nonremovable by statute. The reviewed notice relies on diversity. Plaintiff therefore does not invoke § 1441(c) as an automatic route to sever and remand these defendants.

Likewise, § 1367(c) concerns declining supplemental jurisdiction; it does not authorize declining original diversity jurisdiction merely because state law governs. If all relevant claims are within

original jurisdiction, that provision does not supply the requested remand. Any conditional remand must rest on a ground the Court actually identifies, not the status of counsel.

**V. Requested disposition**

Plaintiff requests a concise order identifying the scope of the removed action and the jurisdictional basis for retaining the claims against the named nonappearing defendants. If a genuine deficiency appears, Plaintiff requests appropriately limited briefing and the relief required by § 1447(c), including severance only if independently justified. Otherwise, Plaintiff requests confirmation that service and case-management relief should be pursued here. This motion does not itself suspend any obligation or deadline.

**VI. Amount in controversy and the evidentiary record**

Section 1332(a) requires an amount exceeding $75,000, exclusive of interest and costs. Section 1446(c)(2) governs reliance on the pleaded amount and proof of a different jurisdictional amount. The Court should determine which pleading was operative when removal occurred; a motion for leave to amend does not by its title establish that leave was granted. Plaintiff requests consideration of the corresponding state orders and the full August 6 settlement communication rather than an unsupported assumption about its scope. If that demand values the claims in this action at $3 million, it substantially supports removal; Plaintiff does not contend otherwise.

The removing party bears the burden of establishing the jurisdictional amount. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). Bell explains that, once the requisite amount is established by a preponderance, remand requires the plaintiff to establish to a legal certainty that recovery cannot exceed the jurisdictional minimum. Id. Plaintiff requests application of that standard to the existing record, with a limited supplemental submission only if the Court finds

the record insufficient. No post-removal reduction, waiver of damages, or binding damages stipulation is requested.

**VII. Preservation of claims and related litigation**

Plaintiff seeks no adjudication of the alleged Trade Assurance undertaking, seller conduct, agency, control, alter-ego relationship, or enterprise allegations. Procedural separation would not be a concession that any defendant acted independently. Statements about another entity in a removal notice are not, without more, a merits determination or an appearance on that entity's behalf. Plaintiff requests no declaration of liability or default through this motion.

The cases remain distinct. Plaintiff asks for no order changing the pleadings, parties, or claims in 00611 and makes no concession that shared transactions or alleged enterprise relationships are unrelated. A severance order should specify the precise claims affected. Plaintiff recognizes that this requested limitation cannot itself eliminate the possible preclusive effect of a later judgment or resolve a future objection to duplicative litigation.

Respectfully submitted,
Date: 10/20/26, 2026 Signature: Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927, Little Rock, Arkansas 72217
479-223-0038 | burchfieldbradley123@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 20, 2026, I electronically filed the foregoing supporting brief and any accompanying papers actually submitted with the Clerk of the United States District Court for the Eastern District of Arkansas using the CM/ECF system. The system transmitted a Notice of Electronic Filing to the registered counsel of record listed as electronic recipients on that notice, thereby serving those recipients.

This certificate is limited to electronic service on the recipients identified in the Notice of Electronic Filing. It does not certify service of original process or electronic service on any unregistered party.

Signature: Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com