**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 22 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**BRADLEY BURCHFIELD** **PLAINTIFF**

v. Case No. 4:26-cv-00827-DPM-JJV

**ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED;**
**ALIBABA.COM US E-COMMERCE CORP.;**
**ALIBABA GROUP HOLDING LIMITED; and**
**ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.**
**DEFENDANTS**

## REQUEST TO ISSUE OR REISSUE FEDERAL SUMMONSES AND FOR CLARIFICATION OF THE PLEADING TO BE SERVED

Plaintiff Bradley Burchfield, appearing pro se, requests issuance or reissuance of a separate federal civil summons for each of the four named Defendants under Federal Rule of Civil Procedure 4(b) and 28 U.S.C. § 1448. Four completed proposed AO 440 summonses accompany this request.

1. This action was removed from Pulaski County Circuit Court, Case No. 60CV-26-9730, after transfer of the small-claims action, Case No. PCSC-26-189. Section 1448 permits completion of service or issuance of new process after removal when a defendant remains unserved, service was not perfected before removal, or prior process proves defective.

2. Plaintiff seeks process for use with the operative complaint in this action, including its attachments. Plaintiff does not seek to amend a pleading through this request, add defendants from another action, or replace the operative complaint merely because the case was removed.

3. Plaintiff moved for leave to amend and transfer on June 22, 2026. The Court transferred the case but did not enter an order granting leave to amend. The complaint included within Exhibit B bears the caption of Case No. 4:26-cv-00611. Plaintiff therefore requests identification of the operative complaint and attachments for service in this action if the docket leaves that issue unresolved. Plaintiff does not represent that the transfer order granted amendment.

4. The proposed summonses use the following service destinations:

a. Alibaba.com Singapore E-Commerce Private Limited
51 Bras Basah Road, #01-21 Lazada One
Singapore 189554

b. Alibaba.com US E-Commerce Corp.
c/o Incorporating Services, Ltd., Registered Agent
7801 Folsom Blvd., Suite 202
Sacramento, CA 95826

c. Alibaba Group Holding Limited
c/o B. Robert Liu, Balance Law Firm
One World Trade Center, Suite 8500
New York, NY 10007
By agreed email: robert.liu@balancelawfirm.com

d. Zichang New Materials (Shandong) Co., Ltd.
Identified in ECF 1-1 as now named:
Zhishang New Materials (Jinan) Co., Ltd.
Room 705, 7th Floor, Huayang Building
East of Huayang Road, South of Weiyi Road
Jiyang Subdistrict, Jiyang District
Jinan City, Shandong Province, China

5. On October 22, 2026, B. Robert Liu stated by email that he is authorized to accept service for Alibaba Group Holding Limited in this action only, upon receipt of the correct complaint and federal summons by email, and will expressly confirm acceptance. Plaintiff does not represent that acceptance has occurred. The agreement does not extend to the other Defendants.

6. Plaintiff requests issuance of all four summonses, subject to the Court's existing orders and any necessary pleading clarification. This request does not ask to vacate prior valid service, restart an existing response period, withdraw ECF 41, or terminate any pending request for additional time to serve foreign Defendants. It requests no relief in Cases 00826 or 00611.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, pro se
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
479-223-0038 | burchfieldbradley123@gmail.com
Date: 10/22/26

## CERTIFICATE OF SERVICE

Case No. 4:26-cv-00827-DPM-JJV

I certify that on October 22, I filed the foregoing Request to Issue or Reissue Federal Summonses and for Clarification of the Pleading to Be Served, together with its accompanying proposed summonses, through the Court's CM/ECF system. The system's Notice of Electronic Filing was transmitted to the registered counsel of record identified on that notice.

This certificate concerns service of this filing. It does not certify service of a summons and complaint under Rule 4, acceptance by AGHL, service on an unrepresented foreign Defendant, or completion of Hague Convention service.

Bradley Burchfield

Bradley Burchfield
Date: 10/22/26

# EXHIBIT A / 证物A

Original Small Claims Complaint and Receipt
原始小额诉讼起诉状及收据

Case 4:26-cv-00827-DPM-JJV. Source: OG SMALL CLAIMS COMPLAINT(2).pdf, 3 pages, filed June 1, 2026 in PCSC-26-189. The English source is followed by a Chinese translation of all three pages.

本证物先列三页英文原件，随后附中文译文。译文按原件保留姓名、地址、数额、日期和原件中的州法院提示，不替换为新的联邦诉讼指示。

The translation is an uncertified draft for review. This attachment does not identify which pleading is currently operative and does not amend the complaint. The original-language document controls any discrepancy.

本译文为未经认证的审核稿。附入本证物不确定何份诉状现行有效，也不构成修改起诉状。如有差异，应对照原文核实。

# SMALL CLAIMS COMPLAINT

**Pulaski County District Court**
**3001 West Roosevelt Road**
**Little Rock, Arkansas 72204**
**Phone: 340-6830 Fax: 340-6899**

CASE # PCSC-26-189

PLAINTIFF Bradley Burchfield

ADDRESS 5420 Kavanaugh Blvd #7927 (HM) PHONE 479-223-0038 (WK)

CITY Little Rock STATE AR ZIP 72217

VS.

DEFENDANT - 1 Alibaba.com Singapore E-Commerce Private Limited

EMPLOYMENT

ADDRESS 51 Bras Basah Rd #01-21 HOME ADDRESS

CITY Lazada One, Singapore 189554 STATE CITY STATE

ZIP PHONE N/A ZIP PHONE

DEFENDANT - 2 Alibaba.com US E-Commerce Corp.

EMPLOYMENT

ADDRESS 525 Almanor Ave. Suite 400 HOME ADDRESS

CITY Sunnyvale STATE CA CITY STATE

ZIP 94085 PHONE 844-292-4741 ZIP PHONE

AGENT OF SERVICE FOR CORPORATION (DEFENDANT'S) A Incorporating Services, Ltd.

ADDRESS 7801 Folsom Blvd. Suite 202 CITY Sacramento STATE CA ZIP 95826

---

AMOUNT OF RELIEF CLAIMED $ 5,000.00 DATE CLAIM AROSE 6/1/2021

FACTS EXPLAINING THIS CLAIM I attempted to purchase a product from Alibaba.com and it was never delivered see attached receipt. I tried to resolve it through their dispute resolution process and to date it has not been resolved.

Bradley Burchfield
SIGNATURE OF PLAINTIFF

**IMPORTANT: IF YOU FAIL TO FILE A WRITTEN ANSWER WITHIN 30 DAYS FROM THE DATE YOU RECEIVE THIS COMPLAINT, JUDGMENT WILL BE ENTERED AGAINST YOU FOR THE AMOUNT OF THE CLAIM FILED PLUS THE COURT COSTS.**

CLAIM AMOUNT $ 5000.00
FILING FEES $ 65.00
SERVICE FEES $ 75.52 SERVER CM
TOTAL $ 5140.52

# SMALL CLAIMS COMPLAINT

**Pulaski County District Court**
**3001 West Roosevelt Road**
**Little Rock, Arkansas 72204**
**Phone: 340-6830 Fax: 340-6899**

CASE # PCSC-26-189

PLAINTIFF Bradley Burchfield

ADDRESS 5420 Kavanaugh Blvd #7927 (HM) PHONE 479-223-0038 (WK) ______

CITY Little Rock STATE AR ZIP 72217

VS.

DEFENDANT - 3 Alibaba Group Holding Limited

EMPLOYMENT ______

ADDRESS 26/F Tower One, Times Square 1 Matheson St, Causeway Bay HOME ADDRESS ______

CITY Hong Kong, China STATE ______ CITY ______ STATE ______

ZIP ______ PHONE 852-2215-5100 ZIP ______ PHONE ______

DEFENDANT - 4 Zichang New Materials (SHANDONG) Co., LTD;

EMPLOYMENT ______

ADDRESS Room A2-901, Xinyuanxin Center HOME ADDRESS ______

CITY Huaxin Road, Jinan, Shandong, China STATE ______ CITY ______ STATE ______

ZIP ______ PHONE N/A ZIP ______ PHONE ______

AGENT OF SERVICE FOR CORPORATION (DEFENDANT'S) Incorporating Services Ltd.

ADDRESS 7801 Folsom Blvd Ste 202 CITY Sacramento STATE CA ZIP 95826

---

AMOUNT OF RELIEF CLAIMED $ 5,000.00 DATE CLAIM AROSE 6/1/2021

FACTS EXPLAINING THIS CLAIM I attempted to purchase a product from Alibaba.com and it was never delivered, see attached receipt. I tried to resolve it through their dispute resolution process and to date it has not been resolved.

Bradley Burchfield
SIGNATURE OF PLAINTIFF

**IMPORTANT: IF YOU FAIL TO FILE A WRITTEN ANSWER WITHIN 30 DAYS FROM THE DATE YOU RECEIVE THIS COMPLAINT, JUDGMENT WILL BE ENTERED AGAINST YOU FOR THE AMOUNT OF THE CLAIM FILED PLUS THE COURT COSTS.**

CLAIM AMOUNT $ 5000.00
FILING FEES $ 105.00
SERVICE FEES $ 75.52 SERVER CM
TOTAL $ 5140.52

# Receipt

Receipt number: #91906090501027582
Receipt date: 10:41 AM, May 29th, 2026 (PDT)

Marketplace Operator:
**Alibaba.com Singapore E-Commerce Private Limited**
51 Bras Basah Road, #01-21 Lazada One, Singapore 189554

Sold by:
**Zichang New Materials (shandong) Co., Ltd.**
Room A2-907, Xinyuanxin Center, Huaxin Road, Jinan, Shandong, CN

Buyer's company address:
**Burchfield Sales and Consulting LLC**
121 2nd st Apt A Hot Springs, AR 71913, Hot Springs, Arkansas, US

Ship to:
**Bradley Burchfield**
Bradley Burchfield +1 8706174081, Burchfield Sales and Consulting LLC, 6834 Cantrell Road Suite 210 little rock Arkansas 72207, 4 mile corner, Arkansas, 72207, United States of America

Order number: #91906090501027582
Order date: **8:55 PM, Jun 1st, 2021 (PDT)**

**Order details**

| Item description | Qty | Unit price (excl. tax) | Total amount (excl. tax) |
|---|---|---|---|
| factory N-Isopropylbenzylamine CAS 102-97-6 | 1.00 | USD 615.0000 | USD 615.00 |
| | Subtotal | | USD 615.00 |
| | Shipping fee | | USD 50.00 |
| | Logistics insurance fee | | USD 50.00 |
| | **Order total** | | **USD 715.00** |

**Payment information**

| | |
|---|---|
| Order total | USD 715.00 |
| Payment processing fee | USD 21.38 |
| **Amount paid** | **USD 736.38** |
| Paid on June 01, 2021 (Credit/debit card) | USD 736.38 |

**Notice:**

- Alibaba.com reserves the right to determine and conclude payment processing fee in this receipt.
- This is a computer-generated document and no signature is required.
- You alone shall bear any adverse consequences arising from tampering with the content for purposes other than intended.
- This receipt is not a tax invoice. You may download a tax invoice after your order is completed.

# 原件第1页译文

小额诉讼起诉状

Pulaski 县地区法院
3001 West Roosevelt Road, Little Rock, Arkansas 72204
电话：340-6830；传真：340-6899
案号：PCSC-26-189

原告：Bradley Burchfield
地址：5420 Kavanaugh Blvd #7927, Little Rock, AR 72217
住宅电话：479-223-0038；工作电话：空白。

收件章：2026年6月1日 11:58:22；Carol L. Wilkins；Pulaski County District Court；Pulaski County, Arkansas。

诉
被告1：Alibaba.com Singapore E-Commerce Private Limited
地址：51 Bras Basah Rd #01-21, Lazada One, Singapore 189554
电话：N/A（不适用）。

被告2：Alibaba.com US E-Commerce Corp.
地址：525 Almanor Ave, Suite 400, Sunnyvale, CA 94085
电话：844-292-4741。

公司被告的送达代理人栏：Incorporating Services, Ltd.
地址：7801 Folsom Blvd, Suite 202, Sacramento, CA 95826。
被告的雇主及住址等未填写栏位：空白。

请求救济金额：5,000.00 美元。请求权产生日期：2021年6月1日。

说明本项请求的事实：我试图从 Alibaba.com 购买一种产品，但产品从未交付，见所附收据。我曾试图通过其争议解决程序解决此事，但至今仍未解决。

原告签名：[原件有 Bradley Burchfield 的手写签名。]

重要提示：如果您未在收到本起诉状之日起三十日内提交书面答辩，法院将就所提出请求的金额及诉讼费用对您作出判决。

请求金额：5,000.00 美元；立案费：65.00 美元；送达费：75.52 美元；合计：5,140.52 美元。送达人栏手写：CM。

# 原件第2页译文

小额诉讼起诉状

Pulaski 县地区法院
3001 West Roosevelt Road, Little Rock, Arkansas 72204
电话：340-6830；传真：340-6899
案号：PCSC-26-189

原告：Bradley Burchfield
地址：5420 Kavanaugh Blvd #7927, Little Rock, AR 72217
住宅电话：479-223-0038；工作电话：空白。

收件章：2026年6月1日 11:58:28；Carol L. Wilkins；Pulaski County District Court；Pulaski County, Arkansas。原告姓名栏原有文字被划去，后填写 Bradley Burchfield。

诉
被告3：Alibaba Group Holding Limited
地址：26/F Tower One, Times Square, 1 Matheson St, Causeway Bay, Hong Kong, China
电话：852-2215-5100。

被告4：Zichang New Materials (SHANDONG) Co., LTD.
地址：Room A2-907, Xinyuanxin Center, Huaxin Road, Jinan, Shandong, China
电话：N/A（不适用）。

公司被告的送达代理人栏：Incorporating Services Ltd.
地址：7801 Folsom Blvd, Ste 202, Sacramento, CA 95826。
被告的雇主及住址等未填写栏位：空白。

请求救济金额：5,000.00 美元。请求权产生日期：2021年6月1日。

说明本项请求的事实：我试图从 Alibaba.com 购买一种产品，但产品从未交付，见所附收据。我曾试图通过其争议解决程序解决此事，但至今仍未解决。

原告签名：[原件有 Bradley Burchfield 的手写签名。]

重要提示：如果您未在收到本起诉状之日起三十日内提交书面答辩，法院将就所提出请求的金额及诉讼费用对您作出判决。

请求金额：5,000.00 美元；立案费：65.00 美元；送达费：75.52 美元；合计：5,140.52 美元。送达人栏手写：CM。

# 原件第3页译文 收据

收据编号：#91906090501027582。收据日期：2026年5月29日上午10:41（PDT，美国太平洋夏令时间）。

市场平台运营方：Alibaba.com Singapore E-Commerce Private Limited
51 Bras Basah Road, #01-21 Lazada One, Singapore 189554。

销售方：Zichang New Materials (shandong) Co., Ltd.
Room A2-907, Xinyuanxin Center, Huaxin Road, Jinan, Shandong, CN。

买方公司地址：Burchfield Sales and Consulting LLC
121 2nd st Apt A Hot Springs, AR 71913, Hot Springs, Arkansas, US。

收货人：Bradley Burchfield
Bradley Burchfield +1 8706174081, Burchfield Sales and Consulting LLC, 6834 Cantrell Road Suite 210 little rock Arkansas 72207, 4 mile corner, Arkansas, 72207, United States of America。

订单编号：#91906090501027582。订单日期：2021年6月1日晚上8:55（PDT）。

订单详情：商品描述为“factory N-Isopropylbenzylamine CAS 102-97-6”（工厂 N-异丙基苄胺，CAS 102-97-6）。数量：1.00。未税单价：615.0000 美元。未税总额：615.00 美元。

小计：615.00 美元；运费：50.00 美元；物流保险费：50.00 美元；订单总额：715.00 美元。

付款信息：订单总额715.00美元；支付处理费21.38美元；已付金额736.38美元。2021年6月1日通过信用卡 / 借记卡支付736.38美元。

注意：

- Alibaba.com 保留决定和最终确定本收据中支付处理费的权利。
- 本文件由计算机生成，无须签名。
- 您须独自承担为非预定用途篡改本文件内容而造成的任何不利后果。
- 本收据不是税务发票。订单完成后，您可以下载税务发票。

# EXHIBIT B / 证物B

Motion for Leave to Amend and Transfer with All Included Attachments
准许修改及移送动议及所附全部文件

Case 4:26-cv-00827-DPM-JJV. Source: SMALL CLAIM MOTION TO AMEND.pdf, 26 pages. The complete English source is followed by a Chinese translation keyed to each source page.

Contents of the source: pages 1 – 3, motion; pages 4 – 6, email chain marked Exhibit A in the source; pages 7 – 23, complaint captioned 4:26-cv-00611 and marked Exhibit C in the source; pages 24 – 26, customer-service emails, beginning with the source label Exhibit B.

原文内容：第1至3页为动议；第4至6页为原件内部证物A邮件；第7至23页为原件内部证物C，即案号00611的起诉状；第24至26页为客服邮件，起始处标注原件内部证物B。原有证物字母保留，与本文件包新增的证物A、B不同。

The motion requests $75,000.00. The attached 00611 complaint separately prints $200,000,000,000.00 in several relief requests. The translation preserves those figures without reconciling or changing them.

This is an uncertified draft translation, not a sworn translator certification. Attaching the filing and translation does not represent that leave to amend was granted, adopt the 00611 complaint as the operative pleading in 00827, or add its defendants to 00827. Images, signatures, hidden text, and illegible markings are described; no missing text has been invented.

本译文未经认证。附入原件及译文不表示修改已获准、不将00611起诉状改为00827的有效诉状，也不将该文件内其他被告加入00827。图片、签名、隐藏文字及无法辨认的标记以说明表示，不补写缺失内容。

IN THE DISTRICT COURT OF LITTLE ROCK, ARKANSAS
CIVIL / SMALL CLAIMS DIVISION
PULASKI COUNTY

BRADLEY BURCHFIELD,
Plaintiff,

v. Case No. PCSC-26-189

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED;
ALIBABA.COM US E-COMMERCE CORP.;
ALIBABA GROUP HOLDING LIMITED;
ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.;
and JOHN DOE ALIBABA.COM OWNER / OPERATOR / PARENT / AFFILIATE / ALTER-EGO ENTITIES 1-10,

Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, REMOVE CASE FROM SMALL CLAIMS DIVISION, AND TRANSFER CASE TO CIRCUIT COURT

**COMES NOW Plaintiff**, appearing pro se as to himself individually, and moves this Court for leave to amend the Complaint, remove this matter from the Small Claims Division, and transfer this case to the Circuit Court of Pulaski County, Arkansas, Civil Division, because Plaintiff's amended claims seek damages in the amount of **Seventy-Five Thousand Dollars and No Cents ($75,000.00)**, which exceeds the monetary jurisdiction of Arkansas small claims and district civil court. In support, Plaintiff states:

**1. Background**

1. Plaintiff filed or intended to file this action arising from an Alibaba.com transaction.
2. The transaction involved Alibaba.com Order No. **91906090501027582**.
3. Plaintiff paid **$736.38** on or about **June 1, 2021,** for goods purchased through Alibaba.com.
4. The receipt identifies **Alibaba.com Singapore E-Commerce Private Limited** as the marketplace operator.
5. The receipt identifies **Zichang New Materials (shandong) Co., Ltd.** as the seller.
6. Plaintiff alleges that the purchased goods were never delivered.
7. Plaintiff further alleges that he spent approximately three years attempting to resolve the matter through Alibaba.com's internal resolution process without receiving the goods, a refund, or meaningful relief.
8. Plaintiff now seeks to amend the claim to assert damages and claims exceeding the jurisdictional limit of the Small Claims Division and District Court Civil Division.

**2. Additional Facts Regarding Threatening / Coercive Email Communication**

9. Plaintiff seeks leave to add allegations concerning an email communication associated with the seller, supplier, vendor, or related marketplace account, sent from sales@bloomtechz.com to Plaintiff on or about January 9, 2022, under the subject line "Details N-Isopropylbenzylamine."
10. The email promoted a "Fresh batch" of "Blue Pure N iso crystal," listed kilogram-level availability, and included pricing for 100g, 500g, and 1kg quantities.
11. The email advertised and priced chemical products including N-Isopropylbenzylamine, CAS 102-97-6; 4-Isopropylbenzylamine, CAS 4395-73-7; and 2-Amino-4-phenylbutane (2A4P), CAS 22374-89-6.
12. The email solicited direct contact through WhatsApp/WeChat, identified a sales manager, and used claims about "effect," crystal form, smell or no smell, customization, food grade, molecule formula, chemical structure, and pharmaceutical properties to market the products.
13. The email contained language Plaintiff reasonably understood as threatening, intimidating, and coercive, including the statements: "Each words and pictures here is real, dont talk about any fake here!" and "It must be a legal product, otherwise you have better keep silent."
14. Plaintiff alleges that this language was intended or reasonably calculated to discourage Plaintiff and other buyers from disputing the sale, reporting deceptive advertising, challenging the legitimacy of the product, or seeking credit, refund, or other relief.
15. Plaintiff further alleges that his later reply stated that the product had been advertised for rust-inhibitor use, that the product did not work as advertised, and that Plaintiff requested credit. Plaintiff does not admit any unlawful purpose and alleges that the product was marketed to him as a lawful commercial or rust-inhibitor product.
16. Plaintiff alleges that these facts are part of the same transaction history and course of conduct, support the amended claims for deceptive trade practices, fraud or misrepresentation, failure to provide meaningful dispute relief, and punitive damages if proven, and demonstrate the need for discovery into sellers, seller accounts, communications, payment flow, marketplace oversight, and alter-ego / affiliated entities.

**3. Reason for Amendment and Transfer**

17. Plaintiff seeks to amend the Complaint to assert claims for breach of contract, failure to deliver goods, deceptive trade practices, fraud or misrepresentation, unjust enrichment, money had and received, and alter-ego / piercing-corporate-veil liability.
18. Plaintiff seeks damages in the total amount of **$75,000.00**, including but not limited to actual out-of-pocket loss, consequential damages, business interruption damages, loss of use, lost opportunity damages, costs, punitive damages if proven, attorney's fees if allowed by statute, and any other relief supported by the evidence.
19. The additional email allegations further support amendment because Plaintiff seeks to plead the full scope of alleged marketplace, seller, vendor, and affiliated-party misconduct, including deceptive marketing, coercive or intimidating communications surrounding customer complaints, and failure to provide meaningful dispute relief.
20. The email allegations also support the need for Circuit Court discovery regarding the identities, roles, parent / affiliate relationships, alter-ego relationships, communications, seller-vetting practices, dispute-resolution records, payment records, and documents necessary to determine responsibility for Plaintiff's losses and damages.
21. Arkansas small claims court does not have jurisdiction over a $75,000.00 claim.
22. Arkansas district civil court also does not have jurisdiction over a $75,000.00 claim.

23. Arkansas Circuit Court is the proper court for Plaintiff's amended civil claims.
24. Plaintiff therefore requests leave to amend the Complaint and asks that this case be removed from the Small Claims Division and transferred to the Circuit Court of Pulaski County, Arkansas, Civil Division.
25. Plaintiff attaches or submits with this Motion a proposed First Amended Complaint and seeks to include the threatening / coercive email communication and related correspondence as exhibits or supporting evidence.
26. Plaintiff requests that the filing date of this action be preserved to the fullest extent permitted by Arkansas law because the underlying transaction occurred on or about June 1, 2021, and Plaintiff is acting promptly to place the case in the proper court.

**4. Relief Requested**

WHEREFORE, Plaintiff respectfully asks this Court to:

A. Grant Plaintiff leave to amend the Complaint;

B. Accept Plaintiff's First Amended Complaint asserting damages of **$75,000.00**;

C. Permit Plaintiff to include and file the threatening / coercive email communication and related correspondence as exhibits or supporting evidence in support of the First Amended Complaint;

D. Remove this matter from the Small Claims Division;

E. Transfer this case to the Circuit Court of Pulaski County, Arkansas, Civil Division;

F. Direct the clerk to transmit the pleadings, exhibits, docket sheet, and all filings to the Circuit Clerk;

G. Preserve Plaintiff's filing date to the fullest extent permitted by law;

H. Cancel any small-claims setting after transfer;

I. Alternatively, if this Court determines that it cannot transfer the case directly, dismiss this case without prejudice solely for lack of monetary jurisdiction and expressly state that the dismissal is not on the merits and does not adjudicate Plaintiff's claims; and

J. Grant all other just and proper relief.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield
Address:
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone:
479-223-0038
Email:
burchfieldbradley123@gmail.com

Date: 6/22/26

Exhibit A

Gmail

Burchfield Bradley <burchfieldbradley123@gmail.com>

## Details N-Isopropylbenzylamine

4 messages

**sales@bloomtechz.com <sales@bloomtechz.com>** Sun, Jan 9, 2022 at 8:47 PM
To: burchfieldbradley123@gmail.com

**Fresh batch out!**
**Only 16kg Blue Pure N iso crystal in stock, if miss each other, wait another month.**
**Price list (EXW USD$):**
**100g, $298usd, 500g, $496, 1kg, $820**



**Very Important information of Isopropylbenzylamine, CAS 102-97-6 crystal series product:**
Welcome to become a new comer of our group of buyers, I am Aurora Song, sales manager.
**WhatsApp/WeChat: +86 17791833715**
Frankly, the most we have been asked is the **effect**.

We have made many kinds of chemicals into crystals successfully. The **FAQ** pls check below:
**1.How we set the price**
We set the product price according to the price of raw materials and product production cycle, The price has nothing to do with whether the product is nice to use.
**2.Which is the best**
From shape, Pure N ISO is big bar, it is the best. From smell, the 170N ISO and 2A4P is the best. Or some other new kinds of chemical, we researched it for our stable buyers, we can't disclose it to you.
If you request the big bar crystal is no smell, it is impossible. Because it is the theory of chemistry, it is nothing to do with capacity.
**Each words and pictures here is real, dont talk about any fake here!**
**3.Could you disclose the shortcoming of our product?**
Yes, Pure N ISO has a bit of smell, and our 170MP N ISO is little smell. 2A4P is also little smell, in addition, it

has many other positive comments from other users.
**4.Crystal Mixed service**
It must be a legal product, otherwise you have better keep silent.
**Welcome to buy more chemicals from our company, welcome to be the senior buyer of our company and we can share more technology support for you!**

Maybe some of yours want to use the crystal for diluting, or want it has some effect of you want.

From the opinion of chemical researching, this is the Same Molecule Formula of $C_{10}H_{15}N$.

Does this chemical meet your requirements? Is it easy to use? This depends not only on his molecule formula, but also on his chemical space structure and the pharmaceutical properties that this structure should give.

## Price List(Without Shipping fee)

**1.CAS 102-97-6, N-Isopropylbenzylamine(N ISO)**

100g,$168, 500g,$389, 1kg,$650/kg

Please choose one specification below:

(1)Pure N iso 210, Largest crystal, smell

Pink/Blue/Yellow/Green etc. color N ISO,

1kg, $980/kg, Customization, Food grade

(2)N-ISO mixed 180 Medium

(3)N-ISO mixed 170, Smallest crystal, No smell

**2.CAS 4395-73-7, 4-Isopropylbenzylamine(4 ISO)**

100g,$280, 500g,$900, 1kg,$1,500/kg

**3.CAS 22374-89-6, 2-Amino-4-phenylbutane(2A4P)**

100g,$280, 500g,$900, 1kg,$1,500/kg

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Sun, Apr 10, 2022 at 10:12 AM
To: sales@bloomtechz.com

Alex how you doing? Actually this product doesn't have a schedule with the DEA. But it's illegal in this state. I use it for a rust inhibitor, as was advertised. It didn't work.
[Quoted text hidden]
--
Hope credit

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Fri, Jun 10, 2022 at 12:43 PM
To: nick@covenantrecovery.com

[Quoted text hidden]

---

**Burchfield Bradley** <burchfieldbradley123@gmail.com> Mon, Jun 13, 2022 at 11:01 AM
To: s.nathan300192@yahoo.com

---------- Forwarded message ---------
From: <sales@bloomtechz.com>
Date: Sun, Jan 9, 2022 at 8:47 PM
Subject: Details N-Isopropylbenzylamine
To: <burchfieldbradley123@gmail.com>

[Quoted text hidden]

Exhibit C

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 22 2026

TAMMY H. DOWNS, CLERK
By: ______________
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD, individually and as the direct purchaser/beneficial owner of the subject claim, ) Civil Action No. 4:26cv611-DPM

)

Plaintiff, ) JURY TRIAL DEMANDED

v. )

06/22/26 11:56:11
Carol ...
Pulaski County District ...
Pulaski County Arkansas

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED; ALIBABA.COM US E-COMMERCE CORP.; ALIBABA GROUP HOLDING LIMITED; ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.; ZHISHANG NEW MATERIALS (SHANDONG) CO., LTD. (name variation to be clarified); SHAANXI BLOOM TECH CO., LTD.; JOHN DOE ALIBABA.COM OWNER / OPERATOR / PARENT / AFFILIATE / ALTER-EGO ENTITIES 1-10; and JOHN DOE SELLER ACCOUNT OPERATORS, SALES AGENTS, PAYMENT BENEFICIARIES, AND CO-CONSPIRATORS 1-20, )

Defendants.

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

**[redacted] COMPLAINT FOR CIVIL RICO, RICO CONSPIRACY, FRAUD, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICES, UNJUST ENRICHMENT, AND RELATED RELIEF**

**Civil RICO Case Statement Included**

Plaintiff Bradley Burchfield, appearing pro se only as to his own individual claims and not purporting to represent any separate limited liability company unless counsel appears for that entity, alleges as follows based on personal knowledge as to his own actions and records and on information and belief as to Defendants' internal acts, account relationships, payment routing, and communications:

## I. NATURE OF THE ACTION

1. This is a civil action arising from an Alibaba.com Trade Assurance transaction, Order No. 91906090501027582, dated on or about June 1, 2021, involving a chemical product

identified in the contract records as factory N-Isopropylbenzylamine, CAS 102-97-6, and related communications and payment records.

2. The prior state-court transfer motion was framed as a request to leave small claims court because the amended damages sought exceeded the small-claims and district-civil monetary limits. This federal pleading is different. It is drafted as a new federal civil complaint, not as a plaintiff's notice of removal from state court.

3. The core theory is that Defendants and related John Doe participants operated an association-in-fact enterprise using Alibaba.com marketplace accounts, Trade Assurance representations, seller identities, sales-agent communications, and United States payment channels to induce Plaintiff and similarly situated buyers to pay money for chemical orders while failing to deliver the contracted goods, failing to honor Trade Assurance remedies, concealing or denying logistics/dispute records, and using coercive communications to discourage complaints or reports.

4. Plaintiff pleads in the alternative under Federal Rule of Civil Procedure 8(d): Plaintiff alleges that the contracted goods were not delivered as promised. To the extent Defendants contend that any goods were delivered, Plaintiff alternatively alleges that the goods were not as represented, were not fit for the lawful commercial/rust-inhibitor use represented to Plaintiff, and did not satisfy the contract, advertising, or Trade Assurance promises.

5. Plaintiff does not admit any unlawful purpose for any purchase. Plaintiff alleges that the product was represented and sold to him as a lawful commercial or industrial product and/or rust-inhibitor product, and Plaintiff seeks relief for injury to his business or property arising from alleged deception, non-delivery, failed dispute resolution, and wrongful retention of money.

## II. PARTIES

6. Plaintiff Bradley Burchfield is an Arkansas resident. Plaintiff alleges that he paid for, controlled, or beneficially owned the claim arising from Alibaba.com Order No. 919060905010275 82 and suffered direct injury to his business or property. To the extent the Court determines that Burchfield Sales and Consulting LLC is the real party in interest, Plaintiff requests leave under Rule 17(a)(3) for ratification, joinder, substitution, or appearance of counsel for the LLC, rather than dismissal on that technical ground.

7. Defendant Alibaba.com Singapore E-Commerce Private Limited is identified in Plaintiff's records as the marketplace operator connected to the transaction. Plaintiff alleges that this entity operated or controlled material portions of the Alibaba.com marketplace, Trade Assurance contracting system, order records, buyer communications, and dispute-resolution process relevant to this case.

8. Defendant Alibaba.com US E-Commerce Corp. is alleged to be a United States Alibaba.com entity involved in or benefitting from United States-facing marketplace operations, seller support, buyer support, payments, records, and/or dispute-resolution functions. Its precise role is presently within Defendants' control and requires discovery.

9. Defendant Alibaba Group Holding Limited is alleged to be a parent, affiliate, alter ego, or controlling entity for Alibaba.com marketplace operations and policies, including seller onboarding, Trade Assurance representations, payment infrastructure, and dispute-

resolution systems. Plaintiff does not sue Alibaba Group merely because it is an investor or parent; Plaintiff sues based on alleged operational control, participation, benefit, or agency relationships to be proven through discovery.

10. Defendant Zichang New Materials (Shandong) Co., Ltd. is identified in the Trade Assurance Purchase Contract as the seller for Order No. 91906090501027582.

11. Defendant Zhishang New Materials (Shandong) Co., Ltd. is identified in uploaded payment records as a beneficiary associated with a domestic wire transfer account. Plaintiff alleges that Zichang and Zhishang may be a spelling, translation, affiliate, alias, account, or alter-ego variation related to the seller and requests discovery to determine the correct legal identity.

12. Defendant Shaanxi Bloom Tech Co., Ltd. is identified in uploaded payment records and the bloomtechz.com email address. Plaintiff alleges that this entity or its agents participated in related chemical-product solicitations, payment routing, buyer communications, or post-order communications.

13. The John Doe Alibaba.com owner/operator/parent/affiliate/alter-ego entities are presently unknown entities that owned, operated, controlled, administered, profited from, or provided records, payment, Trade Assurance, customer-service, seller-vetting, or dispute-resolution functions for the transaction and enterprise.

14. The John Doe seller account operators, sales agents, payment beneficiaries, and co-conspirators include persons using or associated with names, accounts, and communications such as Sweety Yin, Aurora Song, Erica Wang, sales@bloomtechz.com, and other marketplace or payment-account actors whose full legal identities, employers, agency relationships, and service addresses are presently unknown.

15. At all relevant times, each Defendant acted personally, through agents, through affiliated accounts, or through an association-in-fact enterprise, and each Defendant is liable for its own acts and for acts of agents, alter egos, co-conspirators, or joint enterprise participants where proven.

## III. JURISDICTION AND VENUE

16. This Court has federal-question jurisdiction under 28 U.S.C. Section 1331 because Plaintiff asserts claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sections 1961-1968.

17. This Court has civil RICO jurisdiction and remedial authority under 18 U.S.C. Section 1964(c), which authorizes a person injured in business or property by reason of a violation of 18 U.S.C. Section 1962 to sue in an appropriate United States district court for treble damages, costs, and attorney fees.

18. This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over the related Arkansas and common-law claims because they arise from the same case or controversy as the federal RICO claims.

19. Venue is proper under 28 U.S.C. Section 1391 because Plaintiff resides in Arkansas, a substantial part of the events or omissions giving rise to the claims occurred in Arkansas, the goods or money were directed to or from Arkansas, electronic communications were

received in Arkansas, and one or more foreign Defendants may be sued in any judicial district where personal jurisdiction exists.

20. The enterprise affected interstate and foreign commerce because it used an international e-commerce marketplace, electronic mail, internet platform transmissions, United States bank accounts and/or United States payment channels, and communications between Arkansas, China, Singapore, California, New York, and other locations.

21. Personal jurisdiction exists because Defendants purposefully directed marketplace sales, Trade Assurance contracting, electronic communications, payment channels, customer-service communications, and dispute-resolution activity toward Plaintiff in Arkansas and/or the United States, and Plaintiff's injuries arise from those contacts.

## IV. NOTICE REGARDING PRIOR FEDERAL ACTION

22. Plaintiff previously filed Burchfield v. Alibaba Group et al., Civil No. 1:22-cv-01023, in the United States District Court for the Western District of Arkansas. That action was dismissed at preservice screening after the magistrate judge concluded that the earlier pleading did not adequately plead, among other things, a RICO enterprise distinct from the alleged racketeering activity, the particularized who/what/when/where/how of fraud as to most defendants, interstate wire communications, a plausible witness-tampering or retaliation predicate, and a controlled-substance predicate.

23. This Complaint is drafted to address those identified pleading defects by: (a) pleading a narrower operational association-in-fact enterprise; (b) identifying concrete marketplace, seller, sales-agent, payment, and customer-service roles; (c) pleading specific electronic communications, order records, payment records, email solicitations, and dates; (d) focusing the RICO predicates on wire fraud and only pleading witness-intimidation as an alternative predicate if discovery links the communications to Defendants; and (e) seeking damages for business or property injury, not personal injury or generalized grievances.

24. Plaintiff does not intend to relitigate claims that a court determines were finally adjudicated in the prior case. Plaintiff alleges separate, additional, and continuing facts, including the specific Trade Assurance Order No. 91906090501027582, bank/payment records, post-transaction email solicitations, post-dismissal customer-service communications, and continued refusal to provide meaningful relief. Plaintiff pleads these facts to the fullest extent not barred by claim preclusion, issue preclusion, statutes of limitation, or other defenses.

## V. FACTUAL ALLEGATIONS

### A. Trade Assurance Contract and Order

25. On or about June 1, 2021, Plaintiff entered into or paid for Alibaba.com Order No. 91906090501027582 through Alibaba.com's Trade Assurance system.

26. The Trade Assurance Purchase Contract identifies the seller as Zichang New Materials (Shandong) Co., Ltd. and identifies the buyer or contact as Burchfield Sales and Consulting LLC / Bradley Burchfield.

27. The contract identifies the product as "factory N-Isopropylbenzylamine CAS 102-97-6," quantity 1.00 kilograms, unit price $615.00, shipping fee $50.00, insurance charges $50.00, and total contract amount $715.00. Plaintiff's state-court motion alleges that Plaintiff paid $736.38 on or about June 1, 2021, including any platform, payment, tax, insurance, shipping, or related charges.

28. The contract and Alibaba.com records represented that the order was subject to Trade Assurance terms, including shipment, delivery, documentation, dispute determination, and refund/remedy processes if the seller failed to ship or failed to deliver goods in compliance with the contract.

29. Plaintiff alleges that the material representations inducing payment included, without limitation, that the seller was a real registered seller, that Alibaba.com's Trade Assurance process provided meaningful protection, that payment would be applied to a legitimate transaction, that the contracted goods would be shipped and delivered, and that Plaintiff could obtain a refund, credit, or other meaningful remedy if the seller failed to perform.

30. Plaintiff paid money in reliance on those representations. Plaintiff alleges that Defendants accepted, routed, processed, retained, benefitted from, or controlled the proceeds of that transaction.

31. Plaintiff alleges that the contracted goods were never delivered as promised. In the alternative, if any product or substitute was sent, Plaintiff alleges it was not delivered as contracted, was not fit for the lawful commercial/rust-inhibitor use represented to Plaintiff, did not conform to the order, and did not satisfy the Trade Assurance representations.

**B. Marketplace, Seller, and Payment Communications**

32. Plaintiff's uploaded Alibaba message record shows a communication from a seller account identified as "Sweety Yin" stating that, due to Alibaba's monitoring, orders over $5,000 must be delivered to Alibaba for transportation, that the seller sent a pro forma invoice for a 1,000 kg order, and that payment could be made by bank. Plaintiff alleges that this communication shows the use of Alibaba.com platform messages, seller-agent accounts, Alibaba monitoring representations, and bank-payment routing in the same general course of chemical-product sales.

33. Plaintiff's uploaded payment records identify United States domestic wire-transfer account information for Shaanxi Bloom Tech Co., Ltd. through Citibank N.A., New York Branch, with a beneficiary address in San Mateo, California. For public filing, Plaintiff identifies the account only by beneficiary name and account ending 8500 unless the Court permits or requires an unredacted filing under seal.

34. Plaintiff's uploaded payment records also identify United States domestic wire-transfer account information for Zhishang New Materials (Shandong) Co., Ltd. through Citibank N.A., New York Branch, with a beneficiary address in San Mateo, California. For public filing, Plaintiff identifies the account only by beneficiary name and account ending 3443 unless the Court permits or requires an unredacted filing under seal.

35. Plaintiff alleges that these bank records are material because they show that foreign seller or affiliate entities used United States banking channels, United States addresses, and United

States wire-transfer infrastructure in connection with the same marketplace or seller network at issue.

36. Plaintiff alleges on information and belief that Defendants used multiple related names, seller accounts, sales agents, beneficiary names, and payment instructions to move money, conceal responsible parties, avoid direct refund obligations, and frustrate customer disputes.

**C. Threatening, Coercive, and Concealment Communications**

37. On or about January 9, 2022, an email from sales@bloomtechz.com to Plaintiff under the subject line "Details N-Isopropylbenzylamine" promoted a "Fresh batch" of "Blue Pure N iso crystal," stated that 16 kg was in stock, and listed prices for 100g, 500g, and 1kg quantities.

38. The January 9, 2022 email advertised and priced chemical products including N-Isopropylbenzylamine, CAS 102-97-6; 4-Isopropylbenzylamine, CAS 4395-73-7; and 2-Amino-4-phenylbutane (2A4P), CAS 22374-89-6.

39. The January 9, 2022 email solicited direct contact through WhatsApp/WeChat, identified the sender as a sales manager, and used language about "effect," crystal form, smell or no smell, customization, food grade, molecule formula, chemical structure, and pharmaceutical properties to market the products.

40. The same January 9, 2022 email further stated, in substance and as shown on page 2 of the email exhibit, that from the sender's chemical-research opinion the product was the "Same Molecule Formula of C10H15N." Plaintiff alleges that C10H15N is the molecular formula commonly associated with methamphetamine, and that the seller's own language created a material red flag that the product was being compared to, substituted for, or promoted in relation to a controlled stimulant substance. Plaintiff does not allege that molecular formula alone conclusively proves illegality; Plaintiff pleads the statement as evidence of knowledge, deceptive marketing, concealment, represented effect, and the need for discovery and expert testimony.

41. The same email did not merely identify an ordinary industrial chemical. It discussed product "effect," crystal form, smell or no smell, customization, "Food grade," "diluting," molecule formula, chemical-space structure, and "pharmaceutical properties." Plaintiff alleges these statements are relevant to the factors used to evaluate whether a product was marketed, advertised, labeled, represented, or intended for a non-industrial use, including a use implicating the Federal Analogue Act.

42. Plaintiff pleads, in the alternative and subject to discovery and expert testimony, that if the product marketed as N-Isopropylbenzylamine / "N ISO" is proven to have a substantially similar chemical structure to methamphetamine or another Schedule I or II controlled substance, and if the product was represented, intended, marketed, or distributed to have substantially similar stimulant effects or was intended for human consumption, then the January 9, 2022 email supports a controlled-substance-analogue theory under 21 U.S.C. Sections 802(32)(A) and 813.

43. Plaintiff further alleges, in the alternative, that if the controlled-substance-analogue elements are proven, the alleged dealing, marketing, sale, attempted sale, concealment, or distribution of such analogue would be relevant to the RICO definition of racketeering

activity under 18 U.S.C. Section 1961(1), including controlled-substance or listed-chemical racketeering activity, independent of and in addition to the wire-fraud theory. Plaintiff does not seek to privately prosecute the Controlled Substances Act; Plaintiff pleads these facts to show fraudulent inducement, scienter, concealment, intimidation, deceptive trade practices, RICO predicate context, and the need for discovery.

44. The January 9, 2022 email contained statements that Plaintiff understood as threatening, intimidating, or coercive, including: "Each words and pictures here is real, dont talk about any fake here!" and "It must be a legal product, otherwise you have better keep silent."

45. Plaintiff alleges that these statements were intended or reasonably calculated to discourage Plaintiff and other buyers from disputing sales, reporting deceptive advertising, challenging the legality or legitimacy of products, or seeking credit, refund, chargeback, Trade Assurance relief, law-enforcement review, or court relief.

46. On or about April 10, 2022, Plaintiff replied to sales@bloomtechz.com and stated, in substance, that the product was advertised for rust-inhibitor use, did not work as advertised, and Plaintiff hoped for credit. Plaintiff did not admit any unlawful use or purpose.

47. Plaintiff's uploaded Facebook-message screenshots show threats and insulting messages from an account identified as "Gera Vid So," including statements in Spanish that Plaintiff understands as meaning, among other things, "tell her she is going to pay," "she is going to suffer," and related abusive language. Plaintiff alleges that these communications contributed to intimidation and fear surrounding his complaints. Because the sender's legal identity and relationship to Defendants require discovery, Plaintiff does not rely on these Facebook messages as necessary RICO predicates unless discovery confirms agency, direction, or ratification by one or more Defendants.

48. Plaintiff alleges that the coercive email and threatening messages are relevant to motive, concealment, intimidation, and continuity, and that discovery is required to determine whether Defendants, their sales agents, seller accounts, or co-conspirators sent, authorized, ratified, or benefitted from those communications.

**D. Failure of Trade Assurance and 2026 Customer-Service Email**

49. Plaintiff repeatedly attempted to resolve the matter through Alibaba.com's internal complaint or dispute-resolution process. Plaintiff alleges that for approximately three years he received no meaningful delivery, refund, credit, disclosure of logistics records, or remedy.

50. On or about June 18, 2026, Alibaba Customer Service sent Plaintiff an email concerning "Solution for Trade Assurance Order 919060905010275 82." The email stated that Plaintiff's complaint had been escalated to a senior team.

51. The June 18, 2026 email stated that because the order was over three years old, logistics information could no longer be verified, and that the platform had no record of Plaintiff contacting customer service regarding the order.

52. The June 18, 2026 email offered Plaintiff a $500 Alibaba credit, valid for 90 days, for use toward a future Trade Assurance order, including product and shipping costs, but excluding payment-processing fees, taxes, or other additional services. The email instructed Plaintiff to reply "AGREE" if Plaintiff accepted that option.

53. Plaintiff alleges that the June 18, 2026 email is not a full refund, not return of the money paid, and not a meaningful remedy for Plaintiff's alleged injury. Plaintiff further alleges that the email supports his claims that Defendants failed to preserve, disclose, or honor logistics and dispute-resolution records while attempting to convert Plaintiff's refund demand into a future platform credit that would require additional dealings with Defendants.

54. Plaintiff alleges that Defendants' failure to maintain or produce logistics and customer-service records was foreseeable and wrongful because Alibaba.com and its Trade Assurance entities controlled the electronic order records, communications, payment records, seller account records, and dispute-resolution records necessary to resolve the claim.

## VI. CIVIL RICO ALLEGATIONS

### A. RICO Persons

55. Each named Defendant and each John Doe Defendant is a "person" within the meaning of 18 U.S.C. Section 1961(3) because each is an individual or entity capable of holding a legal or beneficial interest in property.

56. Plaintiff alleges that each Defendant named in the RICO counts conducted, participated in, agreed to conduct, or conspired to conduct the affairs of the enterprise through a pattern of racketeering activity, or knowingly benefitted from the enterprise while enabling the fraudulent scheme described herein.

### B. Association-in-Fact Enterprise

57. The RICO enterprise is an association-in-fact enterprise that Plaintiff refers to as the "Trade Assurance Chemical Sales Enterprise." The enterprise is distinct from any one Defendant and consisted of Alibaba.com marketplace operators, seller-account entities, related beneficiary entities, sales agents, customer-service/dispute-resolution personnel, payment beneficiaries, and John Doe participants who associated together to sell, process, receive money for, conceal, and avoid refund obligations for chemical-product orders marketed through or connected to Alibaba.com and related seller communications.

58. The enterprise had a common purpose: to obtain money from Plaintiff and other buyers by representing that chemical products and Trade Assurance-backed orders were legitimate, deliverable, protected, and refundable/creditable if not performed, while using multiple seller names, payment channels, post-sale communications, and dispute-resolution practices to retain money and avoid accountability when orders failed.

59. The enterprise had relationships among its participants. Alibaba marketplace entities provided the platform, Trade Assurance contract documents, order number, seller account infrastructure, buyer-facing representations, customer-service communications, dispute records, and platform credibility. Seller entities and sales agents supplied product descriptions, pricing, invoices, product solicitations, and buyer communications. Payment beneficiaries supplied or used domestic wire-transfer accounts and payment instructions. Customer-service personnel handled, denied, delayed, or limited remedies after complaints.

60. The enterprise had longevity sufficient to pursue its purpose. Plaintiff alleges the enterprise operated at least from the June 2021 Trade Assurance order, through the January 2022

chemical-solicitation email, through Plaintiff's April 2022 credit request, and through Alibaba's June 2026 customer-service email. The email language referring to a "group of buyers," "stable buyers," "senior buyer," and buying "more chemicals" further supports an ongoing multi-buyer business operation rather than an isolated one-time mistake.

61. The enterprise had an ascertainable structure distinct from the predicate racketeering acts. Its structure included seller onboarding and account maintenance, Trade Assurance contracting, sales-agent communication, pricing and product descriptions, payment routing, logistics and order records, complaint intake, customer-service escalation, and final credit/refund decisions.

**C. Pattern of Racketeering Activity**

62. Plaintiff alleges a pattern of racketeering activity consisting primarily of multiple acts indictable as wire fraud under 18 U.S.C. Section 1343 and, if discovery supports the required agency and intent, additional acts indictable as witness or victim intimidation under 18 U.S.C. Section 1512(b)(3). Plaintiff also pleads, in the alternative and subject to discovery and expert testimony, controlled-substance / analogue racketeering activity to the extent the evidence establishes conduct involving a controlled substance analogue under 21 U.S.C. Sections 802(32)(A) and 813 and a qualifying RICO predicate under 18 U.S.C. Section 1961(1).

63. The predicate acts were related because they had the same or similar purpose, participants, methods, and victims: inducing buyers to pay for chemical-product orders or future orders through electronic communications and marketplace records, retaining payment or benefit when performance failed, and discouraging complaints or reports.

64. The predicate acts satisfy continuity because they occurred over multiple years, involved more than one communication and account, referenced multiple buyers and repeat purchases, used ongoing marketplace and payment infrastructure, and continued through the 2026 customer-service attempt to resolve the matter through future credit rather than refund.

65. Plaintiff alleges that the predicate acts directly caused injury to his business or property because Plaintiff paid money and lost the use of money, goods, business time, business opportunities, and related property interests in reliance on the alleged misrepresentations and omissions.

**D. Predicate Acts Pleaded With Particularity**

The following allegations are pleaded to identify the who, what, when, where, and how of the alleged wire-fraud and intimidation predicates. Plaintiff expects discovery to supply internal records, sender identities, IP/account logs, seller-verification records, payment-routing records, and agency relationships.

| Approx. Date | Actor(s) | Communication / Conduct | Material Misrepresentation or Omission | RICO Predicate |
|---|---|---|---|---|
| June 1, 2021 | Alibaba.com marketplace entities; Zichang New Materials; seller account operators | Electronic Trade Assurance Purchase Contract and order record for Order No. 91906090501027582. | Represented that the seller and order were legitimate, Trade Assurance-backed, deliverable, documented, and subject to meaningful refund/remedy protections. | Wire fraud, 18 U.S.C. 1343 |
| June 1, 2021 | Marketplace/payment participants and seller/beneficiary entities | Electronic payment/order processing for contract amount $715.00 and alleged total paid $736.38. | Caused Plaintiff to part with money by representing that payment would secure conforming goods and Trade Assurance protection. | Wire fraud, 18 U.S.C. 1343 |
| June 2021 and related period | Seller agent/account identified as Sweety Yin and related seller entities | Alibaba.com message stating that Alibaba monitoring required certain high-value orders to be delivered to Alibaba for transportation, and soliciting payment by bank for a 1,000 kg pro forma invoice. | Represented Alibaba monitoring/logistics and bank-payment procedures in a manner Plaintiff alleges was used to legitimize seller conduct and payment routing. | Wire fraud, 18 U.S.C. 1343; evidence of enterprise structure |
| Jan. 9, 2022 | sales@bloomtechz.com; Aurora Song or related sales agent; Shaanxi Bloom Tech / related entities | Email titled "Details N-Isopropylbenzylamine" soliciting chemical purchases, direct WhatsApp/WeChat contact, price lists for multiple products, references to "effect," "diluting," "Food grade," chemical-space structure and pharmaceutical properties, and stating the product had the "Same Molecule Formula of C10H15N." | Represented legitimacy, availability, product characteristics, potential effects, molecular formula, and legality while using direct channels and warning buyers to keep silent if legality was questioned; supports scienter, concealment, and the alternative analogue theory subject to proof. | Wire fraud, 18 U.S.C. 1343; alternative intimidation predicate if intent and agency are proven; alternative controlled-substance / analogue racketeering predicate if expert proof establishes 21 U.S.C. 802(32)(A), 813 elements and 18 U.S.C. 1961(1) requirements. |
| Apr. 10, 2022 onward | Related seller/email recipients and Doe participants | Plaintiff requested credit after stating the product was advertised for rust-inhibitor use and did not work as advertised. | Failure to provide meaningful credit/refund despite notice of deceptive advertising and nonconforming performance. | Scheme continuation/concealment; wire fraud context |
| June 18, 2026 | Alibaba Customer Service / senior team | Email offering $500 future Alibaba credit, stating logistics could no longer be verified and no customer-service contact record existed. | Concealed, denied, or failed to preserve material logistics/dispute records and offered limited future credit rather than refunding Plaintiff's money. | Wire fraud/concealment context; continuing conduct |

## VII. CLAIMS FOR RELIEF

### COUNT I - CIVIL RICO VIOLATION, 18 U.S.C. SECTION 1962(c)

66. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

67. Each Defendant named in this Count is a RICO person distinct from the association-in-fact enterprise described above.

68. The Trade Assurance Chemical Sales Enterprise was an enterprise engaged in, and affecting, interstate and foreign commerce.

69. Defendants conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity consisting of multiple acts of wire fraud and, if proven, intimidation designed to hinder complaints or reports.

70. The wire-fraud predicates included electronic contracts, order records, marketplace messages, payment transmissions, product-solicitation emails, direct-contact solicitations, and post-sale customer-service communications used to obtain or retain money or property by materially false or misleading representations and omissions.

71. Plaintiff pleads the controlled-substance-analogue allegations as an alternative RICO predicate theory only. Plaintiff does not assert a freestanding private cause of action under the Controlled Substances Act. The analogue allegations are pleaded as predicate context and scienter evidence if discovery and expert proof establish the statutory elements, including substantial chemical-structure similarity, substantially similar or represented stimulant effect, and intended human consumption or marketing factors recognized by 21 U.S.C. Section 813.

72. Plaintiff relied on Defendants' representations and omissions and paid money that he would not have paid had the truth been disclosed, including the truth regarding seller identity, deliverability, Trade Assurance remedies, payment routing, complaint records, and Defendants' intent or ability to provide a refund or meaningful remedy.

73. As a direct and proximate result of Defendants' violation of 18 U.S.C. Section 1962(c), Plaintiff was injured in his business or property, including out-of-pocket payment, loss of use of funds, loss of expected goods, business interruption, lost opportunity, time and costs incurred pursuing relief, and other damages to be proven.

74. Plaintiff is entitled to treble damages, costs, and attorney fees under 18 U.S.C. Section 1964(c), plus all other relief allowed by law.

**COUNT II - RICO CONSPIRACY, 18 U.S.C. SECTION 1962(d)**

75. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

76. Defendants and John Doe participants knowingly agreed, expressly or tacitly, that one or more members of the enterprise would conduct the enterprise's affairs through wire-fraud predicates and related concealment acts.

77. The agreement may be inferred from Defendants' coordinated roles: platform contracting, seller account operation, payment routing, direct chemical-product solicitation, post-sale complaint handling, denial or loss of records, and limited credit offers rather than refund.

78. Each conspirator knew the general nature of the enterprise and agreed to facilitate its objective of obtaining or retaining buyer money through misrepresentations, omissions, and failed remedial procedures.

79. Plaintiff was injured in his business or property by reason of the conspiracy and is entitled to the remedies provided by 18 U.S.C. Section 1964(c).

## COUNT III - FRAUD AND INTENTIONAL MISREPRESENTATION

80. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

81. Defendants made material representations to Plaintiff regarding seller identity, product availability, delivery, Trade Assurance protection, refund/credit remedies, product characteristics, payment routing, logistics records, and dispute records.

82. Those representations were false or misleading when made, or became false or misleading when Defendants failed to disclose that the goods would not be delivered as promised, that meaningful Trade Assurance relief would not be provided, that logistics records would not be preserved or verified, or that Plaintiff would be offered only limited future credit after years of delay.

83. Defendants intended for Plaintiff to rely on the representations and omissions, and Plaintiff did reasonably rely by paying money, continuing to pursue internal dispute remedies, and delaying other relief while Defendants controlled the relevant records.

84. Plaintiff suffered damages as a direct and proximate result, including out-of-pocket loss, consequential business/property damages, loss of use, costs, and other damages to be proven.

## COUNT IV - BREACH OF CONTRACT / TRADE ASSURANCE OBLIGATIONS

85. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

86. The Trade Assurance Purchase Contract and related Alibaba.com order records formed a binding contract or series of contracts among Plaintiff, the seller, and/or the responsible Alibaba.com marketplace entities, affiliates, agents, and alter egos.

87. Plaintiff performed or substantially performed by paying the required money and providing information necessary for delivery or dispute resolution.

88. Defendants breached the contract and Trade Assurance obligations by failing to deliver the contracted goods, failing to provide conforming goods, failing to provide valid shipment/logistics documentation, failing to provide a refund or full remedy, failing to preserve or disclose order records, and offering only partial future platform credit after years of delay.

89. Plaintiff suffered damages in an amount to be proven at trial, including the payment amount, loss of benefit of the bargain, consequential business/property damages, costs, and other contract damages.

## COUNT V - DECEPTIVE TRADE PRACTICES / UNFAIR OR UNCONSCIONABLE CONDUCT

90. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

91. Defendants engaged in deceptive, unfair, or unconscionable trade practices by representing that the seller, goods, payment process, Trade Assurance program, delivery process, and dispute-resolution process were legitimate and effective, while failing to deliver or refund and failing to provide meaningful dispute relief.

92. Defendants also engaged in deceptive, unfair, or unconscionable trade practices by using chemical-product marketing that referenced "effect," "diluting," "Food grade," molecule formula, chemical-space structure, and pharmaceutical properties, while stating that the product had the "Same Molecule Formula of C10H15N" and warning that buyers had "better keep silent" if legality was questioned. Plaintiff alleges these representations and warnings were material to legality, product character, intended use, buyer safety, and Plaintiff's ability to challenge the transaction or seek relief.

93. Defendants' conduct had the capacity or tendency to deceive a reasonable buyer using an international marketplace for goods represented as lawful commercial or industrial products.

94. Plaintiff seeks all remedies available under Arkansas law and any other applicable consumer-protection or deceptive-trade-practices law, including actual damages, costs, fees where permitted, punitive damages where permitted, and injunctive or declaratory relief.

**COUNT VI - UNJUST ENRICHMENT / MONEY HAD AND RECEIVED**

95. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

96. Defendants received, retained, controlled, or benefitted from money paid by Plaintiff or from the proceeds, fees, commissions, platform charges, payment processing, customer retention, data, or other benefits derived from Plaintiff's transaction.

97. It would be inequitable for Defendants to retain those benefits because Plaintiff did not receive the contracted goods, full refund, or meaningful Trade Assurance remedy.

98. Plaintiff seeks restitution, disgorgement, return of money, constructive trust, prejudgment interest, and all other equitable relief allowed by law.

**COUNT VII - DECLARATORY AND INJUNCTIVE RELIEF**

99. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

100. An actual controversy exists regarding Defendants' obligations to preserve and produce order records, logistics records, seller-account records, payment-routing records, customer-service records, Trade Assurance records, and communications concerning Plaintiff's order and related seller accounts.

101. Plaintiff requests a declaration that Defendants must preserve and produce the records necessary to determine the identity, roles, and responsibility of all participants, and that Defendants may not condition relief on Plaintiff placing another order or using future platform credit if the law requires refund or restitution.

102. Plaintiff requests appropriate injunctive relief requiring Defendants to preserve relevant documents, suspend deletion or alteration of account/logistics/dispute records, and disclose the correct legal identities and service addresses of the seller, seller-account operators, payment beneficiaries, and relevant marketplace entities.

## VIII. DAMAGES AND RELIEF REQUESTED

A. Actual damages in an amount to be proven at trial, including at minimum the money paid for Order No. 91906090501027582 and any related charges, fees, lost use, lost

business/property opportunity, business interruption, consequential damages, and costs directly caused by the alleged misconduct in the amount of $200,000,000,000.00;

B. Treble damages under 18 U.S.C. Section 1964(c) for the civil RICO claims in the amount of $200,000,000,000.00;

C. Costs of suit and attorney fees where allowed by RICO, contract, statute, or law. Plaintiff appears pro se at this stage and reserves any right to recover attorney fees if counsel appears and the law permits;

D. Restitution, disgorgement, money had and received, constructive trust, and prejudgment and post-judgment interest where allowed in the amount of $200,000,000,000.00;

E. Punitive damages only for non-RICO claims and only to the extent permitted by applicable law and proven by the evidence in the amount of $200,000,000,000.00;

F. Declaratory and injunctive relief requiring preservation, production, and disclosure of order, seller, payment, customer-service, and dispute-resolution records in the amount of $200,000,000,000.00;

G. Leave to amend after discovery to identify Doe defendants, correct entity names, add responsible parties, add facts regarding agency/alter ego relationships, and conform pleadings to evidence;

H. Trial by jury on all issues so triable; and

I. All other relief that the Court deems just and proper.

## IX. JURY DEMAND

103. Plaintiff demands a trial by jury on all claims and issues so triable.

## X. CIVIL RICO CASE STATEMENT

Plaintiff provides the following RICO case statement to clarify the theory and to avoid any claim that the Complaint rests only on labels or conclusions:

**RICO statute invoked:** 18 U.S.C. Sections 1962(c), 1962(d), and 1964(c).

**RICO persons:** Alibaba.com Singapore E-Commerce Private Limited; Alibaba.com US E-Commerce Corp.; Alibaba Group Holding Limited; Zichang New Materials (Shandong) Co., Ltd.; Zhishang New Materials (Shandong) Co., Ltd.; Shaanxi Bloom Tech Co., Ltd.; and Doe entities/persons identified through discovery.

**RICO enterprise:** The Trade Assurance Chemical Sales Enterprise, an association-in-fact enterprise distinct from any one defendant.

**Enterprise purpose:** To obtain and retain buyer money through marketplace and direct communications by representing that chemical-product orders were legitimate, deliverable, Trade Assurance-backed, and refundable/creditable when performance failed.

**Enterprise structure:** Marketplace operators, seller accounts, sales agents, payment beneficiaries, dispute-resolution personnel, and affiliate/alter-ego entities performing distinct roles in order creation, payment, delivery representations, product solicitation, and complaint handling.

Predicate acts: Multiple wire-fraud acts under 18 U.S.C. Section 1343; alternative witness/victim-intimidation predicate under 18 U.S.C. Section 1512(b)(3) only if discovery links the coercive communications to Defendants and proves intent to hinder reporting or court/law-enforcement communications; and alternative controlled-substance / controlled-substance-analogue racketeering predicate only if discovery and expert proof establish the required elements under 21 U.S.C. Sections 802(32)(A) and 813 and the RICO predicate requirements of 18 U.S.C. Section 1961(1).

**Pattern:** Related acts from at least June 2021 through June 2026 involving the same marketplace, seller/payment network, product category, victim type, methods of communication, payment channels, and complaint-suppression or complaint-deflection methods.

**Direct injury:** Plaintiff paid money and suffered loss of money, loss of use, loss of expected goods, business/property damages, and costs because of the alleged scheme.

**Causation:** The electronic representations, Trade Assurance promises, seller/product statements, and payment/dispute conduct directly induced Plaintiff to pay and directly caused the retention or loss of Plaintiff's property.

**Relief:** Treble damages, costs, attorney fees where available, restitution, injunctive relief, declaratory relief, and related state-law remedies.

## XI. PROPOSED EXHIBIT LIST

Exhibit A - Trade Assurance Purchase Contract, Order No. 91906090501027582, dated June 1, 2021.

Exhibit B - Plaintiff's receipt/payment record showing payment of $736.38, if available.

Exhibit C - Alibaba.com seller/message screenshot involving Sweety Yin and Alibaba monitoring / 1,000 kg order / bank payment language.

Exhibit D - Redacted domestic wire-transfer account record for Shaanxi Bloom Tech Co., Ltd. through Citibank N.A., account ending 8500.

Exhibit E - Redacted domestic wire-transfer account record for Zhishang New Materials (Shandong) Co., Ltd. through Citibank N.A., account ending 3443.

Exhibit F - January 9, 2022 email from sales@bloomtechz.com titled "Details N-Isopropylbenzylamine," including product list, direct-contact solicitation, "effect," "diluting," "Food grade," molecule-formula, chemical-structure, pharmaceutical-properties, "Same Molecule Formula of $C_{10}H_{15}N$," and "keep silent" language.

Exhibit G - Plaintiff's April 10, 2022 reply requesting credit and stating that the product was represented for rust-inhibitor use and did not work as advertised.

Exhibit H - Facebook-message screenshots from "Gera Vid So" showing threatening or intimidating statements, filed for context and discovery subject to proof of connection.

Exhibit I - June 18, 2026 Alibaba Customer Service email regarding Solution for Trade Assurance Order 91906090501027582, logistics records, no customer-service record, and $500 future credit offer.

Exhibit J - Prior federal order and report/recommendation, filed only for transparency and to show how this Complaint pleads a narrower and more particularized theory.

Exhibit K – 6/1/26 Small Claims Complaint filed in Pulaski County Small Claims Court leading to admittance by defendants/alter ego leading to Exhibit I.

## XII. SIGNATURE

Respectfully submitted,

Bradley Burchfield

/s/ Bradley Burchfield

Bradley Burchfield
5420 Kavanaugh Blvd #7927
Little Rock, AR 72217
Phone: 479-223-0038
Email: burchfieldbradley123@gmail.com

Date: 6/22/26

## CERTIFICATE OF SERVICE

I certify that on 6/22/26, I served a true and correct copy of this Complaint and all exhibits on the Defendants by the method required by the Federal Rules of Civil Procedure, or will request issuance of summonses and complete service as directed by the Clerk and Court.

/s/ Bradley Burchfield
Bradley Burchfield

Exhibit B

Gmail

Burchfield Bradley <burchfieldbradley123@gmail.com>

**Solution for Trade Assurance Order 91906090501027582**

1 message

**Alibaba Customer Service** <queryreply@service.alibaba.com> Thu, Jun 18, 2026 at 1:28 AM
To: burchfieldbradley123@gmail.com

Hi Bradley,

We have received your complaint regarding to this order 91906090501027582, please rest assured that this case been escalated to our senior team.

Since this order is over three years old, the logistics information can no longer be verified. Additionally, the platform has no record of you contacting customer service regarding this order.

However, we fully understand your concerns, to better assist you and enhance your purchasing experience on our platform, we will help you apply 500USD Alibaba credit (validity period is 90days from the date of issue) to settle this case. This credit can be applied to your future trade assurance order, including product and shipping costs, but please kindly note it cannot be applied to payment processing fees, taxes, or other additional services.
You may check the credit amount/validity in My Alibaba > Coupons and Credit.

Important note: All discounts (includes coupons & credit) can be combined used in your future trade assurance order as long as your order exceeds the minimum amount of USD 0.30.

Alibaba.com Credit cannot be used to settle the remaining balance of an order.

Please reply AGREE if you can accept this option.

Thank you for your kindly trust and patience with us.

Best Regard,
Alibaba Service Team

Gmail

Burchfield Bradley <burchfieldbradley123@gmail.com>

**Solution for Trade Assurance Order 91906090501027582**

**Alibaba Customer Service** <queryreply@service.alibaba.com> Mon, Jun 22, 2026 at 1:18 AM
To: burchfieldbradley123@gmail.com

Hi Bradley,

We have received your complaint regarding to this order 91906090501027582, please rest assured that this case been escalated to our senior team.

We understand your concerns and the potential impact on you. If you confirm acceptance of USD 500 as the final settlement, we will offer you two refund options:

**Option 1: We will refund 500 USD Alibaba credit to your Alibaba account. ( It will take approximately 1-2 business days.)**

The validity period is 90days from the date of issue. This credit can be applied to your future trade assurance order, including product and shipping costs, but please kindly note it cannot be applied to payment processing fees, taxes, or other additional services.

You may check the credit amount/validity in My Alibaba > Coupons and Credit.
Important note: All discounts (includes coupons & credit) can be combined used in your future trade assurance order as long as your order exceeds the minimum amount of USD 0.30.

Alibaba.com Credit cannot be used to settle the remaining balance of an order.

OR

**Option 2: We will refund 500 USD to your bank account. ( It will take approximately 5-7 business days.)**

**You will need to provide the following cash bank account information and ensure that the account can receive foreign currency. Also, due to bank fees, the actual refund you receive will be less than 500 USD.**

Beneficiary Name:
Beneficiary Account Number
IBAN Code:
Routing Number (for U.S. Banks):
Sort Code (for UK Banks):
BSB Code (for Australian Banks):
Beneficiary Address:
Beneficiary Bank:
Beneficiary Bank Country:
Beneficiary Bank SWIFT Code (necessary) :
Intermediary Bank SWIFT Code (if applicable):
StreetName: (necessary, Maximum 70 characters)
BuildingNumber: (necessary, Maximum 16 characters)
PostalCode: (necessary, Maximum 16 characters)
TownName: (necessary, Maximum 35 characters)
CountrySubdivision: (necessary)

Please reply which option you prefer.

Thank you for your kindly trust and patience with us.

Best Regard,
Alibaba Service Team

---

发件人: [object Object]

发送时间: 19-06-2026 21:15
收件人: Alibaba Customer Service
主 题: Re: Solution for Trade Assurance Order 91906090501027582
[Quoted text hidden]
[Quoted text hidden]

# 证物B中文译文 / 原件第1页

阿肯色州小石城地区法院

民事 / 小额诉讼庭，Pulaski 县

原告：BRADLEY BURCHFIELD

诉

被告：ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED；ALIBABA.COM US E-COMMERCE CORP.；ALIBABA GROUP HOLDING LIMITED；ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.；以及姓名不详的 ALIBABA.COM 所有人 / 运营方 / 母公司 / 关联方 / 人格混同实体1至10。

案号：PCSC-26-189。

[原件有2026年6月22日的法院收件章；其余模糊章文以所附原件为准。]

原告关于准许修改起诉状、将案件移出小额诉讼庭并移送巡回法院的动议

原告现仅就其个人身份自行出庭，请求本院准许修改起诉状，将本案移出小额诉讼庭并移送阿肯色州 Pulaski 县巡回法院民事庭，因为原告修改后的请求要求赔偿柒万伍仟美元整（$75,000.00），超过阿肯色州小额诉讼及地区法院民事案件的金额管辖范围。为支持本动议，原告陈述如下：

1. 背景

1. 原告已经提起或拟提起本诉讼，事由为一笔 Alibaba.com 交易。

2. 该交易涉及 Alibaba.com 订单号91906090501027582。

3. 原告于2021年6月1日左右支付736.38美元，购买通过 Alibaba.com 销售的货物。

4. 收据将 Alibaba.com Singapore E-Commerce Private Limited 列为市场平台运营方。

5. 收据将 Zichang New Materials (shandong) Co., Ltd. 列为卖方。

6. 原告主张所购货物从未交付。

7. 原告进一步主张，其花费约三年时间尝试通过 Alibaba.com 内部争议解决程序处理此事，却未收到货物、退款或实质性救济。

8. 原告现请求修改诉讼请求，提出超过小额诉讼庭及地区法院民事庭管辖金额上限的赔偿及其他请求。

2. 关于威胁 / 胁迫性电子邮件通讯的补充事实

# 证物B中文译文 / 原件第2页

9. 原告请求准许增加以下事实主张：与卖方、供应商、销售商或相关平台账户有关的电子邮件，于2022年1月9日左右由 sales@bloomtechz.com 发给原告，主题为“Details N-Isopropylbenzylamine”（N-异丙基苄胺详情）。

10. 该邮件推销“新批次”的“蓝色纯 N iso 晶体”，列明以公斤计的供应量及100克、500克和1公斤的价格。

11. 邮件宣传并报价的化学品包括 N-异丙基苄胺（CAS 102-97-6）；4-异丙基苄胺（CAS 4395-73-7）；以及2-氨基-4-苯基丁烷（2A4P，CAS 22374-89-6）。

12. 邮件招揽通过 WhatsApp / WeChat 直接联系，注明一名销售经理，并以“效果”、晶体形态、气味或无气味、定制、食品级、分子式、化学结构及药理性质等说法推销产品。

13. 邮件含有原告合理理解为威胁、恐吓及胁迫的措辞，包括：“这里的每一个字和图片都是真的，不要在这里说任何假货！”以及“这必须是合法产品，否则你最好保持沉默。”

14. 原告主张，这些措辞旨在或可以合理预见会阻止原告及其他买方对交易提出争议、举报欺骗性广告、质疑产品合法性或正当性，以及寻求抵用额度、退款或其他救济。

15. 原告还主张，其后来的回复指出该产品曾被宣传为防锈剂，却未达到宣传效果，因此要求给予抵用额度。原告不承认有任何非法用途，并主张该产品向其宣传为合法商业产品或防锈产品。

16. 原告主张，这些事实属于同一交易历史及行为过程，支持修改后的欺骗性交易、欺诈或虚假陈述、未提供有效争议救济以及经证明后可请求的惩罚性赔偿等请求，并表明有必要就卖方、卖方账户、通讯、资金流、平台监督以及人格混同 / 关联实体开展证据开示。

3. 修改及移送的理由

17. 原告请求修改起诉状，提出违约、未交付货物、欺骗性交易行为、欺诈或虚假陈述、不当得利、返还已收款项，以及人格混同 / 揭开公司面纱责任的请求。

18. 原告请求赔偿总额75,000.00美元，包括但不限于实际自付损失、后果性损害、营业中断损失、使用利益损失、机会损失、费用、经证明的惩罚性赔偿、法律允许的律师费，以及证据支持的其他救济。

19. 补充的邮件事实进一步支持修改，因为原告拟完整陈述所称平台、卖方、销售商及关联方的不当行为，包括欺骗性营销、围绕客户投诉的胁迫或恐吓性通讯，以及未提供有效争议救济。

20. 邮件事实亦支持在巡回法院进行证据开示，以查明身份、角色、母公司 / 关联关系、人格混同关系、通讯、卖方审查做法、争议处理记录、付款记录，以及确定原告损失责任所需的文件。

21. 阿肯色州小额诉讼法院对75,000.00美元的请求没有管辖权。

22. 阿肯色州地区法院民事庭对75,000.00美元的请求也没有管辖权。

## 证物B中文译文 / 原件第3页

23. 阿肯色州巡回法院是审理原告修改后民事请求的适当法院。

24. 因此，原告请求准许修改起诉状，并将本案移出小额诉讼庭，移送阿肯色州 Pulaski 县巡回法院民事庭。

25. 原告随本动议附上或提交拟议第一次修正起诉状，并请求将威胁 / 胁迫性电子邮件及相关通讯作为证物或支持证据。

26. 原告请求在阿肯色州法律允许的最大范围内保留本案立案日期，因为基础交易发生于2021年6月1日左右，原告正及时采取行动，使案件进入适当法院。

4. 请求的救济

据此，原告恭请本院：

A. 准许原告修改起诉状；

B. 接受原告请求75,000.00美元赔偿的第一次修正起诉状；

C. 准许原告将威胁 / 胁迫性电子邮件及相关通讯作为支持第一次修正起诉状的证物或证据附入并提交；

D. 将本案移出小额诉讼庭；

E. 将本案移送阿肯色州 Pulaski 县巡回法院民事庭；

F. 指示书记员将诉状、证物、案卷目录及所有提交文件移交巡回法院书记员；

G. 在法律允许的最大范围内保留原告立案日期；

H. 移送后取消任何小额诉讼排期；

I. 或者，如本院认定不能直接移送，仅因欠缺金额管辖权而驳回本案但不妨碍再次起诉，并明确说明该驳回不涉及实体问题，也未裁判原告的请求；及

J. 给予其他一切公正适当的救济。

谨此提交。

[原件有 Bradley Burchfield 手写签名。]

Bradley Burchfield

地址：5420 Kavanaugh Blvd #7927, Little Rock, AR 72217

电话：479-223-0038

电子邮箱：burchfieldbradley123@gmail.com

日期：6 22 26（2026年6月22日）。

# 证物B中文译文 / 原件第4页

[原件手写标记：Exhibit A（原文件内部证物A）。Gmail邮件打印件。]

账户：Burchfield Bradley <burchfieldbradley123@gmail.com>

主题：N-异丙基苄胺详情。共4封邮件。

发件人：sales@bloomtechz.com <sales@bloomtechz.com>

时间：2022年1月9日星期日，晚上8:47。

收件人：burchfieldbradley123@gmail.com

新批次出货了！

现货只有16公斤蓝色纯N iso晶体，错过就要再等一个月。

价格表（EXW，工厂交货，美元）：100克298美元，500克496美元，1公斤820美元。

[原件含一张晶体状物质照片。]

关于异丙基苄胺（CAS 102-97-6）晶体系列产品的重要信息：

欢迎成为我们买家群体的新成员，我是销售经理Aurora Song。

WhatsApp / WeChat：+86 17791833715。

坦率地说，我们被问得最多的是效果。

我们已成功将许多种化学品制成晶体。常见问题请见下文：

1. 我们如何定价

我们根据原材料价格及产品生产周期确定产品价格。价格与产品是否好用无关。

2. 哪一种最好

从形状看，Pure N ISO是大条状的，它最好。从气味看，170N ISO和2A4P最好。还有其他一些新型化学品，是我们为固定买家研发的，不能向你透露。

如果你要求大条状晶体没有气味，这是不可能的。这是化学原理，与能力无关。

这里每一个字和图片都是真的，不要在这里说任何假货！

3. 你能披露你们产品的缺点吗？

可以，Pure N ISO有一点气味，我们的170MP N ISO气味较小。2A4P也气味较小，此外，它——[句子续于原件下一页]

# 证物B中文译文 / 原件第5页

[承接上一页]——还得到了其他用户的许多正面评价。

4. 晶体混合服务

这必须是合法产品，否则你最好保持沉默。

欢迎向本公司购买更多化学品，欢迎成为本公司的资深买家，我们可以向你提供更多技术支持！

也许你们中有人想用晶体作稀释用途，或希望它产生你所期望的某种效果。

从化学研究的角度说，这是相同的分子式 C10H15N。

这种化学品符合你的要求吗？容易使用吗？这不仅取决于其分子式，也取决于其化学空间结构以及该结构应具有的药理性质。

价格表（不含运费）

1. CAS 102-97-6，N-异丙基苄胺（N ISO）：100克168美元，500克389美元，1公斤650美元 / 公斤。

请从以下规格中选择：

（1）Pure N iso 210：最大晶体，有气味。粉色 / 蓝色 / 黄色 / 绿色等颜色的 N ISO；1公斤，980美元 / 公斤，定制，食品级。

（2）N-ISO mixed 180：中等。

（3）N-ISO mixed 170：最小晶体，无气味。

2. CAS 4395-73-7，4-异丙基苄胺（4 ISO）：100克280美元，500克900美元，1公斤1,500美元 / 公斤。

3. CAS 22374-89-6，2-氨基-4-苯基丁烷（2A4P）：100克280美元，500克900美元，1公斤1,500美元 / 公斤。

发件人：Burchfield Bradley <burchfieldbradley123@gmail.com>

时间：2022年4月10日星期日，上午10:12。

收件人：sales@bloomtechz.com

Alex，你好吗？实际上，这种产品没有被 DEA 列入管制清单。但它在本州是非法的。我按宣传所说把它用作防锈剂。它没有效果。

希望给予抵用额度。

[引用的文字已隐藏。]

发件人：Burchfield Bradley <burchfieldbradley123@gmail.com>

时间：2022年6月10日星期五，中午12:43。

收件人：nick@covenantrecovery.com

[引用的文字已隐藏。]

发件人：Burchfield Bradley <burchfieldbradley123@gmail.com>

时间：2022年6月13日星期一，上午11:01。

收件人：s.nathan300192@yahoo.com

# 证物B中文译文 / 原件第6页

---------- 转发的邮件 ----------

发件人：<sales@bloomtechz.com>

日期：2022年1月9日星期日，晚上8:47。

主题：N-异丙基苄胺详情。

收件人：<burchfieldbradley123@gmail.com>

[引用的文字已隐藏。]

# 证物B中文译文 / 原件第7页

[原件手写：Exhibit C（原文件内部证物C）。]

美国阿肯色州东区联邦地区法院，中央分院

[联邦法院收件章：2026年6月22日；书记员 TAMMY H. DOWNS；副书记员栏空白。另有州法院章：06/22/26 11:56:11，Carol L. Wilkins，Pulaski County District Court，Pulaski County, Arkansas。]

原告：BRADLEY BURCHFIELD，以个人身份及涉案请求的直接购买人 / 实益权利人身份。

诉

被告：ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED；ALIBABA.COM US E-COMMERCE CORP.；ALIBABA GROUP HOLDING LIMITED；ZICHANG NEW MATERIALS (SHANDONG) CO., LTD.；ZHISHANG NEW MATERIALS (SHANDONG) CO., LTD.（名称差异有待澄清）；SHAANXI BLOOM TECH CO., LTD.；姓名不详的 ALIBABA.COM 所有人 / 运营方 / 母公司 / 关联方 / 人格混同实体1至10；以及姓名不详的卖方账户运营人、销售代理人、收款受益人及共同共谋人1至20。

民事案号：4:26-cv-00611-DPM（原件手写）。要求陪审团审理。

[分案章：地区法官 Marshall；治安法官 Volpe。]

关于民事 RICO、RICO 共谋、欺诈、违约、欺骗性交易行为、不当得利及相关救济的起诉状

内含民事 RICO 案情陈述

[标题前有被涂去的文字，无法辨认。]

原告 Bradley Burchfield 仅就其个人请求自行出庭；除非某独立有限责任公司由律师出庭，否则不拟代表该公司。原告根据对本人行为及记录的亲身了解，以及对被告内部行为、账户关系、支付路径和通讯的所知所信，提出以下主张：

一、诉讼性质

1. 本民事诉讼源于2021年6月1日左右的 Alibaba.com Trade Assurance（信用保障）交易，订单号91906090501027582，涉及一项化学产品——[续下页]

# 证物B中文译文 / 原件第8页

[续第1段]——合同记录将其记为“factory N-Isopropylbenzylamine, CAS 102-97-6”，以及相关通讯和付款记录。

2. 先前的州法院移送动议，是因修改后请求的赔偿额超过小额诉讼及地区法院民事案件的金额上限，而请求离开小额诉讼法院。本联邦诉状有所不同：它被拟为一份新的联邦民事起诉状，而非原告将案件从州法院移除的通知。

3. 核心主张是：被告及相关姓名不详的参与者利用 Alibaba.com 平台账户、信用保障陈述、卖方身份、销售代理通讯和美国支付渠道，经营一个事实联合体，诱使原告及类似买方支付化学品订单款项，却未交付约定货物、未兑现信用保障救济，隐瞒或否认物流 / 争议记录，并以胁迫性通讯阻止投诉或举报。

4. 原告依据《联邦民事诉讼规则》8(d)提出备选主张：约定货物未按承诺交付。如被告主张曾交付任何货物，原告备选主张货物与陈述不符，不适合向原告宣传的合法商业 / 防锈用途，也不符合合同、广告或信用保障承诺。

5. 原告不承认任何购买具有非法目的。原告主张，产品被作为合法商业或工业产品及 / 或防锈产品向其介绍和销售；原告请求救济的依据是所称欺骗、不交付、争议解决失败及不当扣留款项造成的营业或财产损害。

二、当事人

6. 原告 Bradley Burchfield 是阿肯色州居民。原告主张其支付、控制或实益拥有订单91906090501027582所产生的请求权，并遭受直接营业或财产损害。如本院认定 Burchfield Sales and Consulting LLC 才是真正利害关系人，原告请求依据规则17(a)(3)准许该公司追认、加入、替代或由律师出庭，而非基于此技术性理由驳回。

7. 原告记录将被告 Alibaba.com Singapore E-Commerce Private Limited 列为与交易有关的平台运营方。原告主张，该实体运营或控制与本案有关的平台重要部分、信用保障缔约系统、订单记录、买方通讯及争议解决流程。

8. 据称被告 Alibaba.com US E-Commerce Corp. 是一家美国 Alibaba.com 实体，参与或受益于面向美国的平台运营、卖方支持、买方支持、付款、记录及 / 或争议解决职能。其准确角色目前掌握在被告手中，需要证据开示。

9. 据称被告 Alibaba Group Holding Limited 是平台运营和政策的母公司、关联方、人格混同实体或控制实体，包括卖方准入、信用保障陈述、支付基础设施以及争议——[续下页]

# 证物B中文译文 / 原件第9页

[续第9段]——解决系统。原告并非仅因 Alibaba Group 是投资人或母公司而起诉；原告基于有待通过证据开示证明的运营控制、参与、获益或代理关系起诉。

10. 信用保障采购合同将 Zichang New Materials (Shandong) Co., Ltd. 列为订单91906090501027582的卖方。

11. 已上传的付款记录将 Zhishang New Materials (Shandong) Co., Ltd. 列为与一个境内电汇账户相关的受益人。原告主张，Zichang 和 Zhishang 可能是与卖方有关的拼写、翻译、关联方、别名、账户或人格混同名称差异，并请求通过证据开示确定正确法律身份。

12. 已上传付款记录及 bloomtechz.com 邮箱识别出 Shaanxi Bloom Tech Co., Ltd.。原告主张该实体或其代理参与相关化学品招揽、付款路径安排、买方通讯或订单后的通讯。

13. 姓名不详的 Alibaba.com 所有人 / 运营方 / 母公司 / 关联方 / 人格混同实体，是目前未知的实体，其拥有、运营、控制、管理该交易及联合体，从中获利，或提供记录、付款、信用保障、客户服务、卖方审查或争议解决职能。

14. 姓名不详的卖方账户运营人、销售代理人、收款受益人及共同共谋人，包括使用或关联于 Sweety Yin、Aurora Song、Erica Wang、sales@bloomtechz.com 等姓名、账户及通讯的人，以及其完整法律身份、雇主、代理关系及送达地址目前未知的其他平台或支付账户参与者。

15. 在所有相关时间，各被告亲自、通过代理、关联账户或事实联合体行事；在得到证明的情况下，各被告对自身行为以及代理人、人格混同实体、共同共谋人或共同联合体参与者的行为承担责任。

## 三、管辖权及审判地

16. 本院依据28 U.S.C. §1331具有联邦问题管辖权，因为原告提出源于《反敲诈勒索及腐败组织法》（RICO），18 U.S.C. §§1961－1968的请求。

17. 本院依据18 U.S.C. §1964(c)具有民事 RICO 管辖权及救济权限；该条准许因违反18 U.S.C. §1962而在营业或财产上受损的人，在适当的美国联邦地区法院请求三倍赔偿、诉讼费用及律师费。

18. 本院依据28 U.S.C. §1367对相关阿肯色州法及普通法请求具有补充管辖权，因为这些请求与联邦 RICO 请求源于同一案件或争议。

19. 依据28 U.S.C. §1391，本审判地适当，因为原告居住于阿肯色州，产生请求的重要事件或不作为发生于阿肯色州，货物或款项被送往或来自阿肯色州，电子通讯——[续下页]

# 证物B中文译文 / 原件第10页

[续第19段]——在阿肯色州接收，且一个或多个外国被告可在具有对人管辖权的任何司法区被起诉。

20. 该联合体影响州际及对外商业，因为其使用国际电子商务平台、电子邮件、互联网平台传输、美国银行账户及 / 或美国支付渠道，以及阿肯色州、中国、新加坡、加利福尼亚州、纽约州和其他地点之间的通讯。

21. 本院具有对人管辖权，因为被告有意将平台销售、信用保障缔约、电子通讯、支付渠道、客户服务通讯和争议解决活动指向阿肯色州的原告及 / 或美国，而原告损害源于这些联系。

四、关于先前联邦诉讼的通知

22. 原告此前在美国阿肯色州西区联邦地区法院提起 Burchfield v. Alibaba Group et al.，民事案号 1:22-cv-01023。该案在送达前审查时被驳回；治安法官认为先前诉状未充分陈述的事项包括：区别于所称敲诈勒索活动的 RICO 联合体；大多数被告欺诈行为的具体主体、内容、时间、地点和方式；州际电子通讯；可信的证人干扰或报复基础行为；以及受控物质基础行为。

23. 本起诉状旨在通过以下方式回应这些诉状缺陷：（a）提出范围更窄的运营性事实联合体；（b）识别具体的平台、卖方、销售代理、支付和客服角色；（c）列明具体电子通讯、订单记录、付款记录、邮件招揽及日期；（d）将 RICO 基础行为重点放在电信欺诈，只有在证据开示将通讯与被告联系起来时，才将证人恐吓作为备选基础行为；（e）请求营业或财产损害赔偿，而非人身伤害或一般性不满。

24. 原告不打算重新诉讼法院认定已经终局裁判的请求。原告主张独立、补充及持续发生的事实，包括特定信用保障订单91906090501027582、银行 / 付款记录、交易后邮件招揽、先案驳回后的客服通讯，以及持续拒绝提供实质救济。原告在不受请求排除、争点排除、诉讼时效或其他抗辩限制的最大范围内提出这些事实。

五、事实主张

A. 信用保障合同及订单

25. 2021年6月1日左右，原告通过 Alibaba.com 信用保障系统订立或支付订单91906090501027582。

26. 信用保障采购合同将卖方列为 Zichang New Materials (Shandong) Co., Ltd.，将买方或联系人列为 Burchfield Sales and Consulting LLC / Bradley Burchfield。

# 证物B中文译文 / 原件第11页

27. 合同将产品列为“Factory N-Isopropylbenzylamine CAS 102-97-6”，数量1.00公斤，单价615.00美元，运费50.00美元，保险费50.00美元，合同总额715.00美元。原告的州法院动议主张，其在2021年6月1日左右支付736.38美元，包括任何平台、支付、税项、保险、运输或相关费用。

28. 合同及 Alibaba.com 记录表明该订单适用信用保障条款，包括发货、交付、文件记录、争议裁定，以及卖方不发货或未按合同交货时的退款 / 救济程序。

29. 原告主张，诱使付款的重要陈述包括但不限于：卖方是真实注册的卖方；信用保障流程提供实质保护；款项用于合法交易；约定货物将发货并交付；卖方不履行时原告可获得退款、抵用额度或其他实质救济。

30. 原告信赖这些陈述而付款。原告主张被告接收、转拨、处理、保留、受益于或控制该交易所得款项。

31. 原告主张约定货物从未按承诺交付。备选而言，如曾寄出任何产品或替代品，原告主张其未按合同交付、不适合所宣传的合法商业 / 防锈用途、不符合订单，也不符合信用保障陈述。

B. 平台、卖方及支付通讯

32. 原告上传的 Alibaba 消息记录显示，名为“Sweety Yin”的卖方账户表示，由于 Alibaba 的监控，超过5,000美元的订单必须交给 Alibaba 运输；卖方已发送1,000公斤订单的形式发票，并可通过银行付款。原告主张，这一通讯显示，在同一类化学品销售过程中使用了平台消息、卖方代理账户、Alibaba 监控陈述及银行付款路径安排。

33. 原告上传的付款记录列明 Shaanxi Bloom Tech Co., Ltd. 通过 Citibank N.A. 纽约分行使用的美国境内电汇账户信息，受益人地址位于加利福尼亚州 San Mateo。公开提交时，原告仅披露受益人名称及尾号8500，除非法院准许或要求密封提交未删节记录。

34. 付款记录也列明 Zhishang New Materials (Shandong) Co., Ltd. 通过 Citibank N.A. 纽约分行使用的美国境内电汇账户信息，受益人地址位于加利福尼亚州 San Mateo。公开提交时，原告仅披露受益人名称及尾号3443，除非法院准许或要求密封提交未删节记录。

35. 原告主张这些银行记录重要，因为它们表明外国卖方或关联实体使用美国银行渠道、美国地址及美国——[续下页]

# 证物B中文译文 / 原件第12页

[续第35段]——电汇基础设施，与本案所涉同一平台或卖方网络有关。

36. 原告基于所知所信主张，被告使用多个相关名称、卖方账户、销售代理人、受益人名称及付款指示来转移款项，隐瞒责任方、规避直接退款义务并阻挠客户争议。

C. 威胁、胁迫及隐瞒性通讯

37. 2022年1月9日左右，sales@bloomtechz.com 向原告发送主题为“Details N-Isopropylbenzylamine”的邮件，宣传“新批次”的“蓝色纯 N iso 晶体”，称有16公斤现货，并列明100克、500克及1公斤的价格。

38. 该邮件宣传并报价的化学品包括 N-异丙基苄胺（CAS 102-97-6）、4-异丙基苄胺（CAS 4395-73-7）及2-氨基-4-苯基丁烷（2A4P，CAS 22374-89-6）。

39. 邮件招揽通过 WhatsApp / WeChat 直接联系，自称销售经理，并以“效果”、晶体形态、气味或无气味、定制、食品级、分子式、化学结构及药理性质等措辞推销产品。

40. 同一邮件还称，如邮件证物第2页所示，从发件人的化学研究观点看，产品具有“相同的分子式 C10H15N”。原告主张 C10H15N 是通常与甲基苯丙胺相关联的分子式，卖方自身措辞构成重要警示，表明产品被拿来与受控兴奋剂比较、替代或关联推销。原告不主张仅凭分子式即可确证非法性，而是将该表述作为知情、欺骗性营销、隐瞒、所宣称效果以及需要证据开示和专家证言的证据。

41. 邮件不仅仅介绍普通工业化学品，还讨论产品“效果”、晶体形态、气味或无气味、定制、“食品级”、“稀释”、分子式、化学空间结构和“药理性质”。原告主张，这些表述与评估产品是否被营销、广告宣传、标示、陈述或意图用于非工业用途的因素有关，包括可能涉及《联邦类似物法》的用途。

42. 原告以备选方式并以证据开示及专家证言为前提主张：如被宣传为 N-异丙基苄胺 / “N ISO”的产品被证明具有与甲基苯丙胺或其他附表I或II受控物质实质相似的化学结构，且被陈述、意图、营销或分销为具有实质相似兴奋效果，或拟供人体消费，则该邮件支持21 U.S.C. § §802(32)(A)、813下的受控物质类似物理论。

43. 原告进一步备选主张，如类似物要件获证明，所称交易、营销、销售、销售未遂、隐瞒或分销行为，与18 U.S.C. §1961(1)所定义的敲诈勒索——[续下页]

## 证物B中文译文 / 原件第13页

[续第43段]——活动有关，包括受控物质或所列化学品的敲诈勒索活动，独立于并补充电信欺诈理论。原告不寻求私人刑事追诉《受控物质法》，而是提出这些事实以显示欺诈诱导、明知、隐瞒、恐吓、欺骗性交易、RICO 基础行为背景及证据开示的必要性。

44. 2022年1月9日邮件含有原告理解为威胁、恐吓或胁迫的表述，包括："这里的每一个字和图片都是真的，不要在这里说任何假货！"及"这必须是合法产品，否则你最好保持沉默。"

45. 原告主张，这些表述旨在或可合理预见会阻止原告及其他买方对销售提出争议、举报欺骗性广告、质疑产品合法性或正当性，以及寻求抵用额度、退款、拒付、信用保障救济、执法审查或法院救济。

46. 2022年4月10日左右，原告回复 sales@bloomtechz.com，大意为该产品被宣传用于防锈，却未达到宣传效果，原告希望获得抵用额度。原告未承认任何非法用途或目的。

47. 原告上传的 Facebook 消息截图显示，名为"Gera Vid So"的账户发送威胁及侮辱消息，包括原告理解为"告诉她，她会付出代价"、"她会遭受痛苦"等西班牙语表述及相关辱骂。原告主张，这些通讯加剧其投诉相关的恐吓与恐惧。由于发件人的法律身份及与被告的关系需要证据开示，除非证据开示证实一个或多个被告的代理、指示或追认，原告不将这些 Facebook 消息作为必需的 RICO 基础行为。

48. 原告主张，胁迫性邮件及威胁消息与动机、隐瞒、恐吓及连续性有关，需要证据开示以确定被告、其销售代理、卖方账户或共同共谋人是否发送、授权、追认或受益于这些通讯。

D. 信用保障失效及2026年客服邮件

49. 原告多次尝试通过 Alibaba.com 内部投诉或争议处理程序解决此事。原告主张约三年间未获得实质性交付、退款、抵用额度、物流记录披露或救济。

50. 2026年6月18日左右，Alibaba 客服向原告发送主题为"信用保障订单91906090501027582解决方案"的邮件，称投诉已升级至高级团队。

51. 邮件称订单已超过三年，无法再核实物流信息，平台亦无原告就该订单联系客服的记录。

52. 邮件提出给予原告500美元 Alibaba 抵用额度，有效期90天，可用于未来信用保障订单的货品和运费，但不包括支付处理费、税款或其他附加服务。邮件要求原告若接受则回复"AGREE"（同意）。

# 证物B中文译文 / 原件第14页

53. 原告主张，2026年6月18日邮件不构成全额退款、返还已付款项或对所称损害的实质救济。原告进一步主张，邮件支持其指控：被告未保存、披露或遵守物流及争议处理记录，同时试图将退款要求变成未来平台抵用额度，要求原告继续与被告交易。

54. 原告主张，被告未保存或提供物流及客服记录是可预见且不当的，因为 Alibaba.com 及其信用保障实体控制着解决争议所必需的电子订单、通讯、付款、卖方账户及争议处理记录。

六、民事 RICO 主张

A. RICO 主体

55. 每一具名被告及姓名不详被告，均为18 U.S.C. §1961(3)意义上的“人”，因为各自均为能够持有财产法律权益或实益权益的个人或实体。

56. 原告主张，RICO 诉因中所列每一被告通过一系列敲诈勒索活动经营、参与、同意经营或共谋经营该联合体事务，或在促成所述欺诈计划的同时明知地从联合体获益。

B. 事实联合体

57. RICO 联合体是原告称为“信用保障化学品销售联合体”的事实联合体，区别于任何单一被告。其成员包括平台运营者、卖方账户实体、相关受益实体、销售代理、客服 / 争议处理人员、收款受益人及姓名不详参与者。他们联合起来，对通过 Alibaba.com 或相关卖方通讯营销的化学品订单进行销售、处理、收款、隐瞒并规避退款义务。

58. 联合体的共同目的，是宣称化学产品及受信用保障支持的订单合法、可交付、受保护，且不履约时可退款 / 给予抵用额度，以取得原告及其他买方款项；同时利用多个卖方名称、支付渠道、售后通讯及争议处理做法，在订单失败时保留款项、规避责任。

59. 参与者之间具有关系。平台实体提供平台、信用保障合同文件、订单号、卖方账户基础设施、面向买方的陈述、客服通讯、争议记录及平台信誉。卖方实体及销售代理提供产品说明、报价、发票、产品招揽及买方通讯。收款受益人提供或使用境内电汇账户及付款指示。客服人员在投诉后处理、拒绝、拖延或限制救济。

60. 联合体具有足以追求其目的的存续时间。原告主张其至少从2021年6月信用保障订单开始，经2022年1月——[续下页]

# 证物B中文译文 / 原件第15页

[续第60段]——化学品招揽邮件、2022年4月原告请求抵用额度，持续到2026年6月 Alibaba 客服邮件。邮件提及“买家群体”、“固定买家”、“资深买家”及购买“更多化学品”，进一步支持其属于持续、多买方业务，而非孤立的一次性失误。

61. 联合体具有区别于基础敲诈勒索行为、可确定的结构，包括卖方准入与账户维护、信用保障缔约、销售代理通讯、定价与产品说明、支付路径、物流及订单记录、投诉受理、客服升级及最终抵用额度 / 退款决定。

C. 敲诈勒索活动模式

62. 原告主张存在敲诈勒索活动模式，主要由可依据18 U.S.C. § 1343起诉的多次电信欺诈构成；如证据开示支持必要的代理关系及主观意图，还包括可依据18 U.S.C. § 1512(b)(3)起诉的证人或受害人恐吓。原告亦备选提出受控物质 / 类似物敲诈勒索活动，以证据开示及专家证言证明21 U.S.C. §§ 802(32)(A)、813所涉受控物质类似物行为，并满足18 U.S.C. § 1961(1)的 RICO 基础行为要求为限。

63. 基础行为相互关联，因为其目的、参与者、方法及受害人相同或相似：通过电子通讯及平台记录诱使买方支付化学品订单或未来订单款项，在不履约时保留款项或利益，并阻止投诉或举报。

64. 基础行为具有连续性，因为其跨越多年、涉及多个通讯及账户，提及多个买家与重复购买，使用持续的平台及支付基础设施，并延续至2026年客服试图用未来抵用额度而非退款解决争议。

65. 原告主张，基础行为直接造成其营业或财产损害，因为其信赖所称虚假陈述和遗漏而付款，并失去资金、货物、营业时间、商业机会及相关财产权益的使用或享有。

# 证物B中文译文 / 原件第16页

D. 具体陈述的基础行为

以下主张旨在明确所称电信欺诈及恐吓基础行为的主体、内容、时间、地点和方式。原告预计证据开示将提供内部记录、发件人身份、IP / 账户日志、卖方核验记录、支付路径记录及代理关系。

[原件本页其余部分为空白。下页为表格。]

# 证物B中文译文 / 原件第17页

[原件为五列表格；以下按各行保留全部栏目内容。]

第1行：大致日期：2021年6月1日。参与者：Alibaba.com 平台实体；Zichang New Materials；卖方账户运营人。通讯 / 行为：订单91906090501027582的电子信用保障采购合同及订单记录。重要虚假陈述或遗漏：宣称卖方及订单合法、受信用保障支持、可交付、有记录，并受有效退款 / 救济保障。RICO 基础行为：18 U.S.C. § 1343电信欺诈。

第2行：大致日期：2021年6月1日。参与者：平台 / 支付参与者及卖方 / 受益人实体。通讯 / 行为：合同金额715.00美元、主张实付总额736.38美元的电子付款 / 订单处理。重要虚假陈述或遗漏：宣称付款可取得符合约定的货物及信用保障，导致原告支付款项。RICO 基础行为：18 U.S.C. § 1343电信欺诈。

第3行：大致日期：2021年6月及相关期间。参与者：名为Sweety Yin 的卖方代理 / 账户及相关卖方实体。通讯 / 行为：Alibaba.com 消息称监控要求某些高额订单交由 Alibaba 运输，并就1,000公斤形式发票招揽银行付款。重要虚假陈述或遗漏：对 Alibaba 监控 / 物流及银行付款程序的陈述，被原告指用于使卖方行为和支付路径显得正当。RICO 基础行为：18 U.S.C. § 1343电信欺诈；联合体结构的证据。

第4行：大致日期：2022年1月9日。参与者：sales@bloomtechz.com；Aurora Song 或相关销售代理；Shaanxi Bloom Tech / 相关实体。通讯 / 行为：主题为“Details N-Isopropylbenzylamine”的邮件招揽购买化学品、WhatsApp / WeChat 直接联系，列出多种产品价格，提及“效果”、“稀释”、“食品级”、化学空间结构和药理性质，并称产品具有“相同的分子式 C10H15N”。重要虚假陈述或遗漏：就正当性、可供货性、产品特征、潜在效果、分子式及合法性作出陈述，同时使用直接联系渠道，并警告对合法性提出质疑的买家保持沉默；支持明知、隐瞒及有待证明的备选类似物理论。RICO 基础行为：18 U.S.C. § 1343电信欺诈；如意图与代理关系获证明，备选恐吓基础行为；如专家证明21 U.S.C. §§ 802(32)(A)、813要件及18 U.S.C. § 1961(1)要求，备选受控物质 / 类似物敲诈勒索基础行为。

第5行：大致日期：2022年4月10日起。参与者：相关卖方 / 邮件收件人及姓名不详参与者。通讯 / 行为：原告指出产品被宣传作防锈用途却未达到宣传效果后，请求抵用额度。重要虚假陈述或遗漏：在知悉欺骗性广告及不符合约定的履行后，仍未提供有效抵用额度 / 退款。RICO 基础行为：计划的持续 / 隐瞒；电信欺诈背景。

第6行：大致日期：2026年6月18日。参与者：Alibaba 客服 / 高级团队。通讯 / 行为：邮件提出未来500美元 Alibaba 抵用额度，称无法再核验物流，且不存在联系客服的记录。重要虚假陈述或遗漏：隐瞒、否认或未保存重要物流 / 争议记录，提供有限未来抵用额度而不退还原告款项。RICO 基础行为：电信欺诈 / 隐瞒背景；持续行为。

七、救济请求

第一项诉因：民事 RICO 违法，18 U.S.C. § 1962(c)

66. 原告将前述所有段落援引纳入本项，视为在此完整陈述。

67. 本项中所列每一被告均为区别于上述事实联合体的 RICO 主体。

# 证物B中文译文 / 原件第18页

68. 信用保障化学品销售联合体从事并影响州际和对外商业。

69. 被告通过由多次电信欺诈及经证明的旨在阻碍投诉或举报的恐吓组成的敲诈勒索活动模式，直接或间接经营或参与联合体事务。

70. 电信欺诈基础行为包括电子合同、订单记录、平台消息、付款传输、产品招揽邮件、直接联系招揽及售后客服通讯，这些被用于通过重要虚假或误导性陈述和遗漏取得或保留金钱或财产。

71. 原告仅将受控物质类似物主张作为备选 RICO 基础行为理论，不依据《受控物质法》提出独立的私人诉因。如证据开示及专家证据确立法定要件，包括实质相似的化学结构、实质相似或被宣称的兴奋效果，以及拟供人体消费或21 U.S.C. §813认可的营销因素，则类似物事实被提出作为基础行为背景和明知证据。

72. 原告信赖被告陈述及遗漏而付款；若真相被披露，其本不会付款。真相包括卖方身份、可交付性、信用保障救济、支付路径、投诉记录，以及被告退款或提供有效救济的意图或能力。

73. 被告违反18 U.S.C. §1962(c)直接且近因地造成原告营业或财产损害，包括自付款项、资金使用损失、预期货物损失、营业中断、机会损失、寻求救济所耗时间和费用，以及待证明的其他损害。

74. 原告有权依据18 U.S.C. §1964(c)获得三倍赔偿、费用及律师费，以及法律允许的其他救济。

第二项诉因：RICO 共谋，18 U.S.C. §1962(d)

75. 原告将前述所有段落援引纳入本项，视为完整陈述。

76. 被告及姓名不详参与者明知地、明示或默示地同意，由一名或多名联合体成员通过电信欺诈基础行为及相关隐瞒行为经营联合体事务。

77. 可从被告协调的角色推断合意：平台缔约、卖方账户运营、支付路径安排、直接化学品招揽、售后投诉处理、否认或丢失记录，以及提供有限抵用额度而非退款。

78. 每一共谋人知悉联合体的一般性质，并同意促进通过虚假陈述、遗漏及无效救济程序取得或保留买方款项的目标。

79. 原告因共谋遭受营业或财产损害，有权获得18 U.S.C. §1964(c)规定的救济。

# 证物B中文译文 / 原件第19页

第三项诉因：欺诈及故意虚假陈述

80. 原告将前述所有段落援引纳入本项，视为完整陈述。

81. 被告就卖方身份、产品可供货性、交付、信用保障保护、退款 / 抵用额度救济、产品特征、支付路径、物流记录及争议记录，向原告作出重要陈述。

82. 这些陈述在作出时即虚假或误导，或因被告未披露货物不会按承诺交付、不会提供有效信用保障救济、物流记录不会保存或核验，或原告在多年拖延后仅会获得有限未来抵用额度，而成为虚假或误导。

83. 被告意图让原告信赖这些陈述及遗漏；原告确实合理信赖，支付款项，继续寻求内部争议救济，并在被告控制相关记录期间延后寻求其他救济。

84. 原告因此直接且近因地受损，包括自付损失、后果性营业 / 财产损害、使用损失、费用及待证明的其他损害。

第四项诉因：违反合同 / 信用保障义务

85. 原告将前述所有段落援引纳入本项，视为完整陈述。

86. 信用保障采购合同及相关订单记录，在原告、卖方及 / 或负责的 Alibaba.com 平台实体、关联方、代理及人格混同实体之间构成有约束力的合同或系列合同。

87. 原告通过支付所需款项并提供交付或争议解决所需信息，已履行或实质履行合同。

88. 被告未交付约定货物、未提供符合约定的货物、未提供有效发货 / 物流文件、未退款或给予完整救济、未保存或披露订单记录，并在多年拖延后仅提供部分未来平台抵用额度，违反合同及信用保障义务。

89. 原告遭受的损害金额有待审判证明，包括付款金额、交易预期利益损失、后果性营业 / 财产损害、费用及其他合同损害。

第五项诉因：欺骗性交易行为 / 不公平或显失公平行为

90. 原告将前述所有段落援引纳入本项，视为完整陈述。

91. 被告宣称卖方、货物、付款流程、信用保障计划、交付流程及争议处理程序合法且有效，却不交货、不退款，也不提供实质争议救济，构成欺骗性、不公平或显失公平的交易行为。

# 证物B中文译文 / 原件第20页

92. 被告还通过化学品营销构成欺骗性、不公平或显失公平的交易行为：提及“效果”、“稀释”、“食品级”、分子式、化学空间结构及药理性质，同时称产品具有“相同的分子式 C10H15N”，并警告质疑合法性的买家“最好保持沉默”。原告主张，这些陈述和警告对合法性、产品性质、预定用途、买方安全，以及原告质疑交易或寻求救济的能力具有重要性。

93. 被告行为具有欺骗合理买方的能力或倾向；该买方通过国际平台购买被宣传为合法商业或工业产品的货物。

94. 原告请求阿肯色州法律及其他适用消费者保护或欺骗性交易法律下的一切救济，包括实际赔偿、费用、允许的律师费、允许的惩罚性赔偿，以及禁令或确认性救济。

第六项诉因：不当得利 / 返还已收款项

95. 原告将前述所有段落援引纳入本项，视为完整陈述。

96. 被告接收、保留、控制或受益于原告支付的款项，或原告交易产生的收益、费用、佣金、平台收费、支付处理、客户留存、数据或其他利益。

97. 原告未收到约定货物、全额退款或有效信用保障救济，因此被告保留这些利益有失公平。

98. 原告请求返还、不当利益交出、退还款项、推定信托、判决前利息及法律允许的其他衡平救济。

第七项诉因：确认性及禁令救济

99. 原告将前述所有段落援引纳入本项，视为完整陈述。

100. 对于被告保存和提供与原告订单及相关卖方账户有关的订单、物流、卖方账户、支付路径、客服、信用保障记录及通讯的义务，存在实际争议。

101. 原告请求确认被告必须保存及提供确定所有参与者身份、角色及责任所需的记录；如法律要求退款或返还，被告不得以原告再次下单或使用未来平台抵用额度作为救济条件。

102. 原告请求适当禁令，要求保存相关文件，暂停删除或更改账户 / 物流 / 争议记录，并披露卖方、卖方账户运营人、收款受益人及相关平台实体的正确法律身份和送达地址。

八、损害赔偿及请求的救济

A. 实际损害赔偿金额有待审判证明，至少包括订单91906090501027582的已付款项，以及相关收费、费用、使用损失、失去的——[续下页]

# 证物B中文译文 / 原件第21页

[续A项]——营业 / 财产机会、营业中断、后果性损害，以及所称不当行为直接造成的费用，金额为$200,000,000,000.00；

B. 就民事 RICO 请求，依据18 U.S.C. § 1964(c)请求三倍赔偿，金额为$200,000,000,000.00；

C. 在 RICO、合同、成文法或其他法律允许时请求诉讼费用及律师费。原告目前自行出庭，保留在律师出庭且法律允许时请求律师费的权利；

D. 在允许范围内请求返还、不当利益交出、返还已收款项、推定信托，以及判决前后利息，金额为$200,000,000,000.00；

E. 仅就非 RICO 请求，且仅在适用法律允许并由证据证明的范围内，请求惩罚性赔偿，金额为$200,000,000,000.00；

F. 请求确认性及禁令救济，要求保存、提供及披露订单、卖方、付款、客服及争议处理记录，金额为$200,000,000,000.00；

G. 证据开示后准许修改，以识别姓名不详被告、纠正实体名称、增加责任方、补充代理 / 人格混同关系事实，并使诉状符合证据；

H. 对所有可由陪审团审理的争点进行陪审团审理；以及

I. 法院认为公正适当的其他一切救济。

九、陪审团请求

103. 原告要求对所有可由陪审团审理的请求及争点进行陪审团审理。

十、民事 RICO 案情陈述

原告提供以下 RICO 案情陈述，以澄清理论，并避免本起诉状仅依赖标签或结论的指责：

援引的 RICO 法条：18 U.S.C. § § 1962(c)、1962(d)、1964(c)。

RICO 主体：Alibaba.com Singapore E-Commerce Private Limited；Alibaba.com US E-Commerce Corp.；Alibaba Group Holding Limited；Zichang New Materials (Shandong) Co., Ltd.；Zhishang New Materials (Shandong) Co., Ltd.；Shaanxi Bloom Tech Co., Ltd.；以及通过证据开示识别的未知实体 / 个人。

RICO 联合体：信用保障化学品销售联合体，一个区别于任何单一被告的事实联合体。

联合体目的：通过平台及直接通讯，宣称化学品订单合法、可交付、有信用保障支持，且不履约时可退款 / 给予抵用额度，从而取得并保留买方款项。

# 证物B中文译文 / 原件第22页

联合体结构：平台运营者、卖方账户、销售代理、收款受益人、争议处理人员及关联 / 人格混同实体，在订单创建、付款、交付陈述、产品招揽及投诉处理方面承担不同角色。

基础行为：18 U.S.C. §1343下多次电信欺诈；仅在证据开示将胁迫性通讯与被告联系起来，并证明阻碍举报或与法院 / 执法机关通讯的意图时，提出18 U.S.C. §1512(b)(3)下的备选证人 / 受害人恐吓基础行为；仅在证据开示及专家证据确立21 U.S.C. §§802(32)(A)、813要求及18 U.S.C. §1961(1)的RICO 基础行为要求时，提出备选受控物质 / 受控物质类似物基础行为。

模式：至少从2021年6月至2026年6月，涉及同一平台、卖方 / 支付网络、产品类别、受害人类型、通讯方式、支付渠道及压制或转移投诉方法的相关行为。

直接损害：原告因所称计划付款，并遭受金钱损失、使用利益损失、预期货物损失、营业 / 财产损害及费用。

因果关系：电子陈述、信用保障承诺、卖方 / 产品陈述及付款 / 争议行为直接诱使原告付款，并直接造成原告财产被保留或损失。

救济：三倍赔偿、费用、可获得的律师费、返还、禁令、确认性救济及相关州法救济。

十一、拟议证物清单

证物A：2021年6月1日的信用保障采购合同，订单91906090501027582。

证物B：显示支付736.38美元的原告收据 / 付款记录，如可取得。

证物C：涉及Sweety Yin、Alibaba监控 / 1,000公斤订单 / 银行付款措辞的卖方消息截图。

证物D：Shaanxi Bloom Tech Co., Ltd. 通过 Citibank N.A. 的经删节境内电汇账户记录，尾号8500。

证物E：Zhishang New Materials (Shandong) Co., Ltd. 通过 Citibank N.A. 的经删节境内电汇账户记录，尾号3443。

证物F：2022年1月9日 sales@bloomtechz.com 发出的“N-异丙基苄胺详情”邮件，包括产品清单、直接联系招揽、“效果”、“稀释”、“食品级”、分子式、化学结构、药理性质、“相同的分子式C10H15N”及“保持沉默”等措辞。

# 证物B中文译文 / 原件第23页

证物G：原告2022年4月10日回复，要求抵用额度并称产品被宣传作防锈用途却未达到宣传效果。

证物H：“Gera Vid So”的Facebook消息截图，显示威胁或恐吓性表述；仅作背景及证据开示用途提交，其关联尚待证明。

证物I：2026年6月18日Alibaba客服关于订单91906090501027582解决方案的邮件，涉及物流记录、无客服记录及未来500美元抵用额度提议。

证物J：先前联邦法院命令及报告 / 建议，仅为透明说明及展示本起诉状提出更狭窄、更具体理论而提交。

证物K：2026年6月1日在Pulaski县小额诉讼法院提交的小额诉讼起诉状，导致被告 / 人格混同实体承认，进而产生证物I。[本项按原文表述翻译。]

十二、签名

谨此提交。

[原件有Bradley Burchfield手写签名。]

/s/ Bradley Burchfield

Bradley Burchfield

5420 Kavanaugh Blvd #7927, Little Rock, AR 72217

电话：479-223-0038；电子邮箱：burchfieldbradley123@gmail.com

日期：6.22/26（2026年6月22日）。

送达证明

本人证明，于6/22/26，已依《联邦民事诉讼规则》要求的方式向被告送达本起诉状及所有证物的真实、正确副本，或者将请求签发传票，并按书记员及法院指示完成送达。

/s/ Bradley Burchfield

Bradley Burchfield

[上述为原件送达证明的译文，不是本翻译或本次文件包的新送达证明。]

# 证物B中文译文 / 原件第24页

[原件手写标记：Exhibit B（原文件内部证物B）。Gmail 邮件打印件。]

账户：Burchfield Bradley <burchfieldbradley123@gmail.com>

主题：信用保障订单91906090501027582解决方案。1封邮件。

发件人：Alibaba Customer Service <queryreply@service.alibaba.com>

时间：2026年6月18日星期四，上午1:28。

收件人：burchfieldbradley123@gmail.com

Bradley，你好：

我们已收到你关于订单91906090501027582的投诉，请放心，本案已经升级到我们的高级团队。

由于该订单已超过三年，无法再核实物流信息。此外，平台没有你就此订单联系客服的记录。

不过，我们充分理解你的顾虑。为更好地帮助你并改善你在平台上的采购体验，我们将帮助你申请500美元 Alibaba 抵用额度（自发放日起有效期90天），以解决此事。该额度可用于未来的信用保障订单，包括产品及运费，但不能用于支付处理费、税款或其他附加服务。

你可在“My Alibaba > Coupons and Credit”（我的 Alibaba > 优惠券及抵用额度）查看额度及有效期。

重要提示：只要订单超过最低金额0.30美元，所有折扣（包括优惠券和抵用额度）均可在未来信用保障订单中合并使用。

Alibaba.com 抵用额度不能用于结清订单尾款。

如你接受此方案，请回复“AGREE”（同意）。

感谢你的信任及耐心。

此致，Alibaba 服务团队。

# 证物B中文译文 / 原件第25页

[Gmail 邮件打印件。]

账户：Burchfield Bradley <burchfieldbradley123@gmail.com>

主题：信用保障订单91906090501027582解决方案。

发件人：Alibaba Customer Service <queryreply@service.alibaba.com>

时间：2026年6月22日星期一，上午1:18。

收件人：burchfieldbradley123@gmail.com

Bradley，你好：

我们已收到你关于订单91906090501027582的投诉，请放心，本案已升级至高级团队。

我们理解你的顾虑及可能对你造成的影响。如果你确认接受500美元作为最终和解，我们将提供两种退款选择：

选项1：向你的 Alibaba 账户退还500美元 Alibaba 抵用额度。（约需1至2个工作日。）

有效期为发放日起90天。该额度可用于未来信用保障订单，包括产品及运费，但不能用于支付处理费、税款或其他附加服务。

可在“My Alibaba > Coupons and Credit”查看额度及有效期。重要提示：只要订单超过最低金额0.30美元，所有折扣（含优惠券及抵用额度）可合并用于未来信用保障订单。Alibaba.com 抵用额度不能用于结清订单尾款。

或者

选项2：向你的银行账户退还500美元。（约需5至7个工作日。）

你须提供下列用于现金退款的银行账户信息，并确保账户可接收外币。此外，由于银行手续费，实际到账退款将少于500美元。

受益人姓名；受益人账号；IBAN代码；美国银行路由号码；英国银行分行代码；澳大利亚银行BSB代码；受益人地址；受益银行；受益银行所在国家；受益银行SWIFT代码（必填）；中间行SWIFT代码（如适用）；街道名称（必填，最多70字符）；楼号（必填，最多16字符）；邮政编码（必填，最多16字符）；城镇名称（必填，最多35字符）；国家下级行政区（必填）。[上述信息栏均未填写。]

请回复你选择的方案。感谢你的信任及耐心。

此致，Alibaba 服务团队。

[页底原文：回复人：[object Object]。]

# 证物B中文译文 / 原件第26页

[原件本页大部分为空白；顶部文字如下。]

发送时间：19-06-2026 21:15。

收件人：Alibaba Customer Service。

主题：回复：信用保障订单91906090501027582解决方案。

[引用的文字已隐藏。]

[引用的文字已隐藏。]