FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 30 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY BURCHFIELD PLAINTIFF

v. No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO ALIBABA GROUP HOLDING LIMITED'S MOTION TO DISMISS (ECF 47)**

Plaintiff Bradley Burchfield opposes the motion of Alibaba Group Holding Limited ("AGHL") under Rules 12(b)(2) and 12(b)(6). The accompanying brief addresses each ground raised in ECF 47 and 48. Plaintiff requests denial of dismissal with prejudice and, where factual clarification is necessary, the limited alternative relief described below.

1. Subject-matter jurisdiction and remand. Plaintiff expressly renews the jurisdictional objection and conditional request for remand in ECF 44, supported by ECF 45, to the extent still pending. He requests a ruling before adjudication of limitations, claim preclusion, or other merits defenses. Under 28 U.S.C. § 1447(c), the 30-day limit on procedural remand objections does not bar a genuine subject-matter-jurisdiction objection before final judgment. If the Court lacks subject-matter jurisdiction over this removed action, Plaintiff requests remand of the action to the state court from which it was removed. Plaintiff recognizes the Court's discretion to address personal jurisdiction first under Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999).

2. Limitations. AGHL acknowledges a June 1, 2021 order and a June 1, 2026 small-claims filing, exactly five years apart. ECF 48 at 11–12. Ark. Code Ann. § 16-56-111 supplies five years for qualifying written obligations. The Arkansas Attorney General's Guide to Small Claims Court likewise identifies five years for a broken written agreement. Plaintiff invokes that

written-contract rule for the purchase and Trade Assurance obligations. The Court should identify the duty and breach date before applying AGHL's proposed three-year period. The accompanying brief addresses the separate four-year sales rule, contractual conditions, and identity of the obligor.

3. Prior judgments. This small-claims action concerns order 91906090501027582. Plaintiff states that no earlier case asserted non-delivery of this specific order, and the prior complaint copies in ECF 48-2, 48-4, 48-6, and 48-7 do not identify that number. AGHL must establish identity of the underlying claim, not merely related parties or products. The December 6, 2022 ECF 9 order in No. 4:22-cv-00861-LPR corrected AGHL's name to Alibaba Group (U.S.) Inc.; it did not adjudicate AGHL's liability. The Western District declined supplemental jurisdiction over state claims. The California order says "without leave to amend," not "with prejudice." ECF 48-5 at 3. Plaintiff filed that case while incarcerated and states that no defendant was served or answered before screening. The accompanying brief addresses each disposition's legal effect and the required transaction comparison.

4. Personal jurisdiction. Plaintiff relies on the Arkansas delivery terms and the platform's written undertaking as a basis for examining the responsible entity's transaction-specific contacts. AGHL's ownership of Singapore is admitted in ECF 48-1, paragraph 8, but ownership alone does not establish jurisdiction. Plaintiff requests, alternatively, 30 days of limited jurisdictional discovery into the identity and authority of the entity undertaking the platform obligations on this order, followed by 14 days to supplement his jurisdictional showing.

5. Service and appearance. ECF 47 invokes Rules 12(b)(2) and 12(b)(6), not Rules 12(b)(4) or 12(b)(5). ECF 48 at 3 expressly elects to respond on other grounds to avoid a service dispute. Plaintiff requests that AGHL be held to that election and that the Court apply Rules

12(g)(2) and 12(h)(1) to any available process or service defense omitted from its first Rule 12 response. Plaintiff does not contend that joining a merits defense waived the personal-jurisdiction defense expressly raised in ECF 47.

6. Contracting parties and amendment. If the Court identifies a curable pleading defect, Plaintiff requests 21 days to seek leave with a proposed amended pleading identifying the undertaking, the entity bound, and Plaintiff's own contractual right. If the objection is a curable real-party-in-interest defect, Plaintiff requests the reasonable opportunity afforded by Rule 17(a)(3), subject to standing and representation requirements. He does not seek permission to represent an LLC without counsel.

WHEREFORE, Plaintiff requests a ruling on ECF 44–45 and remand under § 1447(c) if subject-matter jurisdiction is lacking. If the Court retains jurisdiction, Plaintiff requests denial of ECF 47 or the limited alternative relief above. Any dismissal solely for lack of personal jurisdiction should be without prejudice. Relief concerning AGHL should not adjudicate another defendant's liability, service, or defenses without a proper basis and opportunity to be heard.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff, pro se
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
Telephone: (479) 223-0038
Email: burchfieldbradley123@gmail.com

Date: 10/30/26

## CERTIFICATE OF SERVICE

I certify that on 10/30/26, I served a true and correct copy of this Response in Opposition to ECF 47 on the counsel listed below by the method actually used and marked here:

[✓] Authorized CM/ECF filing, with a Notice of Electronic Filing confirming electronic service on the listed registered counsel.

[ ] United States First-Class Mail, postage prepaid, addressed to counsel at the addresses below.

[ ] Other method authorized by Rule 5(b) or court order: ______________________________.

Bart W. Calhoun; Brittany D. Webb; Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
bart@mcdanielwolff.com; bwebb@mcdanielwolff.com;
gashcraft@mcdanielwolff.com

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007
robert.liu@balancelawfirm.com

Counsel for Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp., as identified in ECF 47 and 49.

Other recipients and service methods, if required: ______________________________
______________________________________________________________________

Bradley Burchfield
Bradley Burchfield