FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 30 2026

TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al. DEFENDANTS

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO ECF 47

### I. Plaintiff renews ECF 44–45 and requests a jurisdictional ruling before a merits disposition.

This small-claims action concerns the specific Trade Assurance order 91906090501027582 and its alleged non-delivery. The receipt identifies a June 1, 2021 order, an Arkansas delivery address, Burchfield Sales and Consulting LLC as buyer, Zichang New Materials (Shandong) Co., Ltd. as seller, and Alibaba.com Singapore E-Commerce Private Limited as marketplace operator. AGHL acknowledges filing on June 1, 2026. ECF 48 at 2, 11–12. Plaintiff states that this specific order was not the subject of a non-delivery claim in his earlier actions. The prior complaint copies submitted with ECF 48 do not identify its order number. The Court should examine the actual undertaking and transaction before concluding that a prior judgment extinguished this claim.

Under Rule 12(b)(6), well-pleaded facts receive the assumption of truth; unsupported legal conclusions do not. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). On a Rule 12(b)(2) record decided without an evidentiary hearing, Plaintiff must make a prima facie jurisdictional showing, with supported factual conflicts viewed favorably to him. Epps v. Stewart Information Services Corp., 327 F.3d 642, 646–47 (8th Cir. 2003). The standards do not make an

unsupported allegation of corporate unity conclusive, but neither permit disputed merits facts to be resolved against Plaintiff through a jurisdictional declaration alone.

The attached opposition exhibits reproduce the source documents in full: Exhibit 1, the December 6, 2022 entity-correction order in No. 4:22-cv-00861-LPR; Exhibit 2, the June 9, 2022 order in No. 1:22-cv-01023-SOH and the complete adopted report; and Exhibit 3, the eight-page Trade Assurance purchase contract and the complete three-page small-claims complaint copy containing the matching receipt. Existing docket exhibits are cited by their filed document numbers. Plaintiff offers the prior orders for their legal effect, not as proof that disputed allegations in the earlier pleadings were true.

Plaintiff expressly renews his October 20 motion, ECF 44, and supporting brief, ECF 45, including their conditional request for remand. To the extent that request remains pending, Plaintiff asks the Court to decide it before adjudicating limitations, claim preclusion, or another merits defense. Section 1447(c) distinguishes procedural removal objections, generally subject to a 30-day deadline, from lack of subject-matter jurisdiction, which requires remand if it appears before final judgment. Expiration of the procedural deadline does not supply missing federal jurisdiction. Plaintiff does not withdraw ECF 44–45 by responding to ECF 47, and does not repackage a waived consent objection as a jurisdictional defect.

The requested inquiry concerns the actual jurisdictional requirements at removal: qualifying citizenship and an amount exceeding $75,000, exclusive of interest and costs. As ECF 44–45 recognize, lack of counsel or completed service is not itself a diversity defect. The Court should identify the operative state pleading, the effect of the state amendment and transfer orders, and the complete context of the August 6, 2026 demand relied on in ECF 1. A pending motion to amend does not itself establish that leave was granted. Neither a small-claims label nor

the existence of a $3 million demand substitutes for applying the statutory requirements to this action. If the existing record establishes jurisdiction, Plaintiff requests an express determination; if necessary, he requests only a narrowly directed supplemental jurisdictional submission.

If subject-matter jurisdiction over this removed action is absent, Plaintiff requests remand of the action to the state court from which it was removed under § 1447(c), rather than a merits dismissal. Any narrower severance or remand must have the independent legal basis requested in ECF 44–45. The Court may not assume subject-matter jurisdiction to decide the merits. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577–78, 584–88 (1999). Ruhrgas nevertheless permits a straightforward personal-jurisdiction ruling first; Plaintiff asks the Court to exercise its sequencing discretion in favor of resolving ECF 44–45. This renewed request does not itself stay briefing or service obligations.

**II. The written-contract claim invokes Arkansas's five-year period and was filed on the fifth anniversary of the order.**

AGHL invokes Ark. Code Ann. § 16-56-105 and argues that Plaintiff cannot establish a written contract with AGHL. ECF 48 at 11–14. Section 16-56-111(a), however, provides a five-year period for enforcement of qualifying written obligations, duties, or rights. Whether AGHL is bound by the particular writing is a separate and necessary question; the Court should not treat every disputed written-contract claim as an oral-contract claim merely because the defendant denies being an obligor.

The Arkansas Attorney General's Guide to Small Claims Court confirms that a claim for breach of a written agreement ordinarily may be filed within five years after the breach. See Arkansas Attorney General, Guide to Small Claims Court, "What Kinds of Cases Can Be Taken to Small Claims Court?" (accessed Oct. 30, 2026), https://arkansasag.gov/divisions/public-protection/legal-resources/guide-to-small-claims-court/. Plaintiff therefore has a concrete

statutory basis for invoking five years for his written-contract claim in small claims. The guide also explains that the period depends on the type of claim; it does not displace a more specific statute.

The identified transaction includes an actual electronic purchase contract, not just an allegation of an unwritten promise. Section 3.5 requires shipment within seven calendar days after receipt of the deposit. Sections 6.3–6.6 address nonshipment, refunds, and the platform's dispute-determination process, subject to stated conditions. Section 12.6 treats the electronic contract as binding between buyer and seller. Opposition Ex. 3. The pleaded non-delivery claim should be evaluated against these particular provisions and any incorporated Trade Assurance Services Rules that governed this order.

Pounders v. Reif, 2009 Ark. 581, examines the substance of the duty rather than the plaintiff's label. That legal-malpractice decision does not establish that an electronic purchase or a separately enforceable written refund undertaking is necessarily subject to the three-year period. Here Plaintiff identifies an express writing and requests analysis of the specific duty asserted, including whether a platform entity undertook a duty separate from the seller's sale of goods.

AGHL's own chronology places filing on the fifth anniversary of the order. ECF 48 at 11. If the five-year statute governs and the action was effectively commenced, those dates do not show filing after the five-year period. The order date is not automatically the date of breach: the written shipment term allowed performance after receipt of the deposit. Plaintiff does not ask the Court to assume a later breach date unsupported by the order history; he asks that the Court identify the contractual performance and breach dates instead of treating formation as breach.

A specific sales statute must be distinguished. Ark. Code Ann. § 4-2-725 ordinarily supplies four years for breach of a contract for sale. Church on the Rock–Texarkana v. Ace Signs of Arkansas, LLC, 2025 Ark. App. 35, at 3–9, applied that period after examining whether a mixed contract was predominantly for goods. Plaintiff's position is that an independently enforceable written platform or refund undertaking must be classified by its own terms and purpose. Calling an obligation Trade Assurance does not itself remove it from Article 2, just as calling every obligation a sale does not establish that classification. The Court should identify the obligation and the entity bound before deciding which statute governs. If the claim is solely for the seller's 2021 sale, with no applicable tolling or exception, the four-year rule presents a substantial barrier.

The contract itself contains material qualifications. Section 6.5 imposes a claim period tied to confirmed receipt, including defined deemed-receipt provisions, and permits a discretionary extension by Alibaba.com. Alleged non-delivery does not by itself establish that the contractual claim period remained open indefinitely. Section 12.2 selects the law of the People's Republic of China, and § 12.3 addresses dispute determination and arbitration. Plaintiff responds here to the Arkansas limitations grounds AGHL actually raised; he does not concede that every choice-of-law or contractual-condition issue has been resolved. If foreign law becomes material, Plaintiff requests the notice and opportunity to address it contemplated by Rule 44.1.

Nor does filing alone resolve every commencement question. Any applicable service deadline, extension, waiver, and state-law commencement requirement must be considered from the actual procedural record. Plaintiff relies on AGHL's express election in ECF 48 at 3 and the Rule 12 waiver analysis below; he does not claim that removal or a pending remand request

automatically tolled a state limitations period. The 2026 settlement emails are not offered in this opposition as an admission of liability, a new contract, or an automatic revival of a time-barred claim.

**III. AGHL must establish that a prior judgment encompasses order 91906090501027582.**

Claim preclusion requires a final merits judgment by a court with proper jurisdiction, the same parties or their privies, and the same claim. A change in legal theory alone does not avoid the doctrine: the operative-facts comparison matters. Magee v. Hamline University, 775 F.3d 1057, 1059 (8th Cir. 2015). At the pleading stage, the defense must be apparent from the complaint and properly considered materials. Id. Plaintiff therefore addresses the actual orders and transactions rather than relying only on the different label "breach of contract."

First, in No. 4:22-cv-00861-LPR, ECF 9 granted a limited amendment to correct the named business entities and directed that AGHL be renamed Alibaba Group (U.S.) Inc. Opposition Ex. 1. The later stipulation identifies the participating corporate defendants as Alibaba.com U.S. LLC and Alibaba Group (U.S.) Inc. ECF 48-3 at 2–3. The correction order was not a merits determination against AGHL, and the later stipulation should be read in the context of the parties then named. Plaintiff acknowledges that the stipulation dismissed the lawsuit with prejudice and is not asking this Court to set it aside. AGHL must still establish the applicable basis for privity and the scope of the claim extinguished; its original appearance in the superseded caption alone is not the whole analysis.

The two corporations named in that stipulation are not interchangeable with AGHL or Alibaba.com US E-Commerce Corp. ECF 48 at 9–11 does not supply an entity-specific explanation of why AGHL is in privity with either stipulating corporation as to this claim. Headley v. Bacon, 828 F.2d 1272, 1275–77 & n.4 (8th Cir. 1987), requires examination of the

relevant interests; a common interest in defeating the same factual allegations does not alone establish privity. Daley v. Marriott International, Inc., 415 F.3d 889, 896–97 (8th Cir. 2005), found privity from identified plan provisions and the administrator's obligations. Plaintiff requests the same specificity here: which prior party, which present party, what legal relationship, and what record facts establish identity of interests concerning the asserted obligation.

AGHL may advance a preclusion defense for itself without entering an appearance for the former corporate defendants; an amicus brief from those corporations is not a prerequisite. Plaintiff's objection is that the required relationship and scope have not been established by general references to associated Alibaba entities. The Court may consider facts properly established by pleadings, admissions, and judicially noticeable records; Plaintiff does not insist that a separate affidavit is always necessary. Corporate affiliation may support privity in appropriate circumstances, but the necessary analysis should be stated rather than assumed. Privity for preclusion, agency for a particular transaction, and attribution of contacts for personal jurisdiction are distinct inquiries.

Second, in No. 1:22-cv-01023-SOH, the June 9, 2022 order expressly declined supplemental jurisdiction over state-law claims after dismissing the federal claims. The adopted report makes that distinction at pages 19–20. Opposition Ex. 2. A refusal to exercise jurisdiction over state claims is not a merits adjudication of those claims. The federal disposition does not turn the expressly unadjudicated state claims into adjudicated contract claims. This distinction does not erase the federal judgment or prevent any properly established issue preclusion.

Third, the California action, No. 4:22-cv-02925-HSG, did name AGHL, but its disposition must be described accurately. The December 9, 2022 order states that the case is

dismissed "without leave to amend"; it does not expressly say "with prejudice." ECF 48-5 at 3. The order recounts screening under 28 U.S.C. § 1915, an opportunity to amend, and dismissal after the amended allegations remained insufficient. Id. at 2–3. Plaintiff filed that action while incarcerated and states that no defendant was served or answered before the screening dismissal. It was a determination of pleading sufficiency, not a trial resolving the truth of the disputed commercial allegations.

The screening basis deserves separate analysis. Denton v. Hernandez, 504 U.S. 25, 34 (1992), held that a frivolousness dismissal under former § 1915(d) did not bar a later paid complaint containing the same allegations, although it could affect later in forma pauperis proceedings. Plaintiff requests consideration of that distinction in assessing the prior screening disposition. Denton predates the present statute, however, and the California court addressed failure to state a claim after an opportunity to amend. Plaintiff therefore does not present Denton as a categorical exemption for every dismissal under § 1915(e)(2).

The question is not merely semantic. In Davis v. Butler County, No. 15-4372, slip op. at 5–7 & n.5 (6th Cir. July 27, 2016) (unpublished), the court questioned preclusion of a later paid complaint after a § 1915 dismissal, but expressly left unresolved the effect of the statutory change and the distinction between frivolousness and failure to state a claim; it affirmed on an independent pleading ground. That persuasive decision supports examining the screening ground and filing-fee record, not assuming that the phrase "without leave to amend" alone answers the preclusion question.

Plaintiff also addresses the limits of this argument. The California court found further amendment futile and directed entry of judgment for defendants and closure of the case. ECF 48-5 at 3–4. Rule 41(b) can give an involuntary dismissal merits effect without the express words

"with prejudice"; an ordinary Rule 12(b)(6) dismissal can be preclusive. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956–57 (9th Cir. 2002). Section 1915(e)(2) permits screening without waiting for service or an answer. Thus, the absence of either is not, by itself, a complete answer to preclusion. The Court should determine the effect of this particular screening judgment and then require the remaining identity-of-claim and party-or-privity elements. Plaintiff does not ask this Court to vacate the California judgment.

Even if the California disposition qualifies as a final merits judgment for claim-preclusion purposes, AGHL must still establish that it reaches the particular June 2021 order and duty asserted here. The Arkansas entity-correction order did not control the California case, and the California order did not expressly reserve state claims as the Western District order did. Plaintiff's independent objection is to treating distinct purchases and undertakings as a single transaction without the required comparison. A failure-to-state-a-claim ruling also does not establish that every disputed factual allegation was actually litigated and resolved against Plaintiff for issue-preclusion purposes.

The required comparison begins with the identified order. None of the prior complaint copies attached as ECF 48-2, 48-4, 48-6, or 48-7 identifies order 91906090501027582. Plaintiff states that none of those actions asserted a non-delivery claim for this particular order. The current complaint's receipt and the matching written contract identify the order, seller, date, and performance terms. Opposition Ex. 3. AGHL repeatedly calls the purchases the same transaction, ECF 48 at 9–11, but that characterization must be tested against the documents rather than accepted as a substitute for the required identity-of-claim analysis.

The prior Eastern District and California pleadings specifically describe an undelivered purchase involving Shaanxi Bloom Tech, Alex Vivi, and March–April 2020. ECF 48-2 at 3–4;

ECF 48-4 at 3–4. The present documents identify Zichang and June 1, 2021. Opposition Ex. 3. These are concrete distinctions in the seller and order date, not simply a new label for the same cause of action. Plaintiff requests comparison of the order numbers, payment records, goods, delivery obligations, and alleged breaches before the Court treats the prior non-delivery allegations as adjudicating this order.

The potentially overlapping allegations must also be addressed accurately. The earlier pleadings refer generally to purchases through June 2021, identify Zichang, and describe a product arriving in June 2021. ECF 48-2 at 3, 5; ECF 48-4 at 3, 5. They also call the described 2020 package the only undelivered package. Id. at 4. Plaintiff maintains that this action concerns a distinct identified order; the Court should allow an accurate explanation supported by transaction records if it finds these descriptions ambiguous. The absence of an order number alone is not conclusive, because claim preclusion can reach claims arising from the same operative facts even if not separately pleaded. But neither the shared platform nor a general date range proves that this specific written obligation was part of the same claim. The comparison required by Magee remains necessary.

If AGHL instead relies on issue preclusion, it must identify the precise issue actually determined and essential to a prior judgment, and show that Plaintiff had a full and fair opportunity to litigate that issue. Defensive nonmutual issue preclusion can be available to a new defendant even without privity with the earlier defendant. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326–29 (1979). Thus, the absence of privity or an amicus filing alone does not answer every form of preclusion. The Court should require AGHL to identify the doctrine and its elements, rather than treat a prior pleading-sufficiency ruling as a factual determination that this specific order was delivered or that a particular refund duty was performed.

Accordingly, the Court should reject preclusion unless the required identity and scope are established on a record properly considered under Rule 12(b)(6). If the distinction requires additional allegations, Plaintiff requests an opportunity to seek leave to plead the order-specific facts accurately. He does not claim that later customer-service emails revive a claim already extinguished by judgment. If the Court considers material outside the permissible pleading record to decide the merits, Rule 12(d) requires the appropriate conversion and a reasonable opportunity to respond. That conversion rule does not prevent consideration of jurisdictional evidence under Rule 12(b)(2).

**IV. Personal jurisdiction should be evaluated by entity and by the identified transaction.**

Plaintiff relies on specific, transaction-related jurisdiction. Epps v. Stewart Information Services Corp., 327 F.3d 642, 647–49 (8th Cir. 2003), requires a sufficient factual showing when jurisdiction is challenged and does not attribute a subsidiary's forum contacts to a parent merely because of ownership. AGHL's status as the holding company therefore is relevant to the structure but is not alone sufficient to establish Arkansas jurisdiction.

The contract provides an Arkansas shipping destination, and the receipt names Singapore as marketplace operator. Opposition Ex. 3. Li's declaration confirms that Singapore owns and operates the platform and is AGHL's indirect subsidiary, while denying that AGHL controls its day-to-day operations or participated in this transaction. ECF 48-1, ¶¶ 5–9, 13–22. The Arkansas delivery terms identify a concrete forum connection for an entity that undertook the transaction; Plaintiff must still establish why that conduct is attributable to the particular defendant against which jurisdiction is sought.

The record also raises a specific question about operational and litigation roles. Gong identified himself as Singapore's legal counsel in his August 10, 2026 declaration, while ECF 49

states that he signed the U.S. company's state-court answer. See ECF 1-1 at 74–75; ECF 4; ECF 49 at 1–2. Plaintiff's contention that the U.S. company acts for Singapore should be tested against the actual authority and functions involved. That cross-entity role does not by itself contradict every assertion in Li's declaration, establish an alter ego, or prove that AGHL directed the Arkansas transaction.

If the Court finds the present showing insufficient, Plaintiff requests a limited 30-day opportunity under Rule 26(d)(1) to identify: (1) the entity that undertook and administered the platform's Trade Assurance obligations for order 91906090501027582; (2) nonprivileged agreements or records showing whether AGHL or the U.S. company authorized or controlled those order-specific functions for Singapore; and (3) records showing which entity accepted the Arkansas destination and had authority to decide the disputed refund under the operative 2021 terms. Plaintiff requests no general search of the corporate group, no privileged legal advice, and no discovery unrelated to this order. A declaration with supporting business records could resolve these questions without a deposition.

Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 598 (8th Cir. 2011), permits denial of speculative jurisdictional discovery. Plaintiff therefore ties the request to identified contract provisions, the named operator, and Gong's documented roles. He recognizes that these facts may ultimately establish obligations of an operating entity rather than AGHL. The requested development would permit that determination on an identified factual basis. If the Court declines discovery and finds no personal jurisdiction over AGHL, the dismissal should be without prejudice, not a merits adjudication of contract liability.

**V. AGHL's election to defend on other grounds must be distinguished from its preserved jurisdictional objection.**

ECF 48 at 3 asserts that AGHL was not served, but expressly states that AGHL is responding on other grounds to avoid disputes over service. Its motion requests dismissal only under Rules 12(b)(2) and 12(b)(6). ECF 47. Rules 12(g)(2) and 12(h)(1) govern available process and service defenses omitted from the first Rule 12 motion or responsive pleading. Plaintiff requests that the Court enforce AGHL's express election and, after confirming its response history, hold any such omitted defense waived as to the operative complaint.

A Rule 12 motion is a form of defending; it is not an answer, but the absence of an answer during the applicable motion period does not itself establish default. Likewise, joining Rule 12(b)(6) grounds with an expressly raised Rule 12(b)(2) defense does not waive the latter. Plaintiff's request concerns the omitted service defenses, not a supposed automatic surrender of personal-jurisdiction objections.

The same analysis applies separately to the U.S. and Singapore entities. If a pleading or Rule 12 motion was actually authorized and submitted for Singapore, the Court should identify it and apply the preservation and waiver rules to Singapore's own response. If it was submitted only for the U.S. company or AGHL, it is not Singapore's response merely because those companies have related operations or shared personnel. The record must determine the premise; the premise cannot be assumed from the corporate name.

Finally, removal does not require universal re-service or repleading. Section 1448 permits completion or replacement of defective or incomplete service, and Rule 81(c)(2) generally preserves existing pleadings unless the Court orders repleading. A state-court service completed in this same action must be assessed on its own validity; service in another action does not serve

this complaint. A motion for leave to amend and an order transferring the case are not, by themselves, an order granting the proposed amendment.

**VI. Any curable defect concerning the contracting party should receive a defined opportunity for correction.**

AGHL correctly identifies a threshold issue: the receipt and contract name Burchfield Sales and Consulting LLC as buyer, and neither identifies AGHL as seller. Plaintiff's name in the delivery information does not alone establish that he owns the LLC's contract claim. Nor does AGHL's ownership of platform subsidiaries itself create a guarantee of their obligations. Plaintiff requests an opportunity to identify any contractual right belonging to him personally and any enforceable undertaking or properly supported attribution theory against AGHL.

If the Court identifies a curable real-party-in-interest mistake, Rule 17(a)(3) provides a reasonable opportunity for ratification, joinder, or substitution. Plaintiff requests a defined 21-day period to address whether that rule applies and, if necessary, to obtain counsel for an entity that must participate. This request does not assume that Rule 17 cures an absence of Article III standing, creates a right not owned by Plaintiff, or permits him to practice law for an LLC. If amendment is appropriate, Plaintiff requests 21 days to submit a proper motion with the proposed amended complaint and a concise statement of the proposed changes.

**VII. Requested disposition.**

Plaintiff requests a ruling on ECF 44–45 before a merits disposition and remand under § 1447(c) if subject-matter jurisdiction is lacking. If the Court retains jurisdiction, Plaintiff requests denial of ECF 47 on the present record or the limited jurisdictional development and correction described above before a final merits dismissal. The Court should enforce AGHL's election concerning service, evaluate each prior judgment and transaction separately, and avoid extending an AGHL-specific ruling to other defendants without an appropriate motion and basis. If the Court dismisses AGHL only for lack of personal jurisdiction, Plaintiff requests dismissal without prejudice.

Respectfully submitted,

Bradley Burchfield, Plaintiff, pro se
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
Telephone: (479) 223-0038
Email: burchfieldbradley123@gmail.com

Date: 10/30/26

## CERTIFICATE OF SERVICE

I certify that on 10/30/26, I served a true and correct copy of this Brief in Opposition to ECF 47 and its separately submitted Opposition Exhibits 1–3 on the counsel listed below by the method actually used and marked here:

[✓] Authorized CM/ECF filing, with a Notice of Electronic Filing confirming electronic service on the listed registered counsel.

[ ] United States First-Class Mail, postage prepaid, addressed to counsel at the addresses below.

[ ] Other method authorized by Rule 5(b) or court order: ______________________________.

Bart W. Calhoun; Brittany D. Webb; Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
bart@mcdanielwolff.com; bwebb@mcdanielwolff.com;
gashcraft@mcdanielwolff.com

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007
robert.liu@balancelawfirm.com

Counsel for Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp., as identified in ECF 47 and 49.

Other recipients and service methods, if required: ______________________________
______________________________________________________________________

Bradley Burchfield (signature)
Bradley Burchfield