FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 30 2026

TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE
PRIVATE LIMITED, et al. DEFENDANTS

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**MOTION FOR LEAVE TO REPLY TO ECF 49**

## I. Leave is requested under the applicable local rule.

Local Rule 7.2(b) expressly permits replies as of right in specified proceedings but does not grant a general reply right for an ordinary motion such as ECF 37. Plaintiff therefore seeks leave rather than treating the proposed reply as already authorized. Local Rule 7.2(a) requires this separate statement of the relevant facts and law. The attached paper responds to an opposition to Plaintiff's motion and is correctly designated a proposed reply.

## II. The reply will assist the Court with specific, unresolved issues.

ECF 49 at 1–2 explains that Gong signed the U.S. company's answer but was not acting as outside counsel, and identifies current counsel as the recipients for federal filings. The proposed reply accepts the clarification concerning present service on counsel. It explains why the historical capacity to sign for the U.S. company remains distinct from Gong's declaration identifying him as Singapore's legal counsel. The requested clarification concerns an identified filing and a specific corporate role, not counsel's general fitness to practice.

ECF 49 at 2–3 also relies on the asserted lack of service on other entities. On the same day, AGHL filed ECF 47 and elected in ECF 48 at 3 to defend on grounds other than service. The proposed reply distinguishes that election from preserved personal-jurisdiction defenses and

from any defense actually authorized for Singapore. This treatment prevents the imprecise premise that all entities must have the same service, appearance, or waiver status.

The three attached messages add a documented customer-service chronology. Their references to receiving a complaint do not, without additional foundation, prove receipt of the court complaint by each defendant. Plaintiff requests only an appropriate procedural use, if the Court finds one permissible, and expressly disclaims the forbidden uses described in Rule 408(a). The messages are also not substitutes for a filed answer or a court-approved extension.

The proposed reply does not demand automatic default based on a one-day delay. It seeks a ruling on the preserved objection and the applicable response record, while recognizing the Court's discretion and the preference for a merits determination. If further factual submissions are necessary, the Court can allow both sides a limited opportunity to respond.

**III. Requested relief.**

Plaintiff requests leave to file the attached proposed reply and Reply Exhibits A–C. The Court may deem them filed with its order or set a seven-day filing period. If the Court excludes the settlement communications under Rule 408, Plaintiff requests consideration of the independent docket-based arguments concerning Gong's role, Rule 12, and the scope of the state-court answer.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff, pro se
5420 Kavanaugh Blvd. #7927
Little Rock, AR 72217
Telephone: (479) 223-0038
Email: burchfieldbradley123@gmail.com

Date: 10/30/26

## CERTIFICATE OF SERVICE

I certify that on 10/30/26, I served a true and correct copy of this Brief in Support of Leave to Reply to ECF 49 on the counsel listed below by the method actually used and marked here:

[✓] Authorized CM/ECF filing, with a Notice of Electronic Filing confirming electronic service on the listed registered counsel.

[ ] United States First-Class Mail, postage prepaid, addressed to counsel at the addresses below.

[ ] Other method authorized by Rule 5(b) or court order: ______________________________.

Bart W. Calhoun; Brittany D. Webb; Ginny Ashcraft
McDaniel Wolff PLLC
1307 West 4th Street
Little Rock, AR 72201
bart@mcdanielwolff.com; bwebb@mcdanielwolff.com;
gashcraft@mcdanielwolff.com

B. Robert Liu
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007
robert.liu@balancelawfirm.com

Counsel for Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp., as identified in ECF 47 and 49.

Other recipients and service methods, if required: ______________________________
______________________________________________________________________

Bradley Burchfield (signature)
Bradley Burchfield