FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 02 2026
TAMMY H. DOWNS, CLERK
By: ______ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, et al., Defendants

**BRIEF IN SUPPORT OF RENEWED MOTION TO REMAND**

Plaintiff seeks remand based on the amount legally in controversy at removal. AGHL counsel's October 23, 2026 insistence that only the original small-claims complaint was operative supports resolving its $5,000 demand, the amendment filings, and the $3 million email together. Counsel's position alone does not establish that remand is required.

## I The record and the additional correspondence

The June 1, 2026 small-claims complaint requested $5,000, apart from listed court and service costs. ECF No. 1-1 at 34-35. On June 22, Plaintiff filed a motion seeking leave to amend to request $75,000 and transfer to circuit court. The motion stated that a proposed First Amended Complaint was attached or submitted with it. Id. at 1-3, ¶ 25. Plaintiff acknowledges the amended-complaint filing history rather than asserting that no amendment was ever submitted.

The signed July 16 order states that, upon Plaintiff's motion, the case is transferred to Pulaski County Circuit Court. It does not expressly grant leave to amend, adopt an amended complaint, or find a particular amount of damages. ECF No. 1 at 10. AGHL and Alibaba.com US E-Commerce Corp. removed the action on August 13, asserting diversity and relying on Plaintiff's August 6 $3 million demand. ECF No. 1, ¶¶ 3, 10-12.

After Plaintiff filed ECF Nos. 44 and 45, counsel for AGHL wrote on October 23: "the operative complaint in this Lawsuit is the complaint you filed to commence the small claims

court case." Counsel also stated: "I did not (and do not) agree to accept service on AGHL's behalf of an amended complaint in this Lawsuit; there is no amended complaint in this Lawsuit." Counsel reserved the right to oppose a future motion for leave to amend. Declaration ¶¶ 2-3 & Ex. A.

These statements concern the operative pleading and proposed service arrangement. They are not a judicial determination, waiver of AGHL's reserved defenses, or change in the historical jurisdictional amount.

## II The amount requirement is a condition of diversity jurisdiction

Section 1332(a) requires an amount exceeding $75,000, exclusive of interest and costs, as well as qualifying diversity of citizenship. Different citizenship alone is insufficient. Section 1447(c) requires remand if subject-matter jurisdiction is absent before final judgment. Plaintiff presents a jurisdictional objection, not an untimely objection concerning removal procedure.

Under § 1446(c)(2), a good-faith demand ordinarily controls, subject to the stated exceptions, including state practice permitting recovery above the demand. When an exception applies and the amount is disputed, the removing parties must establish the jurisdictional amount by a preponderance of the evidence. Once that showing is made, the plaintiff must establish legal certainty that the necessary amount cannot be recovered. See Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789-90 (8th Cir. 2012) (describing the amount standard in a CAFA case). The issue is legally possible recovery, not whether Plaintiff is likely to prevail.

## III The Court should determine whether the original demand remained binding

Ark. Code Ann. § 16-63-221(a) permits a jurisdictional amount declaration in circuit or district court. Subsection (b) makes a qualifying declaration binding unless the plaintiff

subsequently amends to seek damages beyond the court's jurisdictional limits; amendment is governed by the Arkansas Rules of Civil Procedure.

Plaintiff submits that the small-claims form's $5,000 demand was such a declaration. If it remained effective at removal, it supplies a state-law limit to consider before crediting a larger negotiation figure. Plaintiff requests a ruling on § 16-63-221, rather than assuming every numerical prayer creates a binding cap.

The amendment question is essential. Arkansas Rule 15(a) generally permits amendment without advance leave. See Deer-Mt. Judea School District v. Kimbrell, 2013 Ark. 393, at 20. Accordingly, the transfer order's failure to grant leave does not by itself prove that the filed amended-complaint materials were ineffective. The Court should determine whether an operative amendment was actually filed under the rules applicable to the small-claims proceeding, whether the submission was only proposed, and what effect transfer had on that pleading and the original jurisdictional declaration.

Conversely, an order that only transfers the case does not expressly amend its allegations or prayer. AGHL counsel's subsequent insistence on the original complaint makes identification of the actual operative pleading particularly important. If the Court finds that an amendment became effective before removal, it must evaluate that pleading and the legally available relief. A stated request for exactly $75,000 does not exceed § 1332(a), but a bare $75,000 prayer is not necessarily a ceiling on all recoverable relief.

Plaintiff also recognizes Arkansas Rule 54(c), which generally allows nondefault relief beyond the demand, and the corresponding exception in § 1446(c)(2)(A)(ii). He asks the Court to decide whether § 16-63-221 imposed a binding limitation in this particular record despite that general practice. If it did not, the face amount alone does not defeat removal.

## IV The August 6 demand must be evaluated without changing the record

The August 6 email expressly proposed $3 million for a resolution of Case No. 60CV-26-9730 involving AGHL and Alibaba.com US E-Commerce Corp. Plaintiff does not characterize it as solely a global demand or a demand for another lawsuit. It is substantial evidence supporting the removing defendants' position. ECF No. 1-1 at 90-92.

Section 1446(b)(3) permits removability to be ascertained from an amended pleading, motion, order, or other paper. Thus, removal does not invariably require a formal amendment increasing a damages prayer. The question here is whether the email demonstrated an amount legally available under the operative pleading and state law, or instead exceeded a binding limitation that had not been displaced. A negotiation demand does not itself amend a complaint. If the Court finds an enforceable limit remained in place, Plaintiff submits that the email cannot override it merely by naming a larger amount.

This is not a request to reduce the demand now to defeat existing jurisdiction. A post-removal reduction ordinarily does not eliminate diversity jurisdiction that existed at removal. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 38 n.8 (2025). The October correspondence is offered to illuminate the pleading issue, not to change the historical jurisdictional facts.

## V Appearance and service do not supply missing subject matter jurisdiction

Removal under § 1441(a) brings the civil action to federal court, not merely the claims against the defendants who signed the removal papers or answered. For diversity, the citizenship of properly joined, identified parties generally matters regardless of service. M & B Oil, Inc. v. Federated Mutual Insurance Co., No. 21-3817, slip op. at 4-6 (8th Cir. May 1, 2023). An answer or acceptance of service likewise does not supply a missing amount in controversy.

Nonappearance, lack of service, or nonparticipation in removal alone does not defeat subject-matter jurisdiction or leave unanswered claims in state court. ECF Nos. 44 and 45 are preserved, including their scope and amount issues. If the amount requirement was unsatisfied at removal and no other original-jurisdiction basis exists, the requested remedy is remand of the entire action, including the removing defendants.

**VI Requested disposition**

Plaintiff requests remand to Pulaski County Circuit Court, Case No. 60CV-26-9730; alternatively, completion of the state record under § 1447(b) and a determination of the operative pleading and amount under § 16-63-221 and § 1446(c)(2). Plaintiff requests a jurisdictional ruling before the merits. This motion does not stay proceedings, extend deadlines, or change another case's claims.

Respectfully submitted,

Bradley Burchfield

Bradley Burchfield, Plaintiff pro se
5420 Kavanaugh Blvd. #7927
Little Rock, Arkansas 72217
479-223-0038
burchfieldbradley123@gmail.com
Date: November 2, 2026

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD, Plaintiff

v. Case No. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE
PRIVATE LIMITED, et al., Defendants

**DECLARATION OF BRADLEY BURCHFIELD IN SUPPORT OF RENEWED MOTION TO REMAND**

1. I am the Plaintiff and have personal knowledge of the correspondence described here.

2. On October 23, 2026, I received the email reproduced in Exhibit A from B. Robert Liu, communicating as counsel for Alibaba Group Holding Limited (AGHL) in this case.

3. Counsel identified the original small-claims complaint as operative, limited the proposed acceptance of service to that complaint and a federal summons, declined an amended complaint, and reserved opposition to leave to amend.

4. Exhibit A preserves the substantive text and identifying headers of that message. Formatting is normalized; quoted prior messages and signature graphics are omitted. I retain the original email and can provide it upon request.

5. This declaration establishes counsel's communication, not a court ruling or the date service was ultimately accepted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on November 2, 2026.

Bradley Burchfield
Bradley Burchfield

# EXHIBIT A

## October 23 2026 email from AGHL counsel

**From:** "B. Robert Liu, Esq." <robert.liu@balancelawfirm.com>

**Date:** Fri, 23 Oct 2026 17:48:05 -0400

**Subject:** Re: 4:26-cv-00827-DPM-JJV AGHL SERVICE OF PROCESS

**To:** Burchfield Bradley <burchfieldbradley123@gmail.com>

**Cc:** Brittany Webb <bwebb@mcdanielwolff.com>, Bart Calhoun <bart@mcdanielwolff.com>, Ginny Ashcraft <gashcraft@mcdanielwolff.com>, Chandler Sullivan <csullivan@mcdanielwolff.com>

*Message text reproduced below. Email formatting is normalized; the quoted prior chain and signature graphics are omitted.*

Mr. Burchfield,

For purposes of this service-of-process issue regarding AGHL in this Lawsuit (which resolves the issue without requiring service of process under the Hague Convention), we don't need a translated complaint.

Regarding the other issue you raised, the operative complaint in this Lawsuit is the complaint you filed to commence the small claims court case. That complaint should be served on AGHL at this point (together with the appropriate federal district court summons) -- and that is what my proposed agreement regarding service of process on AGHL set forth below is based on. I did not (and do not) agree to accept service on AGHL's behalf of an amended complaint in this Lawsuit; there is no amended complaint in this Lawsuit. If you want to seek leave to file an amended complaint in the federal district court where this Lawsuit is pending, you can file a motion to do so -- and we reserve our right to oppose any such motion. But that issue doesn't need to be resolved at this time. The first step with respect to AGHL is for you to effect service of process on AGHL of the operative complaint in accordance with the proposed agreement set forth below.

B. Robert Liu, Esq.
Balance Law Firm
One World Trade Ctr, Ste 8500
New York, NY 10007
balancelawfirm.com
(212) 741-8080
(631) 490-4465 fax