**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00827-DPM-JJV |

**DEFENDANTS ALIBABA GROUP HOLDING LIMITED'S AND ALIBABA.COM US E-COMMERCE CORP.'S COMBINED OPPOSITION TO PLAINTIFF'S TWO MOTIONS REGARDING REMAND**

Defendants Alibaba Group Holding Limited ("AGHL") and Alibaba.com US E-Commerce Corp. (collectively, "Responding Defendants") hereby file this Combined Opposition to two motions filed by Plaintiff regarding remand of this lawsuit to state court and regarding other issues: (1) Motion to Clarify Scope of Removal and Subject-Matter Jurisdiction, with Conditional Request for Severance and Remand ("Plaintiff's First Motion") (ECF No. 44) and Brief in Support ("Plaintiff's First Brief") (ECF No. 45); and (2) Renewed Motion to Remand and Supplement to Pending Jurisdiction Motion ("Plaintiff's Second Motion") (ECF No. 58) and Brief in Support ("Plaintiff's Second Brief") (ECF No. 59).[1]

## PRELIMINARY STATEMENT

The Court recently denied Plaintiff's remand motion in the related case that AGHL and

[1] The two other defendants named in the Complaint (ECF No. 2) have not entered an appearance in this lawsuit. To undersigned counsel's knowledge, Plaintiff has not effected service of process on those defendants; both are located outside the United States of America.

other defendants removed from the Circuit Court of Pulaski County, Arkansas to this Court. October 8, 2026 Order, Case No. 4:26-cv-00826-DPM-JJV (ECF No. 44). The Court should deny Plaintiff's remand motions in this case as well.

Plaintiff's First Motion beats around the bush but does not make any affirmative argument or showing in support of Plaintiff's "conditional request"—whatever that means—for severance and remand. In any event, as shown below, there is no basis for severance, so the Court should deny that part of Plaintiff's First Motion. Plaintiff's First Motion also improperly seeks advisory rulings regarding various other issues. The Court should decline those requests as well.

Plaintiff's Second Motion explicitly seeks remand, but it lacks merit. First, Plaintiff presents a misleading discussion of what happened in state court before the Notice of Removal was filed. Second, Plaintiff's motion papers do not undermine the notice-of-removal showing regarding the jurisdictional amount in controversy. Finally, Plaintiff's motion papers fail to satisfy Plaintiff's burden of establishing to a legal certainty that this lawsuit is for less than $75,000 (exclusive of interest and costs) by establishing that it is legally impossible for Plaintiff to recover damages in excess of that jurisdictional minimum.

## ARGUMENT

### I. The Court Should Decline Plaintiff's Improper Requests For Advisory Rulings.

In the guise of requesting "clarification" regarding various issues, Plaintiff's First Motion repeatedly seeks advisory rulings from the Court. The generative artificial intelligence model that Plaintiff uses to churn out "AI slop" filings for this litigation apparently wants clarification, but neither that AI model nor Plaintiff seems to care whether those requests are proper and whether they would waste the Court's time. Those requests for advisory rulings are improper and a waste of the Court's (and the Responding Defendants') time.

For example, there is no need for the Court to issue an order clarifying the scope of the removal by "clarifying whether all claims against all defendants in 60CV-26-9730 [the case number of the state court lawsuit that was removed to this Court] remain within this removed action, including defendants who have not appeared or whose service remains unresolved," Plaintiff's First Motion ¶ 1. It is well established that a notice of removal removes the entire lawsuit—*i.e.*, the "civil action," not just some parts of a civil action—from a state court to a federal district court. *See, e.g.*, 28 U.S.C. § 1441(a) (discussing removal of "any civil action" as authorized by statutes governing removals); § 1441(b) (discussing removal of "a civil action") § 1441(c) (discussing potential post-removal severance of certain claims in certain circumstances after removal of "the entire action");[2] 28 U.S.C. § 1446 (discussing procedures for "removal of civil actions" and repeatedly using the term "civil action"). Moreover, the Notice of Removal (ECF No. 1) makes clear that the entire lawsuit—with all claims asserted against all defendants—was removed from state court to this Court. The removing defendants also complied with 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of ***a civil action*** the … defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until ***the case*** is remanded.") (emphasis added). If only a part of this lawsuit had been removed to this Court and a part had been left for the "State court" to adjudicate, it would make no sense for that statutory provision to command "the State court" to "proceed no further unless and until the case is remanded." Indeed, Plaintiff elsewhere answers the very question for which

[2] The Responding Defendants do not suggest that Section 1441(c)—which is called "Joinder of Federal Law Claims and State Law Claims"—applies to the removal at issue here. This lawsuit was removed to this Court based on diversity jurisdiction and the Complaint does not assert any federal law claims. However, the fact that Congress enacted a separate statutory provision allowing a district court, in certain kinds of cases, to issue a severance order after removal of "the entire action" further supports the conclusion that a notice of removal removes an entire lawsuit from state court to federal court.

he purportedly seeks clarification, acknowledging that "lack of representation, nonappearance, and incomplete service do not themselves defeat subject-matter jurisdiction or leave part of an otherwise removed action in state court." Plaintiff's First Motion ¶ 4.

Likewise, Plaintiff requests another advisory ruling, asking "the Court to identify whether the claims concerning nonappearing foreign defendants are retained under original diversity jurisdiction or another jurisdictional basis," Plaintiff's First Motion ¶ 5. The Notice of Removal invoked only one basis for subject matter jurisdiction in this case—diversity jurisdiction—and Plaintiff's First Motion does not identify any other basis for subject matter jurisdiction, so this is a non-issue.

Plaintiff improperly seeks another advisory ruling when requesting "confirmation that further service proceedings concerning the named nonappearing defendants belong in this Court, subject to the Court's orders," Plaintiff's First Motion ¶ 7. That issue is governed by 28 U.S.C. § 1448 and case law construing that statute.

In sum, if Plaintiff wants legal advice, he should consult an attorney, instead of repeatedly imposing on this Court to give him legal advice and requiring the Court (and the Responding Defendants) to spend time reviewing and responding to his requests. The Court should decline his requests for advisory rulings.

## II. The Court Should Deny Plaintiff's "Conditional" Severance Request Because Plaintiff Does Not Present Any Valid Basis For Severance And The Responding Defendants Oppose Severance.

This lawsuit arises out of a June 1, 2021 alleged purchase or attempted purchase ("June 1 Purchase") of a chemical product via Alibaba.com from a third-party seller located in China—Zichang New Materials (Shandong) Co. Ltd.—which is a named defendant in the Complaint (ECF No. 2). According to the Complaint, the product was not delivered. Another defendant named in

the Complaint is Alibaba.com Singapore E-Commerce Private Limited, which the receipt attached to the Complaint identifies as the "Operator" of the Alibaba.com marketplace. The Responding Defendants also are named in the Complaint.

Although the Responding Defendants have denied (and continue to deny) any liability arising out of the June 1 Purchase, the Responding Defendants do not contend that the claims alleged against them should be severed from the claims asserted against the other two defendants. To the contrary, the Responding Defendants acknowledge that, based on Rule 20(a)(2) of the Federal Rules of Civil Procedure, it was permissible—assuming solely for the sake of argument that Plaintiff has claims against them arising out of the June 1 Purchase—for him to join those claims with the claims asserted in the Complaint against the other defendants. The claims alleged against the Responding Defendants satisfy Rule 20(a)(2) because they "aris[e] out of the same transaction [the June 1 Purchase]" at issue in the claims alleged against the other defendants and common questions of law or fact will arise in this lawsuit, so the Responding Defendants oppose severance here.

Plaintiff was the master of his Complaint when he selected which defendants to sue; he named four defendants. He should not now be allowed to reverse course and seek severance—whether outright or by a "conditional" request for severance. The claims and defendant are not misjoined in this lawsuit within the meaning of Rule 21 of the Federal Rules of Civil Procedure, and Plaintiffs' motion papers do not present a valid basis for severance. In fact, Plaintiff undercuts any argument for severance by acknowledging that this lawsuit involves a "common transaction [referring to the June 1 Purchase] and overlapping allegations," Plaintiff's Brief at 2. Plaintiff already has three related, overlapping lawsuits pending in this Court arising out of the June 1 Purchase. Using severance to create a fourth lawsuit would unnecessarily complicate the litigation

involving the June 1 Purchase and would fail to "secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1.

This Court is not required to do Plaintiff's work regarding this severance issue. Plaintiff does not—and cannot—present a valid severance argument, and the Responding Defendants oppose severance, so the Court should reject Plaintiff's "conditional" request for severance.

## III. The Court Should Reject Plaintiff's Remand Arguments Because They Are Based On A Misleading Discussion Of What Happened In State Court; They Do Not Undermine The Notice-Of-Removal Showing Regarding The Jurisdictional Amount In Controversy; And They Fail To Satisfy Plaintiff's Remand Burden.

Plaintiff's First Motion was filed on October 20, 2026, and Plaintiff's Second Motion was filed on November 2, 2026, so both motions were filed more than 30 days after the Notice of Removal was filed (on August 13, 2026). Therefore, Plaintiff has waived the right to seek remand based on any argument asserting a non-jurisdictional defect in the manner in which this lawsuit was removed to this Court. *See* 28 U.S.C. § 1447(c) (stating that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").

Plaintiff's First Motion, which makes a wishy-washy "conditional" request for remand, fails to establish any jurisdictional defect requiring remand. In other words, that motion fails to rebut the showing in the Notice of Removal that this Court has subject matter jurisdiction based on diversity of citizenship.

Although Plaintiff's Second Motion unequivocally seeks remand, the sole remand argument asserted in that motion—an alleged failure to satisfy the amount-in-controversy requirement in 28 U.S.C § 1332(a)—lacks merit. That argument: (a) is based on Plaintiff's misleading discussion of what happened in state court before the Notice of Removal was filed; (b) does not undermine the notice-of-removal showing regarding the jurisdictional amount in

controversy; and (c) fails to satisfy Plaintiff's burden of establishing to a legal certainty that this lawsuit is for less than $75,000 (exclusive of interest and costs) by establishing that it is legally impossible for Plaintiff to recover damages in excess of that jurisdictional minimum.

***First***, Plaintiff asserts that the "amendment question is essential," Plaintiff's Second Brief at 3, and tries to muddy the waters by repeatedly stating and/or implying that he filed an amended complaint in state court before this lawsuit was removed to this Court,[3] but the Court should not be fooled by Plaintiff's misleading statements and arguments. The operative Complaint is the pleading that Plaintiff filed to commence this lawsuit (ECF No. 2) before the Notice of Removal was filed. There is no other amended complaint for this lawsuit. Plaintiff did ***not*** file an amended complaint for this lawsuit before it was removed to this Court. If he had filed such an amended complaint in state court, he would have submitted it to this Court by now and would have asserted that the notice-of-removal papers failed to include an important part of the state court record, but he has not done so. Although Plaintiff filed a pre-removal motion on June 22, 2026 that addressed potential amendments and other issues—"Plaintiff's Motion for Leave to Amend Complaint, Remove Case from Small Claims Division, and Transfer Case to Circuit Court" (Notice of Removal, Exhibit 1)—he did not file an amended (or proposed amended) complaint for this lawsuit as an exhibit or attachment to that motion. An order issued on July 16, 2026 (ECF No. 1, at page 10) granted one aspect of that motion. Without addressing the amendment issue, that order

[3] For example, Plaintiff states that "amended-complaint materials were filed in the small-claims proceeding" and that "[h]is June 22, 2026 motion sought leave to amend to request $75,000 and described an accompanying or submitted First Amended Complaint as proposed." Plaintiff's Second Motion ¶ 4. Plaintiff also discusses the need to "resolve the disputed status of the original and amended pleadings," Plaintiff's Second Motion ¶ 6; and "acknowledges the amended-complaint filing history rather than asserting that no amendment was ever submitted," Plaintiff's Second Brief at 1. As shown in the text below, those assertions are half-truths in part and false in part. If the Court is concerned that Plaintiff may have made one or more false statements to mislead the Court, the Court can issue an order for Plaintiff to show cause why he should not be sanctioned.

transferred this lawsuit to the Pulaski County Circuit Court. As a result of that order, this lawsuit was transferred from a state court with a jurisdictional-damages limit to a state court without a jurisdictional-damages limit. Thus, when Plaintiff made his $3,000,000 settlement demand in his August 6, 2026 email and when the Notice of Removal subsequently was filed, this lawsuit was pending in a state court that did not impose a dollar-amount limit on damages available to Plaintiff.

Plaintiff cites Rule 15(a) of the Arkansas Rules of Civil Procedure and asserts (correctly) that the rule generally permits a plaintiff to file an amended complaint without advance leave,[4] but that argument is misleading because Plaintiff ***did not*** file an amended complaint. Arkansas Rule 15(a) would have allowed him to file an amended complaint without seeking prior leave, but he did not do so. Thus, Plaintiff's effort to rely on Arkansas Rule 15(a) misses the mark.

***Second***, the Notice of Removal satisfied the burden of proving the requisite jurisdictional amount-in-controversy "by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (quotation marks omitted); *accord* Plaintiff's First Brief at 3 (citing *Bell*, 557 F.3d at 956). That "standard applies regardless of whether the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *Bell*, 557 F.3d at 956 (quotation marks omitted). The Notice of Removal relied on an email (and included it as an exhibit (ECF No. 1-3, at pages 18-20) in which Plaintiff made a $3,000,000 demand to settle this lawsuit. The Eighth Circuit has "acknowledged that a settlement letter or similar correspondence from the plaintiff to the defendant" can be "other paper" that can make a lawsuit removable within the meaning of 28 U.S.C. § 1446(b)(3). *Gibson v. Clean Harbors Environmental Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016). Moreover, courts repeatedly have held that a plaintiff's settlement demand can establish that the amount-in-controversy exceeds the jurisdictional amount required for diversity

---

[4] Unlike its federal counterpart, Arkansas Rule 15(a) allows, with certain exceptions not relevant here, a party to "amend his pleadings at any time without leave of the court."

jurisdiction. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816-17 (7th Cir. 2006) (rejecting plaintiff's argument that district court erred when denying remand motion based on amount stated in plaintiff's settlement demand); *Recovery Mgmt. Corp. v. Commerce and Industry Ins. Co.*, No. 13-00998-CV-W-GAF, 2013 WL 12142589, at *3 (W.D. Mo. Dec. 11, 2013) (stating that "settlement proposals can be considered" when determining the jurisdictional amount in controversy and denying plaintiff's remand motion); *Ray v. American Airlines, Inc.*, No. 08-5025, 2008 WL 3992644, at *5 (W.D. Ark. Aug. 22, 2008) (denying remand motion based on amount stated in plaintiff's settlement demand letter and concluding that "a settlement letter can be considered for the limited purpose of determining the amount in controversy for jurisdictional purposes"); *LaPree v. Prudential Financial*, 385 F. Supp. 2d 839, 849-50 (S.D. Iowa 2005) (stating that plaintiff "risked removal" when sending settlement demand letters to defendant; holding that plaintiff's settlement demand letters "provided the necessary affirmative proof that the jurisdictional amount was satisfied"); *Dozier v. Kentucky Finance Co.*, 319 F. Supp. 2d 716, 718 (S.D. Miss. 2003) (stating that a settlement demand letter can make "a case removable where the settlement request demands an amount over the jurisdictional minimum" (citing *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761 (5th Cir. 2000))). As the *Addo* court explained, using a settlement demand letter to satisfy the amount-in-controversy requirement "is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit," and that "holding discourages disingenuous pleading by plaintiffs in state court to avoid removal." *Addo,* 230 F.3d at 762. This Court should not be persuaded by Plaintiff's disingenuous efforts to challenge the removal at issue here.

Plaintiff concedes that the August 6, 2026 settlement demand email that was attached as an exhibit to the Notice of Removal "is substantial evidence supporting the removing defendants' position." Plaintiff's Second Brief at 4. He does not deny that he sent that email and does not otherwise disavow it. Plaintiff also states that he "does not seek to reduce the [$3,000,000] amount after removal to defeat jurisdiction." Plaintiff's First Motion at 2. He also does not contend that the email stated a settlement demand for a different lawsuit or a global settlement of several lawsuits. *See id.* (admitting that Plaintiff does not represent that his settlement demand email "concerned another lawsuit or a global settlement"). Indeed, Plaintiff admits that he "does not assert that a settlement demand is categorically irrelevant," Plaintiff's First Brief at 2, and "[h]e does not represent … that settlement correspondence is a categorically unavailable as jurisdictional evidence," Plaintiff's Second Motion ¶ 5.

Thus, the Court should hold that the notice-of-removal papers satisfy the burden of proving that this lawsuit satisfies the jurisdictional amount-in-controversy requirement.

***Third***, Plaintiff does not—and cannot—satisfy his burden of "establish[ing] to a legal certainty that the claim is for less than the requisite amount [$75,000 (exclusive of interest and costs)]," *Bell*, 557 F.3d at 956, by "establish[ing] that it is legally impossible [for him] to recover in excess of the jurisdictional minimum," *id.* at 959. "Even if it is highly improbable that the Plaintiff[] will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (quotation marks omitted).[5]

[5] When a removing defendant has satisfied its burden regarding the amount in controversy, the burden shifts to the plaintiff who filed the remand motion to satisfy the burden set forth above. *See, e.g.*, *Bell*, 557 F.3d at 956, 959.

Plaintiff's motion papers do not even come close to overcoming that very high bar. Plaintiff presents no evidence or argument to prove, to a legal certainty, that this lawsuit is for less than $75,000 (exclusive of interest and costs) by establishing that it is legally impossible for him to recover damages in excess of that jurisdictional minimum. Plaintiff cites Ark. Code Ann. § 16-63-221, *see* Plaintiff's Second Motion ¶ 3; Plaintiff's Second Brief at 2-3, but his reliance on that statute is misplaced. That statute applies to Arkansas courts—namely, an Arkansas "circuit or district court," Section 16-63-221(a). Plaintiff does not cite any case (or any other authority) to establish that this ***state*** procedural statute can be construed to determine whether a ***federal*** court has subject matter jurisdiction based on diversity of citizenship over a lawsuit that satisfies the ***federal*** statutory amount-in-controversy requirement. It is not even clear whether Plaintiff is making that argument, but, if he is, the Court should not accept such a drastic limitation on the subject matter jurisdiction conferred by Congress.

Moreover, Rule 54(c) of the Arkansas Rules of Civil Procedure allows a plaintiff (except in a default judgment cases) to recover a "final judgment" that grants him the relief to which he is entitled, "even if [he] has not demanded such relief in his pleadings." Plaintiff acknowledges Rule 54(c). *See* Plaintiff's Second Brief at 3. After this lawsuit was transferred to the Pulaski County Circuit Court, there was nothing that, as a matter of law, would have prohibited Plaintiff from recovering damages in this lawsuit in excess of any pleaded damages demand. In other words, Rule 54(c) precludes Plaintiff from establishing to a legal certainty that this lawsuit is for less than $75,000 (exclusive of interest and costs) by showing that it is legally impossible for him to recover damages in excess of that jurisdictional minimum.

Congress enacted a statutory provision that applies to this scenario. A notice of removal is allowed to "assert the amount in controversy if the initial pleading seeks … a money judgment,

but the State practice … permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). That is what the Notice of Removal did, and Plaintiff's motion papers fail to establish any defect in that approach.

## CONCLUSION

Plaintiff could have filed a binding stipulation in state court that he would not seek damages greater than $75,000 (exclusive of interest and costs), and that stipulation would have prevented this lawsuit from being removed to this Court, *see, e.g.*, *Bell*, 557 F.3d at 958, but he did not do so—and it is too late for him to do that now, *id*. Instead of capping his damages by stipulation, he is trying to pull a fast one, by seeking remand based on the amount-in-controversy issue but also trying to preserve his ability to seek much more than $75,000 in damages if the Court remands this lawsuit to state court. The Court should not let Plaintiff get away with that cynical strategy.

For the foregoing reasons, the Court should deny Plaintiff's First Motion and Plaintiff's Second Motion.

Dated: November 3, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR  72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)

1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp.*