**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRADLEY BURCHFIELD PLAINTIFF

v. 4:26-cv-00827-DPM-JJV

ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.* DEFENDANTS

**ORDER**

The Court makes the following rulings on the pending motions.

1. Plaintiff Bradley Burchfield's Motion for 240 Days to Complete Foreign Service and Limited Deferral of Dismissal Rulings (Doc. No. 31) is GRANTED IN PART and DENIED IN PART. He requests 240 days from the date of this Order to serve two foreign Defendants: Alibaba.com Singapore E-Commerce Private Limited and Zichang New Materials Shandong Co. Ltd. (*Id*. at 1.) Because the Complaint has already been pending in this Court for more than 90 days, and was pending in state court for two months prior to that, the Court will allow Mr. Burchfield an additional 120 days from the date of this Order to effect service. All other relief requested in this Motion is denied.

Mr. Burchfield's Supplemental Motion to Correct the Zichang Defendant Identification and Service Addresses and to Reissue Summons (Doc. No. 64) is DENIED at this time because it is unclear what relief he is seeking. Mr. Burchfield may seek leave to amend if and when he has finally determined the correct identities of all entities he wishes to include in this lawsuit. And he may present amended summonses under Federal Rule of Civil Procedure 4(a)(2) as needed. Otherwise, he need not file updates on his efforts to identify defendants or effect service.

2. Mr. Burchfield's Application for Clerk's Entry of Default Against Alibaba Group Holding Limited and Alternative Request for a Service Determination (Doc. No. 34) is DENIED

as moot, as the Clerk has already entered a denial of the request for entry of default. (Doc. No. 40). Mr. Burchfield's Motion for Corrective Service on AGHL through Counsel and Identification of the Operative Complaint or Leave to Amend (Doc. No. 41) is also DENIED. Defendant Alibaba Group Holding Limited ("AGHL") no longer contests service of process (Doc. No. 56 at 1), so an alternative means of service is not necessary. Additionally, as is clear from the docket, the only operative Complaint in this action is the one at Doc. No. 2.

3. Mr. Burchfield's Motion for a Ruling on the Pending Answer Objection for Clarification of the Role of Harold Gong and for Priority Consideration (Doc. No. 37) is DENIED. This Motion refers to matters that arose while the case was pending in Pulaski County District Court (specifically, small claims court). None of the issues Mr. Burchfield brings up is a pending matter before this Court.

Mr. Burchfield's Motion for Leave to File a Reply in support of Doc. No. 37 (Doc. No. 52) is DENIED. His Motion for Order to Request to Docket Omitted Proposed Reply (Doc. No. 67) is DENIED as moot.

4. Mr. Burchfield's Motion to Clarify Scope of Removal and Subject Matter Jurisdiction with Conditional Request for Severance and Remand (Doc. No. 44) is DENIED. It is unclear what relief Mr. Burchfield is seeking, but if he needs clarification as to which claims and parties are included in this lawsuit, he should consult the docket.

Mr. Burchfield's Renewed Motion to Remand and Supplement to Pending Jurisdiction Motion (Doc. No. 58) is DENIED. Mr. Burchfield acknowledges his prior demand of $3 million to settle this case. (*Id*. at 2, Doc. No. 1-3 at 18.) This was sufficient to establish the jurisdictional amount-in-controversy requirement, and nothing in Mr. Burchfield's Motion disputes that.

Mr. Burchfield's Motion for Leave to File a Reply in support of Doc. Nos. 44 and 58 (Doc. No. 61) is DENIED.

5. Mr. Burchfield's Request to Issue or Reissue Federal Summonses and for Clarification of the Pleading to be Served (Doc. No. 46) is DENIED as moot, as the summonses have since been issued. And as previously stated, the only operative Complaint in this action is the one at Doc. No. 2.

6. Defendant AGHL's Motion for Leave to File Reply in Support of Motion to Dismiss (Doc. No. 68) is GRANTED. The Clerk shall file the proposed Reply in Support of Motion to Dismiss. (Doc. No. 68-1.)

Mr. Burchfield's Alternative Motion for Leave to File a Limited Sur-Reply (Doc. No. 69) is DENIED.

7. Finally, the Court is working diligently to make findings and recommendations on Defendants' substantive Motions to Dismiss in this case and in Mr. Burchfield's two related actions – which are necessary hurdles for Mr. Burchfield to overcome before his cases can continue. Mr. Burchfield is reminded that the filing of unnecessary motions will only further delay that process.

IT IS SO ORDERED this 18th day of November 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE