**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| BRADLEY BURCHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED, *et al.*,<br><br>Defendants. | No. 4:26-cv-00827-DPM-JJV |

**DEFENDANT ALIBABA GROUP HOLDING**
**LIMITED'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Alibaba Group Holding Limited ("AGHL") files this reply in further support of AGHL's Motion to Dismiss ("Motion to Dismiss") (ECF No. 47) and in response to Plaintiff's Response in Opposition ("Opposition") (ECF No. 50) and Plaintiff's Brief in Support of Opposition ("Opposition Brief") (ECF No. 51) (collectively, "Opposition Papers").

## PRELIMINARY STATEMENT

The Opposition Papers fail to undermine the arguments set forth in the Brief in Support of AGHL's Motion to Dismiss ("MTD Brief") (ECF No. 48). As discussed below, Plaintiff makes concessions that support dismissal; grasps at straws in a futile effort to conjure up factual disputes that do not exist and do not provide any basis for personal-jurisdiction discovery; and erroneously invokes Rule 17(a)(3) of the Federal Rules of Civil Procedure.[1]

[1] In addition, Plaintiff renews his request that the Court remand this lawsuit to state court, Opposition ¶ 1, but that request lacks merit. He has filed two remand motions, which AGHL opposed, *see* Combined Opposition to Plaintiff's Two Motions Regarding Remand (ECF No. 60).

Asserting this frivolous breach-of-contract claim against AGHL is part of Plaintiff's years-long harassment campaign against companies allegedly associated with the Alibaba.com Platform, and nothing in the Opposition Papers refutes that assessment. The Court should stop that harassment and grant the Motion to Dismiss.

## ARGUMENT

### I. Plaintiff Has No Persuasive Response To AGHL's Lack-Of-Personal-Jurisdiction Arguments, Which Are Supported By A Detailed Declaration Setting Forth The Relevant Facts.

As this Court stated when discussing a motion to dismiss in Plaintiff's related lawsuit, that motion presents a lack-of-personal-jurisdiction argument that "is supported by detailed Declarations setting forth the relevant facts." August 21, 2026 Order at 1 (No. 4:26-cv-00611-DPM-JJV, ECF No. 64). Likewise, AGHL's lack-of-personal-jurisdiction argument here is supported by a detailed declaration that sets forth the relevant facts. *See* Declaration of Jieyun Li Regarding Alibaba Group Holding Limited ("Li AGHL Declaration") (ECF No. 48-1).

The Opposition Papers do not present any persuasive responses to AGHL's lack-of-personal-jurisdiction arguments and fail to satisfy Plaintiff's burden of establishing that this Court has personal jurisdiction over AGHL in this lawsuit.

***First***, when presenting his personal jurisdiction arguments, Plaintiff completely ignores the "transnational context of this dispute," but that "bears attention," *Daimler AG v. Bauman*, 571 U.S. 117, 140 (2014). It is undisputed that AGHL is a foreign company; it is incorporated under the laws of, and has its principal place of business in, other countries. Thus, in accordance with *Daimler*, this Court should take "international comity" and "[c]onsiderations of international rapport," *id.* at 141-42, into account when deciding whether to accept Plaintiff's unduly broad arguments regarding personal jurisdiction as to AGHL.

***Second***, Plaintiff does not even try to rebut the showing made in the MTD Brief that this Court does not have general jurisdiction over AGHL in this lawsuit. He does not—and cannot—contend that AGHL is "at home" in Arkansas within the meaning of *Daimler*, 571 U.S. at 137, so this Court does not have general personal jurisdiction over AGHL.

***Third***, the Opposition Papers also fail to satisfy Plaintiff's burden of establishing that this Court has specific personal jurisdiction over AGHL in this lawsuit. The due process inquiry to determine whether a court can assert specific personal jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quotation marks omitted), so "the defendant's suit-related conduct must create a substantial connection with the forum State," *id*. at 284. However, the Opposition Brief's discussion of personal jurisdiction (pages 11-12) ignores those binding Supreme Court pronouncements. Moreover, by focusing on other defendants' alleged conduct and alleged contacts with Arkansas, *see* Opposition Brief at 11, Plaintiff also ignores that the relationship among the defendant, the forum, and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in original; quotation marks omitted). It "is the defendant, not the plaintiff or third parties, who must create contacts with the forum State," *id*. at 291, but Plaintiff presents nothing to establish that AGHL (as opposed to another defendant) created ***any*** contacts with Arkansas—let alone the kind of contacts that satisfy the applicable legal standards, *see id*. at 286 (stating that a defendant's "random, fortuitous, or attenuated contacts" or "the unilateral activity of a plaintiff" do not suffice to give a court specific personal jurisdiction (quotation marks omitted)); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (holding that defendant's contacts with the forum State—"scattered e-mails, phone calls, and a wire-transfer of money" to plaintiff in the

forum State—were "the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal jurisdiction"). Thus, ***Plaintiff's*** decision to cause his company (Burchfield Sales and Consulting LLC ("BSAC LLC")) to enter into a purchase-sale transaction (via the Internet) with a seller located in China, Defendant Zichang New Materials (Shandong) Co. Ltd. ("Zichang"), does not satisfy Plaintiff's burden of establishing that ***AGHL*** created sufficient contacts with Arkansas to give this Court specific personal jurisdiction over AGHL in this lawsuit.

Indeed, after discussing certain alleged Arkansas contacts, Plaintiff essentially concedes that he has not satisfied his specific-personal-jurisdiction burden as to AGHL: "The Arkansas delivery terms identify a concrete forum connection for an entity that undertook the transaction [at issue in this lawsuit]; Plaintiff must still establish why that conduct is attributable to the particular defendant [AGHL] against which jurisdiction is sought." Opposition Brief at 11. That is where the rubber meets the road. Plaintiff fails to present anything to tie AGHL to that alleged conduct or any alleged Arkansas contacts. For example, Plaintiff focuses on Harold Gong, *see* Opposition Brief at 11-12, but that argument is a red herring. Plaintiff uses a vague term—the "U.S. company," *id*. at 12—without making it clear: (a) that the U.S. company at issue in his argument is Defendant Alibaba.com US E-Commerce Corp.—***not*** AGHL; and (b) that his "contention that the U.S. company acts for Singapore [*i.e.*, Defendant Alibaba.com Singapore E-Commerce Private Limited ("Alibaba Singapore")] should be tested against the actual authority and functions involved," *id*., involves two companies—neither of which is AGHL. Moreover, by discussing Mr. Gong's role with respect to those two companies, Plaintiff ignores the evidence presented in the Li AGHL Declaration that Mr. Gong is not an AGHL employee. *See* Li AGHL Declaration ¶ 12 ("AGHL does not have any employees in the State of Arkansas, in the United States of America, or anywhere else in the world.") (ECF No. 48-1). Plaintiff also states that Mr. Gong's "cross-entity

role does not by itself contradict ***every assertion*** in Li's declaration, establish an alter ego, or prove that AGHL directed the Arkansas transaction." Opposition Brief at 12 (emphasis added).[2] To be more precise, Plaintiff's assertions about Mr. Gong's role do not contradict ***any assertions*** in the detailed Li AGHL Declaration; Plaintiff does not identify any contradictions. In sum, his unsupported speculation about Mr. Gong does not provide a valid basis for the Court to reject AGHL's lack-of-personal-jurisdiction argument.

Likewise, Plaintiff's unsupported speculation about AGHL's role vis-à-vis Alibaba Singapore and/or Alibaba.com US E-Commerce Corp. (what Plaintiff calls the "U.S. company") fails to provide a valid basis for the Court to reject AGHL's lack-of-personal-jurisdiction argument. In mealy-mouthed language that is a sign of "AI slop" created by a generative artificial intelligence model, the Opposition Brief (page 11) refers to a parent-subsidiary issue but, in the same breath, admits that: (a) a subsidiary's forum contacts are not attributed to a parent company "merely because of ownership"; and (b) AGHL's status as a holding company "is not alone sufficient to establish Arkansas [personal] jurisdiction." Moreover, as discussed above in the preceding paragraph, Plaintiff alludes obliquely to the alter ego doctrine and whether AGHL directed the transaction at issue in this lawsuit, but he does not present anything other than speculation about those issues. That speculation not only is unsupported but also is directly contrary to the evidence presented by the detailed Li AGHL Declaration: "AGHL is a separate legal entity from all of its subsidiaries," and "AGHL maintains its own books and records separate from those of any subsidiary." Li AGHL Declaration ¶ 6. Plaintiff's speculation is also contrary to other important evidence. AGHL: (a) "does not exercise day-to-day control over Alibaba Singapore or any other

[2] Plaintiff calls the transaction at issue in this lawsuit "the Arkansas transaction," but that is misleading. It could just as easily be called "the China transaction" because that is where the seller (Zichang) was located or "the Internet transaction" because the seller and the buyer (BSAC LLC) entered into that transaction via the Internet.

AGHL subsidiaries," *id.* ¶ 8; (b) "does not own, operate, or control the Alibaba.com Platform," *id.* ¶ 9; and (c) "does not exercise any control over any products listed for sale, or actually sold, by third-party sellers on the Alibaba.com Platform.," *id.* The declaration also directly refutes Plaintiff's unsupported speculation that AGHL may have directed the transaction at issue here. *See id.* ¶ 8 (identifying the company that owns and operates the Alibaba.com Platform), ¶ 13 ("AGHL did not participate in or supervise any transaction where Plaintiff Bradley Burchfield (or his company) allegedly bought or tried to buy a product on the Alibaba.com Platform from a third-party seller called Zichang …."); *see also id.* ¶¶ 9, 14-22 (discussing in detail numerous ways in which AGHL had no connection to, or involvement with, the transaction at issue in this lawsuit).

Although Plaintiff makes a last-ditch request for personal jurisdiction discovery, *see* Opposition Brief at 12, the Court should reject that request because it is based entirely on speculation and/or conclusory assertions. Plaintiff acknowledges that the Eighth Circuit's *Viasystems* case allows the Court to deny "speculative jurisdictional discovery." *Id.* (citing *Viasystems*, 646 F.3d at 598). More precisely, the Eighth Circuit affirmed a district court's denial of a plaintiff's motion for jurisdictional discovery, stating that the plaintiff's "assertion that jurisdictional discovery 'would likely' reveal these facts is entirely speculative," *Viasystems*, 646 F.3d at 598, and that, when "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery," *id.* (quotation marks omitted). That describes what Plaintiff has done here. His request for jurisdictional discovery is based on only speculation or conclusory assertions, so the Court should not let him use jurisdictional discovery to continue his harassment campaign and delay the dismissal of AGHL from this lawsuit.

## II. Plaintiff's Arguments Regarding Preclusion Principles Are Unavailing.

As established by the MTD Brief, Plaintiff had full and fair opportunities to litigate his claims involving the same Alibaba.com Platform transaction at issue here against various Alibaba defendants in his prior dismissed lawsuits, so the Court should dismiss AGHL from this lawsuit based on preclusion principles (claim preclusion and/or issue preclusion).[3]

In response, Plaintiff tries to muddy the waters, see Opposition Brief at 6-11, but fails to present a meritorious argument to avoid preclusion. It does not matter whether AGHL was a named defendant in those prior lawsuits because the same plaintiff who filed them is pursuing this lawsuit arising out of the same Alibaba.com Platform transaction that was at issue in those lawsuits. The key question for determining the preclusive impact of a prior lawsuit on a subsequent lawsuit is not whether the prior lawsuit and the current lawsuit allege exactly the same claims against exactly the same line-up of defendants. What matters is "whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate" and whether the subsequent lawsuit would "relitigat[e] issues that were or ***could have been raised*** in [the prior lawsuit]." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (emphasis added).

Based on those principles, AGHL must be dismissed from this lawsuit because the claim asserted against AGHL arises out of the same nucleus of operative fact or is based on the same factual predicate as the claims alleged in Plaintiff's prior lawsuits—namely, the June 1, 2021 Alibaba.com Platform transaction involving the chemical product sold by the third-party seller Zichang—so this lawsuit relitigates issues that Plaintiff did raise, or could have raised, in those

[3] The Supreme Court used the term "res judicata doctrines" to refer collectively to claim preclusion and issue preclusion. *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013) ("Res judicata incorporates the concepts of both issue preclusion and claim preclusion."). AGHL invokes both preclusion doctrines.

prior lawsuits. In *Elbert*, the Eighth Circuit held that "[t]here is no good reason why [plaintiff] should have a second chance to add these claims and defendants" and went on to explain that "[a]ll of his claims arise out of the same police raid"; that plaintiff "could have brought the new claims against [the defendant] in the first action and failed to do so"; and that plaintiff "could have joined the other police officers as defendants in the first action but failed to do so in a timely manner." *Elbert*, 903 F.3d at 784. After all, any "other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in [his] first action." *Id.* (alterations in original; quotation marks omitted). Likewise, this lawsuit arises out of the same June 1, 2021 Alibaba.com Platform transaction that was at issue in Plaintiff's prior lawsuits, and it does not matter whether AGHL was named in all of those prior lawsuits because Plaintiff could have named AGHL as a defendant. His prior lawsuits gave him "a full and fair opportunity to litigate," *Montana v. United States*, 440 U.S. 147, 153 (1979); *Elbert*, 903 F.3d at 784 (quotation marks omitted), any claims allegedly arising out of that June 1, 2021 transaction, so he is not allowed to use this lawsuit to relitigate claims that were, or could have been, asserted in those prior lawsuits. Or, as the Eighth Circuit put it, the "question here is not whether [plaintiff] is entitled to the time-honored tradition of 'his own day in court,' but whether he gets 'a second bite at the apple.'" *Elbert*, 903 F.3d at 784 (citations omitted). Of course, the situation here is even worse than the situation addressed in *Elbert*, because Plaintiff already had three bites at the apple. The Court should not allow him to take a fourth bite.

## III. The Opposition Papers Fail To Undermine The Conclusion That Plaintiff's Breach-Of-Contract Claim Was Filed Too Late As To AGHL.

Plaintiff makes certain concessions that further reinforce the conclusion that AGHL should be dismissed because the claim asserted against AGHL is untimely. He admits that this is a breach-of-contract lawsuit and that it "**was filed on the fifth anniversary of the order**" for the product

that was sold in the transaction at issue in this lawsuit. Opposition Brief at 3. Plaintiff also concedes that: (a) "the receipt and contract name Burchfield Sales and Consulting LLC [BSAC LLC] as buyer, and neither identifies AGHL as seller"; (b) his "name in the delivery information does not alone establish that he owns the LLC's contract claim"; and (c) "AGHL's ownership of platform subsidiaries itself" does not "create a guarantee of their obligations." Opposition Brief at 14.

Plaintiff contends that this lawsuit is timely as to AGHL because he filed it within the five-year limitations period that applies to a lawsuit for breach of a written contract, Opposition Brief at 3 (citing Ark. Code Ann. § 16-56-111(a)), but the concessions discussed in the preceding paragraph demolish that argument and establish that AGHL should be dismissed because this lawsuit is untimely as to AGHL. Plaintiff's concessions show that, although the transaction at issue here was based on a contract, it was ***not*** a contract between Plaintiff and AGHL because BSAC LLC (not Plaintiff) was the buyer and AGHL was not the seller. The mere fact that a different buyer and a different seller entered into a contract does not mean that this claim against AGHL involves a breach of a written contract between Plaintiff and AGHL. Plaintiff does not—and cannot—present to the Court any written contract involving Plaintiff and AGHL as parties to the contract. Such a contract was not filed as an exhibit to the Complaint, and nothing that Plaintiff has filed in this lawsuit (or in his related lawsuits that are also pending in this Court) includes such a contract. Therefore, the five-year limitations period set forth in Section 16-56-111(a) does not apply to the claim asserted here against AGHL.

Instead, given the lack of a written contract between Plaintiff and AGHL, the claim asserted against AGHL is governed by a three-year limitations period that applies to an action "founded upon any contract, obligation, or liability not under seal and not in writing," Ark. Code Ann. § 16-56-105(1), or an action "founded on any contract or liability, expressed or implied," Ark. Code

Ann. § 16-56-105(3); *see Pounders v. Reif*, 2009 Ark. 581, at *3 (2009) (applying three-year statute of limitations because "there was not a written contractual agreement that would bring [Plaintiff's] claim under the five-year statute of limitations"). It is undisputed that Plaintiff filed this lawsuit more than three years after the alleged injury occurred, so AGHL should be dismissed.

In the alternative, if the contract at issue here is deemed to be a contract for sale of goods under the Uniform Commercial Code, then the breach-of-contract claim asserted against AGHL nevertheless would be time-barred because it would be governed by the four-year limitations period set forth in Ark. Code Ann. § 4-2-725. *See Church on the Rock – Texarkana v. Ace Signs of Arkansas, LLC*, 2025 Ark. App. 35, 706 S.W.3d 734 (affirming trial court's ruling applying Section 4-2-725 four-year limitations period). It is undisputed that this lawsuit was filed more than four years after the cause of action accrued.

In sum, regardless of whether the claim asserted against AGHL is governed by a three-year or a four-year limitations period, it is time-barred.

## IV. Plaintiff's Cursory Efforts To Defend The Merits Of The Breach-Of-Contract Claim Miss The Mark.

The same concessions by Plaintiff discussed above, *see supra* page 9 (quoting and citing Opposition Brief at 14) reinforce the arguments presented in the MTD Brief that the Court should dismiss AGHL from this lawsuit because Plaintiff was not the buyer and AGHL was not the seller. Plaintiff's cursory efforts to defend the merits of the breach-of-contract claim miss the mark.

***First***, Plaintiff's reliance on Rule 17(a)(3) of the Federal Rules of Civil Procedure is misplaced because naming himself (instead of his company, BSAC LLC) as the plaintiff was a deliberate litigation strategy by Plaintiff—not a mistake due to a difficult determination regarding the proper plaintiff for this lawsuit. On this record, the Court should not allow Plaintiff to take advantage of Rule 17(a)(3) because he did not mistakenly name himself (instead of BSAC LLC)

as the plaintiff in this lawsuit but rather engaged in deliberate tactical maneuvering in an effort to prosecute this lawsuit as a *pro se* plaintiff and avoid the need to have an attorney represent BSAC LLC. Rule 17(a)(3) does not allow a plaintiff to resort to such procedural gamesmanship and then, when the defendant objects, use that rule to request more time to reconfigure his lawsuit. Although that rule, when "[r]ead literally, … would appear to require that a party *always* be given a reasonable time to substitute the real party in interest where objection has been made[,] … [s]uch a literal reading … would countenance conduct in violation of the spirit of the Rules …." *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004) (emphasis in original); *see Sisson v. Patel*, No. 20-05101-CV-SW-BP, 2021 WL 9958730, at *2 (W.D. Mo. Mar. 8, 2021) (quoting Advisory Committee Notes to Rule 17; also stating that "it has been held that[,] when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed" (quotation marks omitted)). Thus, "'[m]ost courts have interpreted this sentence [in Rule 17(a)(3)] as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult.'" *Taylor v. Comcast Cablevision of Arkansas, Inc.*, 252 F. Supp. 2d 793, 795 (E.D. Ark. 2003) (quoting *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001)); *see Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418 (8th Cir. 1967) (Rule 17 "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made" (quotation marks omitted)); *Anderson v. Bristol, Inc.*, 847 F. Supp. 2d 1128, 1135 (S.D. Iowa 2012) (quoting *Crowder*, 387 F.2d at 418, with approval).

When deciding whether to dismiss a lawsuit or allow substitution of the real party in interest, a court "should consider whether the plaintiff engaged in deliberate tactical maneuvering

(i.e. whether his mistake was honest)." *Suda v. Weiler Corp.*, 250 F.R.D. 437, 440 (D.N.D. 2008) (quotation marks omitted). Here, naming himself instead of BSAC LLC as the plaintiff was Plaintiff's intentional decision, not a mistake. Plaintiff does not claim that it was a mistake.[4] For approximately five years before this lawsuit was filed, he knew that BSAC LLC was identified as the buyer for the transaction upon which this lawsuit is based. The issue discussed in this paragraph is not whether Plaintiff failed to name the correct "Alibaba" company as a ***defendant***; it is whether he mistakenly named the wrong plaintiff. He did name the wrong plaintiff, but it was not a mistake within the meaning of the Rule 17(a)(3) case law, so he is not entitled to the benefit of Rule 17(a)(3). *Compare Bell v. Mine Safety Appliances*, No. 1:13-cv-01075, 2015 WL 10939715, at *3 (W.D. Ark. Nov. 17, 2015) (rejecting plaintiffs' Rule 17(a)(3) argument and stating: "The determination of the real party in interest was not difficult for the Plaintiffs in this case; nor was there an understandable or excusable mistake in this regard.") *with Applied Risk Servs., Inc. v. Beemac Driver Mgmt., LLC*, No. 8:15CV110, 2016 WL 3033704, at *3 (D. Neb. May 26, 2016) (allowing the named plaintiff to file a Rule 17(a) motion to substitute to name a different plaintiff, provided that the named plaintiff "can show it made an honest or understandable mistake as to the identification of the real party in interest"); *Suda*, 250 F.R.D. at 441 (declining to dismiss lawsuit based on Rule 17(a) because "[t]here is no evidence that [plaintiff] engaged in deliberate tactical maneuvering when he brought this action in his own name based on his mistaken belief that his insurance policy had a deductible").[5]

---

[4] Now that AGHL has objected based on the lack of a proper plaintiff, Plaintiff may regret his tactical decision and may conclude that it was a mistake, but such hindsight-driven regret is not the kind of mistake that matters for purposes of the Rule 17(a)(3) case law discussed above.

[5] Plaintiff cannot invoke or disavow the limited liability company form whenever it suits him, depending on whether it hurts or helps his litigation position, because Plaintiff and BSAC LLC are separate and distinct. *See Thomason v. Randall*, No. 4:12-cv-4155, 2015 WL 247707, at *3 & n.1 (W.D. Ark. Jan. 20, 2015) (stating that "Arkansas has recognized the nearly universal rule that a corporation and its stockholders are separate and distinct" and that "Arkansas courts have applied the same rule to limited liability companies

***Second***, Plaintiff also has no persuasive response to the argument that AGHL was not a seller to the transaction upon which this lawsuit is based. Indeed, as discussed above, he has conceded that issue. Instead, he makes a vague request for an opportunity to identify "any enforceable undertaking or properly supported attribution theory against AGHL," Opposition Brief at 14, but the Court should reject that request. Plaintiff already had ample opportunity to do that. If he had a valid argument to support his decision to name AGHL as a defendant in this lawsuit, he could—and should—have presented that argument in the Opposition Brief, but he did not do so.[6] The Motion to Dismiss is ripe for a ruling; it should not be postponed based on Plaintiff's delaying tactic.

## CONCLUSION

For the reasons set forth above and in the MTD Brief, the Court should grant the Motion to Dismiss.

---

and their members" (citing cases)). BSAC LLC (not Plaintiff) was the buyer in the transaction at issue in this lawsuit; nothing that Plaintiff might allege in a potential amended complaint can change that key fact.

[6] Like a lawsuit filed in a federal district court that is required to comply with Rule 11 of the Federal Rules of Civil Procedure, a lawsuit filed in Arkansas state court is required to comply with Rule 11 of the Arkansas Rules of Civil Procedure, regardless of whether the lawsuit is filed by an attorney representing a plaintiff or by a *pro se* plaintiff. Thus, Plaintiff was required to conduct a reasonable pre-filing inquiry, Ark. R. Civ. P. 11(b), before he filed this lawsuit against AGHL, and the claim he asserted against AGHL was supposed to be based on "factual contentions [that] have evidentiary support," Ark. R. Civ. P. 11(b)(3), and "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law," Ark. R. Civ. P. 11(b)(2). In other words, Plaintiff should not need any time to identify "any enforceable undertaking or properly supported attribution theory against AGHL," Opposition Brief at 14; Rule 11 required him to do that ***before*** he filed this lawsuit against AGHL.

Dated: November 12, 2026

Respectfully submitted,

McDANIEL WOLFF PLLC

Bart W. Calhoun, No. 2011221
Brittany D. Webb, No. 2023139
Ginny Ashcraft, No. 2023232
1307 West 4th Street
Little Rock, AR 72201
(501) 954-8000
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
gashcraft@mcdanielwolff.com

and

BALANCE LAW FIRM

B. Robert Liu (NY Bar: 5697552)
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

*Attorneys for Defendants Alibaba Group Holding Limited and Alibaba.com US E-Commerce Corp.*